UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASHFAQ HUSSAIN SYED, SHELLY RENEE BRANCH, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed,<br><br>    Plaintiffs,<br><br>v.<br><br>FRONTIER AIR LINES, INC.; HALLMARK AVIATION SERVICES, L.P.<br><br>    Defendants. | Case No.   4:20-cv-407<br><br>Civil Action No. 19SL-CC02229-01<br>(Removal from: St. Louis County Circuit Court, Missouri) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant HALLMARK AVIATION SERVICES, L.P. ("Hallmark") hereby removes the above-captioned civil action in its entirety from the 21st Judicial Circuit Court, St. Louis County, Missouri, Case No. 19SL-CC02229-01, to the United States District Court for the Eastern District of Missouri, Eastern Division. In support of its Notice of Removal, which is based on diversity jurisdiction, Hallmark states:

**PROCEDURAL BACKGROUND**

1.   This civil action arises from an incident that occurred on July 15, 2018 during the

boarding of Frontier Flight 87 from St. Louis, Missouri to Las Vegas, Nevada at St. Louis Lambert International Airport.  On January 28, 2020, Plaintiffs Ashfaq Hussain Syed ("Syed"), Shelly Renee Branch ("Branch"), A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs"), filed a six-count Amended Complaint in the 21st Judicial Circuit Court, St. Louis County, Missouri against Hallmark and co-Defendant Frontier Air Lines, Inc. ("Frontier") alleging negligence, negligence *per se*, intentional tort, false imprisonment, and breach of contract claims ("State Court Action").  *See* Plaintiffs' Amended Complaint attached as Exhibit A.

2. In their Amended Complaint, Plaintiffs allege they were involuntarily removed from the aircraft and detained in the jetbridge.  (Exhibit A, ¶¶ 80-84.)  Plaintiffs allege that Hallmark and Frontier were negligent (Count I – "intentionally omitted"), negligent *per se* in violating the TICKETS Act of 2018, Pub. L. No. 115-254, § 425, 132 Stat. 3338 (Count II), negligent in the manner in which they removed Plaintiffs from the aircraft (Count III), committed an intentional tort when they removed Plaintiffs from the aircraft (Count IV) and falsely imprisoned Plaintiffs in the jetbridge (Count V).  (*Id.* at ¶¶ 151-179.)  Plaintiffs additionally allege that Frontier breached its contractual duty to transport Plaintiffs (Count VI).  (*Id.* at ¶¶ 180-186.)  Plaintiffs allege that the conduct of Defendants caused them to suffer compensatory damages in excess of $25,000.00, punitive damages and costs.

3. On February 19, 2020, Hallmark was served with a Summons and Plaintiffs' Amended Complaint in the State Court Action.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, a copy of all process, pleadings, orders and other documents currently on file in the state court (other than the Amended Complaint), including a copy of the state court's docket sheets, are submitted herewith.

4. Hallmark filed an Application to Transfer Judge in the State Court Action, which has not been adjudicated and remains pending. Hallmark has not responded to Plaintiffs' Amended Complaint in the State Court Action.

5. Upon information and belief, Frontier has been served with the Amended Complaint in this litigation and has appeared in the state court action. No other defendants have been sued or served in this litigation. Frontier consents to this removal.

## GROUNDS FOR REMOVAL

6. 28 U.S.C. § 1441(a) authorizes removal of any civil action brought in a state court of which the district courts of the United States have original jurisdiction. Original jurisdiction exists pursuant to 28 U.S.C. § 1332 where there is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are diverse, the amount in controversy exceeds $75,000.00, and no defendant is a citizen of the State of Missouri.

7. Complete diversity jurisdiction exists in that:

   a. At the time this action was commenced, Plaintiffs were, and still are, individuals and citizens of the State of Missouri. (Exhibit A at ¶ 2.)

   b. At the time this action was commenced, Defendant Hallmark was, and still is, a California limited partnership with its principal place of business in the State of California. Hallmark's sole General Partner, Swissport USA, Inc., was, and still is, a Delaware corporation with its principal place of business in the Commonwealth of Virginia ("Swissport"). Hallmark had, and still has, two Limited Partners, Swissport and Qantas Airways Limited, an Australian

3

    company with its principal place of business in the country of Australia.

  c. Frontier was, and still is, incorporated in Colorado with its principal place of business in Denver, Colorado. (Affidavit of Brian Maye ("Maye Aff.") at ¶ 5.)

  d. Since Plaintiffs, Frontier and Hallmark are citizens of different states, there is complete diversity among the parties.

8. While Hallmark does not concede that Plaintiffs are entitled to damages, the matter in controversy exceeds $75,000.00. Plaintiffs allege that the events of July 15, 2018 have caused them to suffer emotional distress damages, and to incur economic and non-economic damages. Plaintiffs also seek punitive damages, which "are included in determining the amount in controversy." *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

9. Furthermore, "the amount in controversy is measured by the value to the plaintiff of the right sought to be enforced." *Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 977 (8th Cir. 2016) (quoting *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011). Although Plaintiffs' Complaint does not state the amount in controversy, Plaintiffs clearly value their claims well in excess of the jurisdictional minimum, as evidenced by a settlement demand made to Frontier in the amount of $150,000.00. (Maye Aff. at ¶ 3.) This settlement demand is properly viewed as evidence of how Plaintiffs value their claims for purposes of federal jurisdiction. *See e.g., Carlyon v. Counts,* No. 4:16 CV 776 CDP, 2016 WL 3753704, at *1 (E.D. Mo. July 14, 2016) (E.D. Mo. Chief Judge Catherine Perry denied a plaintiff's motion to remand in large part based on plaintiff's $100,000.00 settlement demand). Moreover, the fact that the settlement demand was made to another defendant in the case is of no moment. In states with joint-and-several liability, like Missouri, the amount in controversy is the aggregate amount between the two or more defendants such that the settlement demand

to Frontier can properly be relied upon by Hallmark to show the amount in controversy. *See Walton v. Miller*, No. 4:18-CV-01204-SNLJ, 2019 WL 265100, at *2 (E.D. Mo. Jan. 18, 2019) (quoting *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 548 (7th Cir. 2008)).

10. Plaintiffs' valuation of their claims in excess of $75,000.00 is further evidenced by a Stipulation entered into by and between Plaintiffs and Frontier affirming that the damages Plaintiffs seek for the injuries alleged in their Complaint exceed $75,000.00, exclusive of interest and costs. (*See* Stipulation dated June 24, 2019, attached hereto as Exhibit B.) Because "the amount in controversy is measured by the value to the plaintiff of the right sought to be enforced," and because Plaintiffs clearly value the claims in their Amended Complaint in excess of $75,000.00, the jurisdictional threshold amount in controversy has been met.

11. Frontier consents to this removal. (Maye Aff. at ¶ 6.)

12. This action is properly removed because none of the named Defendants are citizens of the State of Missouri, the state in which Plaintiffs brought the action. *See* 28 U.S.C. § 1441(b).

## TIMELINESS OF REMOVAL

13. This Notice of Removal is timely under 28 U.S.C. § 1446(b). Hallmark filed the Notice of Removal within thirty (30) days of service of the Summons and Amended Complaint on February 19, 2020.

14. Pursuant to 28 U.S.C. § 1446(d), Hallmark will promptly serve a copy of this Notice of Removal on Plaintiffs and Defendant Frontier and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the 21st Judicial Circuit Court, St. Louis County, Missouri.

## VENUE

15. The United States District Court for the Eastern District of Missouri, Eastern Division is the federal court embracing the 21st Judicial Circuit Court, St. Louis County,

Missouri where the original action was filed. Thus, venue and removal to this Court are proper under 28 U.S.C. § 1441(a).

## RESERVATION OF RIGHTS AND DEFENSES

16. Hallmark expressly reserves all of its defenses and rights, and none of the foregoing shall be construed in any way as conceding the truth of any of Plaintiffs' allegations or waiving any of Hallmark's defenses.

WHEREFORE, Defendant HALLMARK AVIATION SERVICES, L.P. hereby removes this civil action in its entirety from the 21st Judicial Circuit Court, St. Louis County, Missouri, Case No. 19SL-CC02229-01, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Date: March 18, 2020

Respectfully Submitted,

HEPLERBROOM LLC

By: */s/Michael Reda*
MICHAEL REDA                # 33591MO
mreda@heplerbroom.com
211 North Broadway, Suite 2700
St. Louis, MO  63102
314/241-6160 / 314/241-6116 – Facsimile
Attorney for Defendant Hallmark Aviation Services, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed on this 18th day of MARCH, 2020, the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Bevis Schock
7777 Bonhomme Ave.
St. Louis, MO 63105
wbschock@schocklaw.com
    Attorneys for Plaintiffs

David Berwin
211 N. Broadway, 2500
St. Louis, MO 63102
dberwin@evans-dixon.com
  Attorneys for Frontier Airlines

  I hereby certify that the foregoing document has been electronically mailed to the following on this 18th day of MARCH, 2020:

W. Bevis Schock
7777 Bonhomme Ave.
St. Louis, MO 63105
wbschock@schocklaw.com
  Attorneys for Plaintiffs

Thatcher Stone
Stone & Woodrow LLP
250 West Main Street, Suite 201
Charlottesville, VA 22902
T: 855-275-7378 / F: 646-873-7529
thatcher@stoneandwoodrowlaw.com
  Attorney for Plaintiff

William Woodrow
Stone & Woodrow LLP
250 West Main Street, Suite 201
Charlottesville, VA 22902
T: 855-275-7378/ F: 646-873-7529
will@stoneandwoodrowlaw.com
  Attorney for Plaintiff

David Berwin
211 N Broadway- Suite 2500
St. Louis, MO 63102
T: (314) 552-4046 / F:314-884-4446
dberwin@evans-dixon.com
  Attorney for Frontier Airlines, Inc.

Tara Shelke
Adler Murphy McQuillen
20 South Clark Street, Suite 2500
Chicago, IL 60603
T: 312-422-5713
tshelke@amm-law.com
  Attorney for Frontier Airlines, Inc.

Brian Maye
Adler Murphy McQuillen
20 South Clark Street, Suite 2500
Chicago, IL 60603
T: 312-422-5713
 bmaye@amm-law.com
       Attorney for Frontier Airlines, Inc.


                                                            */s/ Michael Reda*