Electronically Filed - St Louis County - July 23, 2019 - 12:39 PM

# IN THE 21ST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | |
| SHELLY RENEE BRANCH, | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) | |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.: 19SL-CC02229 |
| | ) | |
| FRONTIER AIRLINES, INC., | ) | Honorable Joseph L. Walsh III |
| | ) | |
| *Defendant.* | ) | |

## DEFENDANT FRONTIER AIRLINES, INC.'S
## <u>NOTICE OF REMOVAL TO FEDERAL COURT</u>

**TO:**    ***Clerk of the Court***                    ***Counsel for Plaintiffs***
           21st Judicial Circuit Court              W. Bevis Schock
           St. Louis County Court Building      7777 Bonhomme Avenue, Suite 1300
           105 South Central Avenue             St. Louis, Missouri 63105
           Clayton, Missouri 63105

PLEASE TAKE NOTICE that on July 23, 2019, Defendant FRONTIER AIRLINES, INC. by its undersigned counsel removed the above-captioned action to the United States District Court for the Eastern District of Missouri, Eastern Division. A copy of Defendant's Notice of Removal is attached as Exhibit A and is hereby served upon you. Pursuant to 28 U.S.C. § 1446(d), Defendant hereby files its Notice of Removal. This Court shall take no further action with regard to the above-captioned lawsuit unless and until this case is remanded.

Date: July 23, 2019

                                   Respectfully submitted,

                                   **FRONTIER AIRLINES, INC.**

Electronically Filed - St Louis County - July 23, 2019 - 12:39 PM

By: */s/ David C. Berwin*
    David C. Berwin Bar No. 55046
    Evans & Dixon, LLC
    Attorney for Defendant
    211 North Broadway Ste. 2500
    St. Louis, MO 63102
    (314) 552-4046
    F: (314) 884-4446
    dberwin@evans-dixon.com

## CERTIFICATE OF SERVICE

I certify that on July 23, 2019, I caused the foregoing to be electronically filed with the United States District Court for the Eastern District of Missouri using the CM/ECF system and further certify that I caused a true and correct copy of this document to be served on the party identified below by depositing the same in a properly addressed envelope with proper postage prepaid in the U.S. Mail and electronic mail to:

W. Bevis Schock
7777 Bonhomme Avenue, Suite 1300
St. Louis, Missouri 63105
wbschock@schocklaw.com
**ATTORNEY FOR PLAINTIFFS**


/s/ David C. Berwin

Electronically Filed - St Louis County - July 23, 2019 - 12:39 PM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ASHFAQ HUSSAIN SYED, SHELLY RENEE BRANCH, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed, *Plaintiffs*, v. FRONTIER AIRLINES, INC., *Defendant*. | Case No.: Civil Action No. 19SL-CC02229 (Removal from: St. Louis County Circuit Court, Missouri |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant FRONTIER AIRLINES, INC. ("Frontier") hereby removes the above-captioned civil action in its entirety from the 21st Judicial Circuit Court, St. Louis County, Missouri, Case No. 19SL-CC02229, to the United States District Court for the Eastern District of Missouri, Eastern Division. In support of its Notice of Removal, which is based on diversity jurisdiction, Frontier states:

1.      This civil action arises from an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 from St. Louis, Missouri to Las Vegas, Nevada at St. Louis Lambert International Airport. On May 30, 2019, Plaintiffs Ashfaq Hussain Syed ("Syed"), Shelly Renee Branch ("Branch"), A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs"), filed a six-count Complaint in the 21st Judicial Circuit Court, St. Louis County, Missouri against Frontier alleging negligence,

Electronically Filed - St Louis County - July 23, 2019 - 12:39 PM

negligence *per se*, intentional tort, false imprisonment, and breach of contract claims. *See* Plaintiffs' Complaint attached as Exhibit A.

2.      In their Complaint, Plaintiffs allege they were improperly removed from the aircraft and locked in the jetbridge. (Exhibit A, ¶¶ 81, 86-89.) Plaintiffs allege that Frontier was negligent in failing to transport them (Count I), negligent *per se* in violating the TICKETS Act of 2018, Pub. L. No. 115-254, 132 Stat. 3186 (Count II), negligent in the manner in which it removed Plaintiffs from the aircraft (Count III), committed an intentional tort when it intentionally removed Plaintiffs from the aircraft (Count IV), falsely imprisoned Plaintiffs in the jetbridge (Count V), and breached its contractual duty to transport Plaintiffs (Count VI). *Id.* at ¶¶ 139-189.

3.      On June 13, 2019, Frontier was served with Summons in Civil Case and Plaintiff's Complaint. (Summons in Civil Case attached as Exhibit B; Exhibit A.) Plaintiffs' Complaint does not state whether Plaintiffs seek to recover in excess of $75,000, exclusive of interest and costs. (Exhibit A.) Thus, the initial pleading was not removable.

4.      On June 24, 2019, the parties executed a Stipulation regarding the damages actually sought by Plaintiffs for the injuries alleged in their Complaint exceeding the sum or value of $75,000, exclusive of interest and costs. (Stipulation attached as Exhibit C.) This Stipulation is specific evidence which serves to clarify Plaintiffs' demands. *See Hollis v. Roadrunner Transp. Servs., Inc.*, No. 4:12-CV-394 CAS, 2012 U.S. Dist. LEXIS 125568, at *4 (E.D. Mo. Sept. 5, 2012); *Berry v. Renaissance Hotel Mgmt., LLC*, No. 4:09-CV-1261 CAS, 2011 U.S. Dist. LEXIS 39945, at *5 (E.D. Mo. Apr. 12, 2011). This Notice of Removal is timely filed within the 30-day time limit prescribed by 28 U.S.C. § 1446(b)(3).

Electronically Filed - St Louis County - July 23, 2019 - 12:39 PM

5.     28 U.S.C. § 1441(a) authorizes removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction. Original jurisdiction exists pursuant to 28 U.S.C. § 1332 where there is a civil action in which the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different States.

6.     Here, there is complete diversity of citizenship between Plaintiffs and Frontier under 28 U.S.C. § 1332(a)(1). All Plaintiffs are individuals and are citizens of Missouri. (Exhibit A, ¶¶ 2-5.) For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Frontier is incorporated in Colorado and has its principal place of business in Denver, Colorado. Since Plaintiffs and Frontier are citizens of different states, there is complete diversity among the parties.

7.     Plaintiffs have stipulated that they seek in excess of $75,000, exclusive of interest and costs, in this lawsuit. (Exhibit C.)

8.     Further, Plaintiffs' Complaint includes a section titled "Damages" which claims that as a result of the alleged incident, Plaintiffs did not receive the benefit of their contract, Syed and Branch have not yet married, Plaintiffs lost the benefits associated with their trip, Syed and Branch have suffered "garden variety emotional damages," and all Plaintiffs suffered fear, loss of liberty, uncomfortable conditions, humiliation, indignity, disgrace, stress, embarrassment, and mental suffering while locked in the jetbridge. (Exhibit A ¶¶ 129-133.)

9.     Plaintiffs also seek punitive damages for their negligence, negligence *per se*, intentional tort, and false imprisonment claims. (Exhibit A, ¶¶ 134-136.) "Punitive damages are

Electronically Filed - St Louis County - July 23, 2019 - 12:39 PM

included in determining the amount in controversy." *Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

10.    The United States District Court for the Eastern District of Missouri, Eastern Division is the federal court embracing the 21st Judicial Circuit Court, St. Louis County, Missouri where the original action was filed. Thus, venue and removal to this Court are proper under 28 U.S.C. § 1441(a).

11.    Pursuant to 28 U.S.C. § 1446(a), Frontier has attached copies of all process and pleadings served upon it in the State court record. (Exhibits A, B; Plaintiffs' Motion for Cause to be Litigated in the Pre-Trial Public Record with Children Identified through Initials Only attached as Exhibit D; Plaintiffs' Motion for Order to Clerk to Correct Error in Plaintiff Syed's Name in Case Caption attached as Exhibit E; Plaintiffs' Petition for Appointment as Next Friend attached as Exhibit F; Plaintiffs' Applications for Admission *Pro Hac Vice* attached as Exhibit G; June 26, 2019 Order granting Plaintiffs' motions attached as Exhibit H.)

12.    Pursuant to 28 U.S.C. § 1446(d), Frontier will promptly serve a copy of this Notice of Removal on Plaintiffs and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the 21st Judicial Circuit Court, St. Louis County, Missouri.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. hereby removes this civil action in its entirety from the 21st Judicial Circuit Court, St. Louis County, Missouri, Case No. 19SL-CC02229, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Date: July 23, 2019

Electronically Filed - St Louis County - July 23, 2019 - 12:39 PM

Respectfully submitted,

**FRONTIER AIRLINES, INC.**


By: */s/ David C. Berwin*
    David C. Berwin Bar No. 55046
    Evans & Dixon, LLC
    Attorney for Defendant
    211 North Broadway Ste. 2500
    St. Louis, MO 63102
    (314) 552-4046
    F: (314) 884-4446
    dberwin@evans-dixon.com

## CERTIFICATE OF SERVICE

I certify that on July 23, 2019, I caused the foregoing to be electronically filed with the United States District Court for the Eastern District of Missouri using the CM/ECF system and further certify that I caused a true and correct copy of this document to be served on the party identified below by depositing the same in a properly addressed envelope with proper postage prepaid in the U.S. Mail and electronic mail to:

W. Bevis Schock
7777 Bonhomme Avenue, Suite 1300
St. Louis, Missouri 63105
wbschock@schocklaw.com
**ATTORNEY FOR PLAINTIFFS**


/s/ David C. Berwin

Electronically Filed - St Louis County - July 23, 2019 - 12:39 PM

# IN THE 21ST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | |
| SHELLY RENEE BRANCH, | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) | |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No.: 19SL-CC02229 |
| | ) | |
| FRONTIER AIRLINES, INC., | ) | Honorable Joseph L. Walsh III |
| | ) | |
| *Defendant*. | ) | |

## DEFENDANT FRONTIER AIRLINES, INC.'S
## NOTICE OF REMOVAL TO FEDERAL COURT

**TO:**   ***Clerk of the Court***                      ***Counsel for Plaintiffs***
         21st Judicial Circuit Court              W. Bevis Schock
         St. Louis County Court Building          7777 Bonhomme Avenue, Suite 1300
         105 South Central Avenue                 St. Louis, Missouri 63105
         Clayton, Missouri 63105

PLEASE TAKE NOTICE that on July 23, 2019, Defendant FRONTIER AIRLINES,

INC. by its undersigned counsel removed the above-captioned action to the United States District

Court for the Eastern District of Missouri, Eastern Division. A copy of Defendant's Notice of

Removal is attached as Exhibit A and is hereby served upon you. Pursuant to 28 U.S.C. §

1446(d), Defendant hereby files its Notice of Removal. This Court shall take no further action

with regard to the above-captioned lawsuit unless and until this case is remanded.

Date: July 23, 2019

Respectfully submitted,

**FRONTIER AIRLINES, INC.**

Electronically Filed - St Louis County - July 23, 2019 - 12:39 PM

By: /s/ David C. Berwin
    David C. Berwin Bar No. 55046
    Evans & Dixon, LLC
    Attorney for Defendant
    211 North Broadway Ste. 2500
    St. Louis, MO 63102
    (314) 552-4046
    F: (314) 884-4446
    dberwin@evans-dixon.com

## CERTIFICATE OF SERVICE

I certify that on July 23, 2019, I caused the foregoing to be electronically filed with the United States District Court for the Eastern District of Missouri using the CM/ECF system and further certify that I caused a true and correct copy of this document to be served on the party identified below by depositing the same in a properly addressed envelope with proper postage prepaid in the U.S. Mail and electronic mail to:

W. Bevis Schock
7777 Bonhomme Avenue, Suite 1300
St. Louis, Missouri 63105
wbschock@schocklaw.com
**ATTORNEY FOR PLAINTIFFS**

/s/ David C. Berwin



*Page 2 of 2*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

# FILED

**AUG 2 3 2019**

**JOAN M. GILMER**
**CIRCUIT CLERK, ST. LOUIS COUNTY**

| | |
|---|---|
| ASHFAQ HUSSAIN SYED, et al., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:19-cv-02125-AGF |
| | ) |
| FRONTIER AIRLINES, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on review of the file.  Defendant removed this case

from state court on July 23, 2019, alleging that federal subject-matter jurisdiction was

proper under 28 U.S.C. §§ 1332 and 1441.  On August 14, 2019, the Court held that

Defendant had not plausibly pleaded that the amount in controversy exceeded the

jurisdictional minimum under § 1332 and ordered Defendant to file, within seven days, a

memorandum in support of its notice of removal, including citation to supporting

authorities or evidence, to establish the jurisdictional amount in controversy.  ECF No.

15.  The Court cautioned Defendant that failure to timely and fully comply with its Order

would result in remand of this case for lack of subject-matter jurisdiction.  *Id.*  Defendant

has not complied with the Court's Order, and the time to do so has passed.

For the reasons set forth above and those stated in the Court's August 14, 2019

Order Concerning Removal (ECF No. 15), and resolving all doubts about federal

jurisdiction in favor of remand, as the Court must, *see, e.g., Hubbard v. Federated Mut.*

*Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015),

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Circuit

Court of St. Louis County, Missouri, in which it was filed.


*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2019.

GREGORY J. LINHARES, CLERK
A TRUE COPY OF THE ORIGINAL
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: _____

2

CLOSED,REMAND

# U.S. District Court
## Eastern District of Missouri (St. Louis)
## CIVIL DOCKET FOR CASE #: 4:19-cv-02125-AGF
## Internal Use Only

| | |
|---|---|
| Syed v. Frontier Airlines, Inc. | Date Filed: 07/23/2019 |
| Assigned to: District Judge Audrey G. Fleissig | Date Terminated: 08/22/2019 |
| Case in other court: St. Louis County, 19SL-CC02229 | Jury Demand: Both |
| Cause: 28:1332 Diversity-Personal Injury | Nature of Suit: 310 Airplane |
| | Jurisdiction: Diversity |

**Plaintiff**

**Ashfaq Hussain Syed**                    represented by **W. Bevis Schock**
SCHOCK LAW
7777 Bonhomme Avenue
Suite 1300
St. Louis, MO 63105
314-726-2322
Fax: 314-721-1698
Email: wbschock@schocklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

GREGORY J. LINHARES, CLERK
A TRUE COPY OF THE ORIGINAL
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY:

**Plaintiff**

**Shelly Renee Branch**                    represented by **W. Bevis Schock**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Plaintiff**

**A.M.S.**                                 represented by **W. Bevis Schock**
*next friend*                              (See above for address)
Ashfaq Hussain Syed                        *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Plaintiff**

**N.G.S.**                                 represented by **W. Bevis Schock**
*next friend*                              (See above for address)
Ashfaq Hussain Syed                        *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Designation: Retained*
*Bar Status: Active*

## V.

### **Defendant**

**Frontier Airlines, Inc.**                    represented by    **Brian T. Maye**
ADLER AND MURPHY
20 South Clark Street
Suite 2500
Chicago, IL 60603
312-422-5713
Email: bmaye@amm-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**David C. Berwin**
EVANS AND DIXON
211 N. Broadway
Suite 2500
St. Louis, MO 63102
314-552-4046
Fax: 314-884-4486
Email: dberwin@evans-dixon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Tara Shelke**
ADLER AND MURPHY
20 South Clark Street
Suite 2500
Chicago, IL 60603
312-345-0700
Fax: 312-345-9860
Email: tshelke@amm-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

Email All Attorneys
(will not send to terminated parties)

Email All Attorneys and Additional Recipients
(will not send to terminated parties)

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2019 | 1 | NOTICE OF REMOVAL from St. Louis County, case number 19SL-CC02229, with receipt number AMOEDC-7349692, in the amount of $400 Jury Demand,, filed by Frontier Airlines, Inc.. (Attachments: # 1 Exhibit Exh. 1, # 2 Exhibit Exh. 2, # 3 Exhibit Exh. 3)(Berwin, David) (Entered: 07/23/2019) |
| 07/23/2019 | 2 | NOTICE by Defendant Frontier Airlines, Inc. *to Plaintiff of Removal* (Berwin, David) (Entered: 07/23/2019) |
| 07/23/2019 | 3 | Petition (Removal/Transfer) Received From: Circuit Court, St. Louis County, Missouri, filed by Shelly Renee Branch, N.G.S., A.M.S., Ashfaq Hussain Syed.(BAK) (Entered: 07/23/2019) |
| 07/23/2019 | | Case Opening Notification: All parties must file the Notice Regarding Magistrate Judge Jurisdiction Form consenting to or opting out of the Magistrate Judge jurisdiction. Click here for the instructions. and all non-governmental organizational parties (corporations, limited liability companies, limited liability partnerships) must file Disclosure of Organizational Interests Certificate (moed-0001.pdf). Judge Assigned: U.S. Magistrate Judge Nannette A. Baker. (BAK) (Entered: 07/23/2019) |
| 07/23/2019 | 4 | Pursuant to Local Rule 2.08, the assigned/referred magistrate judge is designated and authorized by the court to exercise full authority in this assigned/referred action or matter under 28 U.S.C. Sec. 636 and 18 U.S.C Sec. 3401, including any case budgeting matters. (CSAW) (Entered: 07/23/2019) |
| 07/25/2019 | 5 | NOTICE Disclosure of Organizational Interests Certificate: by Defendant Frontier Airlines, Inc. (Berwin, David) (Entered: 07/25/2019) |
| 07/30/2019 | 6 | ENTRY of Appearance by David C. Berwin for Defendant Frontier Airlines, Inc.. (Berwin, David) (Entered: 07/30/2019) |
| 07/30/2019 | 7 | MOTION to Dismiss :Counts I through V and Motion to Strike pursuant to 12(f)(2) by Defendant Frontier Airlines, Inc.. (Attachments: # 1 Exhibit Plaintiff's Complaint) (Berwin, David) (Main Document 7 replaced on 7/31/2019) (AAS). (Entered: 07/30/2019) |
| 07/30/2019 | 8 | MEMORANDUM in Support of Motion re 7 MOTION to Dismiss :Counts I through V and Motion to Strike pursuant to 12(f)(2) filed by Defendant Frontier Airlines, Inc.. (Berwin, David) (Entered: 07/30/2019) |
| 07/30/2019 | 9 | ANSWER to Complaint by Frontier Airlines, Inc..(Berwin, David) (Entered: 07/30/2019) |
| 07/31/2019 | | ***REMARK Emailed counsel in regards to the wrong document being filed. motion 7 . (AAS) (Entered: 07/31/2019) |
| 08/05/2019 | 10 | Consent MOTION for Extension of Time to File Response/Reply as to 8 Memorandum in Support of Motion, 7 MOTION to Dismiss :Counts I through V and Motion to Strike pursuant to 12(f)(2) *The Parties Stipulated Motion for Extension of Time to File a Response to defendant's partial motion to dismiss and Strike* by Defendant Frontier Airlines, Inc.. (Berwin, David) (Entered: 08/05/2019) |
| 08/06/2019 | 11 | Docket Text ORDER: Re: 10 Consent MOTION for Extension of Time to File Response/Reply as to Memorandum in Support of MOTION to Dismiss :Counts I |

| | | |
|---|---|---|
| | | through V and Motion to Strike pursuant to 12(f)(2) is ORDERED GRANTED. Signed by Magistrate Judge Nannette A. Baker on August 6, 2019. (HEH) (Entered: 08/06/2019) |
| 08/12/2019 | 12 | ENTRY of Appearance by Tara Shelke for Defendant Frontier Airlines, Inc.. (Shelke, Tara) (Entered: 08/12/2019) |
| 08/12/2019 | 13 | CJRA ORDER (GJL). Magistrate Judge Nannette A. Baker termed. Case reassigned to District Judge Audrey G. Fleissig for all further proceedings (KJS) (Entered: 08/12/2019) |
| 08/13/2019 | 14 | ENTRY of Appearance by Brian T. Maye for Defendant Frontier Airlines, Inc.. (Maye, Brian) (Entered: 08/13/2019) |
| 08/14/2019 | 15 | ORDER CONCERNING REMOVAL IT IS HEREBY ORDERED that, no later than seven days from the date of this Order, Defendant shall file a memorandum in support of its notice of removal that includes specific facts or evidence to establish by a preponderance of the evidence that an amount in excess of $75,000 is actually in controversy. IT IS FURTHER ORDERED that Plaintiffs may file a response no later than seven days after the memorandum is filed. No further briefing will be permitted. Signed by District Judge Audrey G. Fleissig on 8/14/19. (KXS) (Entered: 08/14/2019) |
| 08/22/2019 | 16 | MEMORANDUM AND ORDER OF REMAND. IT IS HEREBY ORDERED that this matter is REMANDED to the Circuit Court of St. Louis County, Missouri, in which it was filed. Signed by District Judge Audrey G. Fleissig on 8/22/19. (EAB) (Order and docket sheet sent to STL County on 8/22/19) (Entered: 08/22/2019) |

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

# FILED

**AUG 2 3 2019**

**JOAN M. GILMER**
**CIRCUIT CLERK, ST. LOUIS COUNTY**

ASHFAQ HUSSAIN SYED, et al.,  )
)
)
Plaintiffs,  )
)
v.  )   No. 4:19-cv-02125-AGF
)
FRONTIER AIRLINES, INC.,  )
)
)
Defendant.  )

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on review of the file.  Defendant removed this case

from state court on July 23, 2019, alleging that federal subject-matter jurisdiction was

proper under 28 U.S.C. §§ 1332 and 1441.  On August 14, 2019, the Court held that

Defendant had not plausibly pleaded that the amount in controversy exceeded the

jurisdictional minimum under § 1332 and ordered Defendant to file, within seven days, a

memorandum in support of its notice of removal, including citation to supporting

authorities or evidence, to establish the jurisdictional amount in controversy.  ECF No.

15.  The Court cautioned Defendant that failure to timely and fully comply with its Order

would result in remand of this case for lack of subject-matter jurisdiction.  *Id.*  Defendant

has not complied with the Court's Order, and the time to do so has passed.

For the reasons set forth above and those stated in the Court's August 14, 2019

Order Concerning Removal (ECF No. 15), and resolving all doubts about federal

jurisdiction in favor of remand, as the Court must, *see, e.g., Hubbard v. Federated Mut.*

*Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015),

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Circuit

Court of St. Louis County, Missouri, in which it was filed.

_Audrey G. Fleissig_

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2019.

GREGORY J. LINHARES, CLERK
A TRUE COPY OF THE ORIGINAL
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY:

2

CLOSED,REMAND

# U.S. District Court
# Eastern District of Missouri (St. Louis)
## CIVIL DOCKET FOR CASE #: 4:19-cv-02125-AGF
### Internal Use Only

Syed v. Frontier Airlines, Inc.                     Date Filed: 07/23/2019
Assigned to: District Judge Audrey G. Fleissig      Date Terminated: 08/22/2019
Case in other court: St. Louis County, 19SL-CC02229 Jury Demand: Both
Cause: 28:1332 Diversity-Personal Injury            Nature of Suit: 310 Airplane
                                                    Jurisdiction: Diversity

**Plaintiff**
**Ashfaq Hussain Syed**                 represented by **W. Bevis Schock**
                                                       SCHOCK LAW

                                                       7777 Bonhomme Avenue
                                                       Suite 1300
                                                       St. Louis, MO 63105
                                                       314-726-2322
                                                       Fax: 314-721-1698
                                                       Email: wbschock@schocklaw.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*
                                                       *Bar Status: Active*

**Plaintiff**
**Shelly Renee Branch**                 represented by **W. Bevis Schock**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*
                                                       *Bar Status: Active*

**Plaintiff**
**A.M.S.**                              represented by **W. Bevis Schock**
*next friend*                                          (See above for address)
Ashfaq Hussain Syed                                    *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Retained*
                                                       *Bar Status: Active*

**Plaintiff**
**N.G.S.**                              represented by **W. Bevis Schock**
*next friend*                                          (See above for address)
Ashfaq Hussain Syed                                    *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

*Designation: Retained*
*Bar Status: Active*

V.

**Defendant**

**Frontier Airlines, Inc.**                    represented by **Brian T. Maye**
ADLER AND MURPHY
20 South Clark Street
Suite 2500
Chicago, IL 60603
312-422-5713
Email: bmaye@amm-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**David C. Berwin**
EVANS AND DIXON
211 N. Broadway
Suite 2500
St. Louis, MO 63102
314-552-4046
Fax: 314-884-4446
Email: dberwin@evans-dixon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Tara Shelke**
ADLER AND MURPHY
20 South Clark Street
Suite 2500
Chicago, IL 60603
312-345-0700
Fax: 312-345-9860
Email: tshelke@amm-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

Email All Attorneys
(will not send to terminated parties)

Email All Attorneys and Additional Recipients
(will not send to terminated parties)

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2019 | 1 | NOTICE OF REMOVAL from St. Louis County, case number 19SL-CC02229, with receipt number AMOEDC-7349692, in the amount of $400 Jury Demand,, filed by Frontier Airlines, Inc.. (Attachments: # 1 Exhibit Exh. 1, # 2 Exhibit Exh. 2, # 3 Exhibit Exh. 3)(Berwin, David) (Entered: 07/23/2019) |
| 07/23/2019 | 2 | NOTICE by Defendant Frontier Airlines, Inc *to Plaintiff of Removal* (Berwin, David) (Entered: 07/23/2019) |
| 07/23/2019 | 3 | Petition (Removal/Transfer) Received From: Circuit Court, St. Louis County, Missouri, filed by Shelly Renee Branch, N.G.S., A.M.S., Ashfaq Hussain Syed.(BAK) (Entered: 07/23/2019) |
| 07/23/2019 | | Case Opening Notification: All parties must file the Notice Regarding Magistrate Judge Jurisdiction Form consenting to or opting out of the Magistrate Judge jurisdiction. Click here for the instructions. and all non-governmental organizational parties (corporations, limited liability companies, limited liability partnerships) must file Disclosure of Organizational Interests Certificate (moed-0001.pdf). Judge Assigned: U.S. Magistrate Judge Nannette A. Baker. (BAK) (Entered: 07/23/2019) |
| 07/23/2019 | 4 | Pursuant to Local Rule 2.08, the assigned/referred magistrate judge is designated and authorized by the court to exercise full authority in this assigned/referred action or matter under 28 U.S.C. Sec. 636 and 18 U.S.C Sec. 3401, including any case budgeting matters. (CSAW) (Entered: 07/23/2019) |
| 07/25/2019 | 5 | NOTICE Disclosure of Organizational Interests Certificate: by Defendant Frontier Airlines, Inc. (Berwin, David) (Entered: 07/25/2019) |
| 07/30/2019 | 6 | ENTRY of Appearance by David C. Berwin for Defendant Frontier Airlines, Inc.. (Berwin, David) (Entered: 07/30/2019) |
| 07/30/2019 | 7 | MOTION to Dismiss :Counts I through V and Motion to Strike pursuant to 12(f)(2) by Defendant Frontier Airlines, Inc.. (Attachments: # 1 Exhibit Plaintiff's Complaint) (Berwin, David) (Main Document 7 replaced on 7/31/2019) (AAS). (Entered: 07/30/2019) |
| 07/30/2019 | 8 | MEMORANDUM in Support of Motion re 7 MOTION to Dismiss :Counts I through V and Motion to Strike pursuant to 12(f)(2) filed by Defendant Frontier Airlines, Inc.. (Berwin, David) (Entered: 07/30/2019) |
| 07/30/2019 | 9 | ANSWER to Complaint by Frontier Airlines, Inc..(Berwin, David) (Entered: 07/30/2019) |
| 07/31/2019 | | ***REMARK Emailed counsel in regards to the wrong document being filed. motion 7 . (AAS) (Entered: 07/31/2019) |
| 08/05/2019 | 10 | Consent MOTION for Extension of Time to File Response/Reply as to 8 Memorandum in Support of Motion, 7 MOTION to Dismiss :Counts I through V and Motion to Strike pursuant to 12(f)(2) *The Parties Stipulated Motion for Extension of Time to File a Response to defendant's partial motion to dismiss and Strike* by Defendant Frontier Airlines, Inc.. (Berwin, David) (Entered: 08/05/2019) |
| 08/06/2019 | 11 | Docket Text ORDER: Re: 10 Consent MOTION for Extension of Time to File Response/Reply as to Memorandum in Support of MOTION to Dismiss :Counts I |

|  |  | through V and Motion to Strike pursuant to 12(f)(2) is ORDERED GRANTED. Signed by Magistrate Judge Nannette A. Baker on August 6, 2019. (HEH) (Entered: 08/06/2019) |
|---|---|---|
| 08/12/2019 | 12 | ENTRY of Appearance by Tara Shelke for Defendant Frontier Airlines, Inc.. (Shelke, Tara) (Entered: 08/12/2019) |
| 08/12/2019 | 13 | CJRA ORDER (GJL). Magistrate Judge Nannette A. Baker termed. Case reassigned to District Judge Audrey G. Fleissig for all further proceedings (KJS) (Entered: 08/12/2019) |
| 08/13/2019 | 14 | ENTRY of Appearance by Brian T. Maye for Defendant Frontier Airlines, Inc.. (Maye, Brian) (Entered: 08/13/2019) |
| 08/14/2019 | 15 | ORDER CONCERNING REMOVAL IT IS HEREBY ORDERED that, no later than seven days from the date of this Order, Defendant shall file a memorandum in support of its notice of removal that includes specific facts or evidence to establish by a preponderance of the evidence that an amount in excess of $75,000 is actually in controversy. IT IS FURTHER ORDERED that Plaintiffs may file a response no later than seven days after the memorandum is filed. No further briefing will be permitted. Signed by District Judge Audrey G. Fleissig on 8/14/19. (KXS) (Entered: 08/14/2019) |
| 08/22/2019 | 16 | MEMORANDUM AND ORDER OF REMAND. IT IS HEREBY ORDERED that this matter is REMANDED to the Circuit Court of St. Louis County, Missouri, in which it was filed. Signed by District Judge Audrey G. Fleissig on 8/22/19. (EAB) (Order and docket sheet sent to STL County on 8/22/19) (Entered: 08/22/2019) |

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM

**IN THE 21ST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | |
| SHELLY RENEE BRANCH, | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) | |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.: 19SL-CC02229-01 |
| | ) | Judge Joseph L. Walsh III |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel,
pursuant to Mo. Sup. Ct. R. 55.27(a)(6) and Mo. Sup. Ct. R. 55.27(e), and for its Partial Motion
to Dismiss Counts I through V of Plaintiffs' Complaint and Motion to Strike Plaintiffs' punitive
damages allegations, states:

## I.    INTRODUCTION

This civil action arises from an incident that occurred on July 15, 2018 during the
boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert
International Airport. On May 30, 2019, Plaintiffs Ashfaq Hussain Syed ("Syed"), Shelly Renee
Branch ("Branch"), A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend
Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier
alleging negligence (Count I), negligence *per se* (Count II), "negligence, manner of removal
from plane" (Count III), "intentional removal from plane" (Count IV), false imprisonment
(Count V), and breach of contract (Count VI). (Plaintiffs' Complaint attached as Exhibit A.)

Pursuant to Mo. Sup. Ct. R. 55.27(a)(6), this Court should dismiss Counts I through V of Plaintiffs' Complaint because they fail to state claims upon which relief can be granted. Pursuant to Mo. Sup. Ct. R. 55.27(e), this Court should strike the punitive damages allegations from Plaintiffs' Complaint because they are insufficiently pleaded and immaterial to this case.

## II.    LEGAL STANDARD

A defendant may move to dismiss a cause of action for "[f]ailure to state a claim upon which relief can be granted." Mo. Sup. Ct. R. 55.27(a)(6). "A motion to dismiss for failure to state a claim is an attack on the plaintiff's pleadings." *Westphal v. Lake Lotawana Ass'n, Inc.*, 95 S.W.3d 144, 149 (Mo. Ct. App. 2003). "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." *Berliner v. Milwaukee Elec. Tool Corp.*, 501 S.W.3d 59, 64 (Mo. Ct. App. 2016). "A court reviews the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *City of Lake St. Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. 2010). "A motion to dismiss for failure to state a claim may be sustained … where the petition fails to allege facts essential to a recovery." *Hayward v. City of Independence*, 967 S.W.2d 650, 653 (Mo. Ct. App. 1998).

## III.    ARGUMENT

### A.    *This Court should dismiss Plaintiffs' negligent failure to transport claim (Count I) because Frontier did not owe Plaintiffs a common law duty to transport them.*

In Count I of their Complaint, Plaintiffs allege that Frontier owed them a duty to transport them to Las Vegas, Nevada on July 15, 2018. (Exhibit A at ¶¶ 139-153.) Plaintiffs claim this duty to transport them to Las Vegas relates to Frontier and Plaintiffs' passenger-and-common-carrier relationship, which arises out of common law. *Id.* at ¶¶ 139-153. Plaintiffs are mistaken; any duty Frontier may have owed Plaintiffs to transport them to Las Vegas arose out of their

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM

purchase of tickets on July 12, 2018 for transportation from St. Louis, Missouri to Las Vegas, Nevada on July 15, 2018, not through common law. *Id.* at ¶ 17.

"A duty to exercise care … may be imposed by a controlling statute or ordinance or assumed by entering into a contractual relationship, [or] it may be imposed by common law under the circumstances of a given case." *Scheibel v. Hillis*, 531 S.W.2d 285, 288 (Mo. 1976). However, common law does not impose on air carriers any general duty to transport members of the general public to their destination of choice. Rather, air carriers enter into contracts with passengers whereby each passenger pays a fee (purchases a ticket) to be transported by the air carrier to a specific destination. The respective obligations of the air carrier and the passenger are then governed by a contract of carriage, not common law.

Therefore, this Court should dismiss Plaintiffs' negligent failure to transport claim in Count I of their Complaint because it fails as a matter of law insofar as Frontier did not owe Plaintiffs any common law duty to transport them. To the extent Plaintiffs intended to plead a breach of contract claim, it is duplicative of Count VI, which alleges a breach of contract claim.

**B.      This Court should dismiss Plaintiffs' negligence *per se* claim (Count II) because the TICKETS Act was not in effect at the time of this incident and does not create a private right of action.**

In Count II of their Complaint, Plaintiffs allege that Frontier was negligent *per se* in violating the TICKETS Act of 2018, Pub. L. No. 115-254, 132 Stat. 3186. Plaintiffs' claim fails because the TICKETS Act was not in effect at the time of this incident and does not create a private right of action.

First, the TICKETS Act was part of the FAA Reauthorization Act of 2018, which was signed into law on October 5, 2018, almost three months *after* the alleged incident. (Exhibit A, ¶¶ 1, 137.) Indeed, Plaintiffs themselves admit in their Complaint that the TICKETS Act was not

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM

in effect at the time of this incident. *Id.* at ¶ 138. "[N]ewly enacted statutes … operate prospectively only [unless] the legislature manifests a clear intent that the statute apply retroactively, or when the statute is solely procedural and does not affect the party's substantive rights." *Nieuwendaal v. Mo. Dep't of Corr.*, 181 S.W.3d 153, 155 (Mo. Ct. App. 2005). Here, the TICKETS Act does not contain an express command that it is to apply retroactively, and its application would affect Frontier's substantive rights.

Further, there is a presumption against retrospective application of a statute if the "new statute would have a retroactive effect, *i.e.*, … it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf v. Usi Film Prods.*, 511 U.S. 244, 280 (1994). This "presumption against retroactive legislation is deeply rooted in our jurisprudence." *Id.* at 265. "[T]he legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place." *Id.* This Court should dismiss Plaintiffs' negligence *per se* claim because the TICKETS Act was not in effect at the time of the alleged incident and does not apply retroactively.

Second, even if the TICKETS Act had been in effect at the time of the alleged incident, Plaintiffs still cannot recover against Frontier because the TICKETS Act is part of the Federal Aviation Act ("FAA"), 49 U.S.C. § 40101 *et seq.*, which does not provide for a private right of action. The FAA and its implementing regulations, including 14 CFR 250, do not create a private right of action. *See Ray v. Spirit Airlines, Inc.*, 767 F.3d 1220, 1224 (11th Cir. 2014) ("FAA do[es] not provide a private right of action"); *Drake v. Lab. Corp. of Am. Holdings*, 458 F.3d 48, 57 (2d Cir. 2006) ("The remedies provided by the Act do not include a private right of action.");

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM

*Randel v. Parkland Homeowners Ass'n, Inc.*, No. 18-cv-00804-MEH, 2018 U.S. Dist. LEXIS 195015, at *7 (D. Colo. Nov. 15, 2018) (FAA regulations do not confer a private right of action).

"Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). The FAA is a detailed statute that governs civil aviation within the jurisdiction of the United States. It "establishes an extensive and detailed scheme of administrative enforcement complete with civil and criminal penalties, on-going regulation, and agency power to seek enforcement of the Act through injunctive relief … and does not create a private right of action." *Randel,* 2018 U.S. Dist. LEXIS 195015, at *13. Passengers must "look to the administrative agency responsible for the enforcement of these provisions" for relief, not the courts. *Id.* at *13-14.

Further, the FAA is the implementing statute for the Federal Aviation Regulations, or FARs, which are rules prescribed by the Federal Aviation Administration which govern all aviation activity in the United States. *Sikkelee v. Precision Airmotive Corp.*, 822 F.3d 680, 684 (3d Cir. 2016). The FARs are part of Title 14 of the Code of Federal Regulations (CFR), which includes the regulation relied upon by Plaintiffs in Count II: 14 CFR 250. The FAA "does not provide a private right of action." *Puterbaugh v. Airtran Airways*, 494 F. Supp. 2d 597, 603 (S.D. Ohio 2003). And the FARs do not themselves "provide[ a] mechanism of private enforcement." *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 902 (9th Cir. 1992).

Therefore, this Court should dismiss Plaintiffs' negligence *per se* claim in Count II of their Complaint because the TICKETS Act was not in effect at the time of the alleged incident and does not create a private right of action.

**C.    *This Court should dismiss Plaintiffs' "negligence, manner of removal from plane" claim (Count III) because it does not assert a viable legal theory of recovery.***

In Count III of their Complaint, Plaintiffs assert a claim for "negligence, manner of

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM

removal from plane." (Exhibit A, ¶¶ 166-170.) Plaintiffs allege that Frontier breached its duty to them by callously and cruelly removing them from the plane and depriving them of their family vacation, and that as a result, they have suffered monetary damages, inconvenience, embarrassment, and emotional distress. *Id.* at ¶¶ 168-170. Plaintiffs do not allege any physical injuries. *Id.* at ¶¶ 166-170.

Although Count III is titled "negligence, manner of removal from plane," it is not clear what theory of liability is being asserted here. To the extent Plaintiffs intended to plead false imprisonment, it is duplicative of Count V, which alleges a false imprisonment claim. To the extent Plaintiffs intended to plead breach of contract, it is duplicative of Count VI, which alleges a breach of contract claim.

And to the extent Plaintiffs intended to plead negligent infliction of emotional distress, the claim fails because Plaintiffs have not alleged sufficient facts to establish a viable claim. "The tort of negligent infliction of emotional distress is a negligence action." *Thornburg v. Fed. Express Corp.*, 62 S.W.3d 421, 427 (Mo. Ct. App. 2001). "The general elements of a negligence action are (1) a legal duty of the defendant to protect the plaintiff from injury, (2) breach of the duty, (3) proximate cause, and (4) injury to the plaintiff." *Pendergist v. Pendergrass*, 961 S.W.2d 919, 923 (Mo. Ct. App. 1998). "To recover damages for emotional distress, a plaintiff must show that (1) the defendant should have realized that his conduct involved an unreasonable risk of causing the distress and (2) the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity as to as to be medically significant." *Id.*

Here, Plaintiffs have not alleged any facts to establish that Frontier breached a legal duty it owed them or that Plaintiffs suffered any injuries as a result of such alleged breach of duty. (Exhibit A, ¶¶ 166-170.) Instead, Plaintiffs simply allege that because the aircraft lacked enough

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM

oxygen masks to permit Syed and Branch to sit next to each other with their two toddler daughters positioned on their laps, Frontier agents told them to collect their personal belongings and follow a flight attendant off the aircraft. *Id.* at ¶¶ 53-54, 73-76, 81, 83, 84, 116. Notably, Plaintiffs admit in their Complaint that Frontier had a rational reason for its actions. *Id.* at ¶ 54. Plaintiffs allege they were told they were being removed from the plane because the passengers and flight attendants felt uncomfortable with them being on the aircraft. *Id.*at ¶ 81. These allegations, even if true, do not establish that Frontier breached any legal duty it owed Plaintiffs, proximately caused any injuries, or should have realized that its conduct involved an unreasonable risk of causing distress. Plaintiffs also have not alleged that "the[ir] emotional distress or mental injury was medically diagnosed and of sufficient severity as to be medically significant." *Van Eaton v. Thon*, 764 S.W.2d 674, 676 (Mo. Ct. App. 1988). To the contrary, Plaintiffs have simply alleged that Syed and Branch suffered "garden variety emotional damages." (Exhibit A, ¶ 132.) At best, Plaintiffs have alleged that they were annoyed they were not immediately apprised of the reason for their removal from the aircraft. Being annoyed, however, is not actionable under the law.

Therefore, this Court should dismiss Plaintiff's "negligence, manner of removal from plane" claim in Count III of their Complaint because it fails to state a claim upon which relief can be granted.

**D.    *This Court should dismiss Plaintiffs' "intentional tort, intentional removal from plane" claim (Count IV) because it does not assert a viable legal theory of recovery.***

In Count IV of their Complaint, Plaintiffs allege that Frontier should be held liable because there was no justification for their intentional removal from the aircraft. (Exhibit A, ¶¶ 171-176.) Although Count IV is titled "intentional tort, intentional removal from plane," it is not clear what theory of liability is being asserted here. To the extent Plaintiffs intended to plead

false imprisonment, it is duplicative of Count V, which alleges a false imprisonment claim. To the extent Plaintiffs intended to plead breach of contract, it is duplicative of Count VI, which alleges a breach of contract claim.

And to the extent Plaintiffs intended to plead intentional infliction of emotional distress, the claim fails because Plaintiffs have not alleged adequate facts to establish a viable claim. "To state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) "The conduct must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* "The conduct must be intended only to cause extreme emotional distress to the victim." *Id.*

Here, Count IV fails as a matter of law because Plaintiffs have not alleged any facts which could be construed as fulfilling the intent requirement. (Exhibit A, ¶¶ 171-176.) Plaintiffs merely state their conclusion that Frontier's alleged actions were outrageous. *Id.* But they do not assert any facts to support their claim that Frontier's conduct was extreme and outrageous or that Frontier intended to cause severe emotional distress. *Id.* Indeed, as discussed above, Plaintiffs admit in their Complaint that Frontier had a rational reason for its actions. *Id.* at ¶ 54. Further, Plaintiffs do not allege that they suffered severe emotional distress that resulted in bodily harm. *Id.* ¶¶ 129-133. Instead, Plaintiffs have simply alleged that Syed and Branch suffered "garden variety emotional damages." *Id.* at ¶ 132.

Therefore, this Court should dismiss Plaintiffs' "intentional tort, intentional removal from plane" claim in Count IV of their Complaint because it fails to state a claim upon which relief

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM

can be granted.

**E.    This Court should dismiss Plaintiffs' false imprisonment claim (Count V) because it is not adequately pleaded and intentional torts outside the course and scope of an agent's employment cannot be imputed to Frontier.**

In Count V of their Complaint, Plaintiffs allege that Frontier, through its employee, locked them in the jetbridge, depriving them of their freedom and liberty. (Exhibit A, ¶¶ 177-182.) The facts alleged by Plaintiffs, however, do not establish the elements of a false imprisonment cause of action. "The elements of a cause of action for false imprisonment are the detention or restraint of one against his will, and the unlawfulness of such detention or restraint." *Ivy v. Wal-Mart Stores, Inc.*, 777 S.W.2d 682, 683-84 (Mo. Ct. App. 1989).

Here, Plaintiffs allege that while following an agent up the jetbridge toward the terminal, the jetbridge door closed on them, and Branch "pushed on the terminal door but it would not open." (Exhibit A, ¶¶ 177-182.) Plaintiffs called customer service to explain their circumstances and were immediately assisted in opening the jetbridge door. *Id.* at ¶¶ 86-100. Such bare facts do not establish that the door from the jetbridge to the terminal was locked, or that Frontier intentionally detained them on the jetbridge. At most, these allegations establish that Plaintiffs failed to push on the push-bar positioned across on the middle of the door, which is the mechanism to push open the jetbridge door, and also failed to simply knock on the door to alert the gate agent of their predicament.

Further, to the extent Plaintiffs could allege facts to establish that the agent intentionally detained or restrained them on the jetbridge, such conduct by the agent would be outside the scope of her employment, and therefore, cannot be imputed to Frontier. *See Doe v. Roman Catholic Archdiocese*, 347 S.W.3d 588, 592 (Mo. Ct. App. 2011) (by definition, an intentional tort "is not done in his role as the master's agent but rather solely for his own purposes.") *See*

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM

*also Dibrill v. Normandy Assocs., Inc.*, 383 S.W.3d 77, 90 (Mo. Ct. App. 2012) (act is outside the course and scope of employment if it arose "wholly from some external, independent, or personal motive.")

Therefore, regardless of how Plaintiffs' allegations are construed, this Court should dismiss Plaintiffs' false imprisonment claim in Count V of their Complaint because it fails to state a claim upon which relief can be granted.

**F.    This Court should strike Plaintiffs' punitive damages allegations because they are insufficiently pleaded and immaterial to this case.**

"According to [Mo. Sup. Ct. R.] 55.27(e), a motion to strike is appropriate to remedy redundant, immaterial, impertinent, or scandalous matter in a pleading." *Glidewell v. S.C. Mgmt., Inc.,* 923 S.W.2d 940, 952 (Mo. Ct. App. 1996). This Court should strike Plaintiffs' punitive damages allegations because they are insufficiently pleaded and immaterial to this case.

"To state a claim for punitive damages, the pleadings must allege facts indicating the defendant maliciously, willfully, intentionally, or recklessly injured the plaintiff by his tortious act." *Rock Port Mkt., Inc., v. Affiliated Foods Midwest Coop., Inc.*, 532 S.W.3d 180, 187 (Mo. Ct. App. 2017). "In a negligence case, punitive damages are awardable only if, at the time of the negligent act, the defendant knew or had reason to know that there was a high degree of probability that the action would result in injury." *Alack v. Vic Tanny Int'l of Mo., Inc.*, 923 S.W.2d 330, 338 (Mo. 1996). "Punitive damages cannot be collected unless the defendant showed complete indifference to or conscious disregard for the safety of others." *Id.* "The general rule is that punitive damages may not be recovered in breach of contract actions." *Peterson v. Cont'l Boiler Works, Inc.*, 783 S.W.2d 896, 902 (Mo. 1990).

Here, Plaintiffs seek punitive damages for both their negligence and intentional tort claims. (Exhibit A, ¶¶ 134-136.) However, as discussed above, Plaintiffs have not adequately

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM

pleaded that Frontier acted maliciously, willfully, or with complete indifference or conscious disregard for Plaintiffs' safety. Rather, Plaintiffs acknowledge they were removed from the aircraft because it lacked enough oxygen masks to permit Syed and Branch to sit next to each other with their two toddler daughters positioned on their laps, and that Frontier had a rational reason for its actions. (Exhibit A, ¶¶ 19, 31, 53, 54.) These allegations cut against Plaintiffs' claim for punitive damages.

Therefore, this Court should strike Plaintiffs' punitive damages allegations.

## IV.    CONCLUSION

Counts I through V of Plaintiffs' Complaint should be dismissed because they fail to state claims upon which relief can be granted. Plaintiffs' punitive damages allegations should be stricken because they are insufficiently pleaded and immaterial to this case.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. prays that this Honorable Court enter an order dismissing Counts I through V of Plaintiffs' Complaint pursuant to Mo. Sup. Ct. R. 55.27(a)(6), striking Plaintiffs' punitive damages allegations pursuant to Mo. Sup. Ct. R. 55.27(e), and for such further relief and this Court deems necessary and proper.

Date: September 20, 2019

Respectfully submitted,

**FRONTIER AIRLINES, INC.**


By: /s/  David C. Berwin
David C. Berwin Bar No.: 06281639
Evans & Dixon, L.L.C.
Attorney for Defendant
211 North Broadway, Suite 2500
St. Louis, Missouri  63102
(314) 552-4046 (Phone)
(314) 884-4446 (Fax)

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM

dberwin@evans-dixon.com

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing document was electronically filed and served with the Clerk of the Court and served upon all counsel of record via means of the Notice of Electronic Filing pursuant to Court Operating Rule 27.01 and served on all counsel of record by placing a copy in the U.S. mail, postage prepaid, this 20th day of September, 2019.

/s/  David C. Berwin
4185305

**19SL-CC02229**

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| ASHFAQ HUSSAIN SYED, | ) |
| | ) |
| SHELLY RENEE BRANCH, | ) |
| | ) |
| A.M.S., by Next Friend Ashfaq Hussain Syed, | ) |
|    (Pending appointment), | ) |
| | ) Case No.: |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) |
|    (Pending appointment), | ) Division: |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| FRONTIER AIR LINES, INC., | ) |
| | ) |
| Serve:  Sheriff of Cole County | ) |
|       Prentice Hall Corporation | ) |
|       221 Bolivar St | ) |
|       Jefferson City, MO 65101 | ) |
| | ) |
|    Defendant. | ) |

### INTRODUCTION

1.    This is an action against Frontier Air Lines Inc. (hereinafter "Frontier"). The suit arises

from an incident that occurred on July 15, 2018 when Plaintiffs were mistreated and

harassed by a Frontier Check In and Gate Agent, baselessly removed from their flight,

locked in a hot jetway, threatened by the same Gate Agent about the similar treatment

that they would receive the following day for their rebooked flight. Plaintiff makes claims

for negligent failure to transport, negligence per se, negligent manner of removal from

the airplane, intentional tort, false imprisonment, and breach of contract.

### PARTIES

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

2.  Plaintiffs Ashfaq Hussain Syed and Shelly Renee Branch are single individuals who reside together at:

    > 5 Country Club Dr.
    > Fulton, MO, 65251
    >
    > Callaway County

3.  Plaintiff A.M.S. is an infant child, Date of Birth:  December 16, 2016, proceeding by Next Friend Ashfaq Hussain Syed (presuming appointment).

4.  Plaintiff N.G.S. is an infant child, Date of Birth:  December 16, 2016, A.M.S.'s twin, proceeding by Next Friend Ashfaq Hussain Syed, (presuming appointment).

5.  A.M.S. and N.G.S. are the natural children of Syed and Branch and reside with them.

6.  Before any proceedings occur in this case Syed will seek appointment as Next Friend of A.M.S. and N.G.S.

7.  Syed and Branch are a mixed-racial couple and Syed is of Middle Eastern complexion and descent.

8.  Syed is a Sergeant First Class in the Missouri Army National Guard.

9.  Syed has a Master's Degree in nuclear engineering and works as a supervisor in the Control Room of the Callaway Energy Center, a nuclear power plant in Callaway County, Missouri, which is owned and operated by Ameren Corporation, a large regional electric utility.

10. Frontier Air Lines is a Nevada corporation with its principal place of business in Colorado.  Frontier has a place of business in St. Louis County, Missouri.  Frontier operates regularly scheduled commercial air service into St Louis County, Missouri multiple times a week, and in this County sells tickets for carriage.  Frontier has substantial revenues and expenses in St. Louis County.

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

11.    Frontier reached into Missouri and sold Plaintiffs the tickets that form the genesis of this dispute.

## VENUE

12.    The injuries suffered by the Plaintiffs arise directly out of the Defendant's conduct at the St. Louis Lambert International Airport which is in St. Louis County, Missouri.

## PERSONAL JURISDICTION

13.    Personal Jurisdiction over Defendant is proper in Missouri under the Missouri long arm statute, RSMo. 506.500.

## JURY DEMAND

14.    Plaintiff demands jury trial.

## GENERAL ALLEGATION OF AGENCY OF FRONTIER EMPLOYEES

15.    Plaintiffs are informed and believe, and thereon allege on inference, that at all times herein mentioned, the complained of employees of Defendant Frontier were the agents, servants and employees of Defendant Frontier, and at all times herein mentioned, each was acting within the scope and course of said agency and employment.

## GENERAL ALLEGATION THAT PLAINTIFFS' COMPLIED WITH ALL LEGAL REQUIREMENTS

16.    All Plaintiffs complied in all respects, whether or not material, with all legal and lawful conditions, requirements, ordinances, regulations and other legal and contractual undertakings incumbent upon them in connection with the Frontier Contract of Carriage, and with the rules and ordinances of the authorities at the airport of departure and proposed arrival, and all aircraft placards and crew member instructions.

3

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

## FACTUAL ALLEGATIONS

17.  On Thursday, July 12, 2018 Branch went on line to Defendant's website and purchased confirmed tickets for the four Plaintiffs to fly one way from St Louis to Las Vegas, NV, departing on Sunday, July 15, 2018 at 5:59 p.m., Frontier Flight No. F9 87, confirmation no. YB517D.

18.  Syed and Branch were not certain of their return date and that was why Branch only purchased tickets for one way.

19.  Branch selected seats 40D and 40E for herself and Syed.  Because the children were under two at the time there was no charge for their travel and they were expected to sit on Syed and Branch's laps.

20.  The total fee for all four one way tickets was $211.40, which included a $30.00 bag fee for one bag and two $13.00 fees for seats reserved in advance of boarding.

21.  Branch paid for the trip with a Bank of America credit card.

22.  The purpose of the trip was for Syed and Branch to get married in Las Vegas, with their children with them, and then to go as a family to see friends on the California coast.

23.  During the 24 hour period before the flight Branch and Syed checked in and received boarding passes on their phones.

24.  When Plaintiffs arrived at the check in counter, they encountered a Frontier agent whose badge Plaintiff later read to read "Jerrasha Young," ("Young").

25.  Syed handed over his military ID card with his full name:  Ashfaq Hussain Syed.

26.  Young immediately became disagreeable and hostile.

27.  Branch asked Young to waive the bag fee because the Frontier website offers free luggage for military personnel.

4

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

28.  Young informed Plaintiffs that Syed and Branch would have to pay for the bag, despite the Frontier policy of providing free baggage carriage to military personnel.

29.  Young then informed Plaintiffs that they could not sit together, despite the fact that Plaintiffs had confirmed seating together.

30.  Plaintiff asked why and Young said that if Branch was going to argue and not accept that Branch and Syed could not sit together Plaintiffs would have to cancel their tickets.

31.  At no time did Young explain her reason for refusing to allow the Plaintiffs to sit together or explain that there was an issue with available oxygen masks for five people seated in a three seat row (the four Plaintiffs plus whoever was in 40F).

32.  Young's hostile behavior was especially hard to understand considering that Plaintiffs were traveling with two infant children flying for their first time, as Syed and Branch indicated at the outset of the interaction, and it would be readily apparent to Young or any objectively reasonable person that the family being able to sit together – even if across the aisle – would be a paramount priority for such passengers.

33.  Young re-assigned Syed to a seat on left side of the plane, approximately 3-5 rows forward of row 40, in a window seat, stating that the new seat for Syed was the closest empty seat.

34.  Young gave Syed and Branch new paper boarding passes.

35.  Syed showed Young the children's birth certificates and Young gave Syed boarding passes for the children.

36.  Young then informed Plaintiffs that as military they could both proceed through the TSA "pre-check" line.

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

37.  Plaintiffs went to the pre-check line and the TSA agent stated that although Syed's military ID would allow him in that line, Branch would not be allowed in that line because she lacked military ID or other paperwork to allow use of the pre-check line.

38.  Syed and Branch observed that the regular TSA line was not crowded so they proceeded to that line and went through security.

39.  After passing through security, Branch called Frontier customer service to inquire about the seating situation, because they had booked their seating in advance, arrived at the airport with confirmed seats together, and had been given no explanation for why they had been separated.

40.  The Frontier customer service agent Branch reached on the phone, identity unknown to Plaintiffs, ("the First Frontier Phone Agent") told Branch that she was restoring their previous seat assignments and told Branch to inform Young that she, the First Frontier Phone Agent, had done so.

41.  The First Frontier Phone Agent said that Frontier routinely booked families with small children who would ride in their parents' lap and there would be no problem.

42.  When Plaintiffs arrived at the gate, they observed that Young, the same person with whom they had interacted at the baggage check-in counter,  was handling the gate.

43.  When Branch informed Young that the First Frontier Phone Agent had restored their seat assignments, Young started speaking to her in a loud and irritated voice.

44.  Young asked, "Who changed your seats?", and Branch told her it was the First Frontier Phone Agent.

45.  Young then stated: "You will listen to me. I am the one that will tell you where you can sit, and I told you that you will not sit together."

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

46.    Branch was made very uncomfortable by this loud and berating behavior as it was creating a scene in front of the other passengers.

47.    Branch asked for an explanation of why they could not sit together and Young still provided no explanation.

48.    Plaintiffs quietly took their seats in the gate waiting area as they wished to avoid further confrontation.

49.    Plaintiffs pre-boarded as a family at approximately 5:30 p.m.

50.    Plaintiffs walked down the aisle and approached their originally assigned seats in Row 40.

51.    At approximately that location a flight attendant confronted them and informed them that she had been made aware about them.

52.    The flight attendant then told Syed and Branch that they would not be able to sit together.

53.    Syed asked the flight attendant why they were receiving this treatment, and she informed Plaintiffs that there was an issue with the available oxygen masks with two lap infants.

54.    Syed and Branch then understood that there was a rational reason for separating them and they abandoned all thoughts and intentions to sit on the same side of the plane in the same row.

55.    Syed and Branch were then standing near their original seats, taking care of their children, and stowing their luggage.

56.    A female passenger sitting in 40F, the window seat on the right side of the plane in Plaintiff's original row, had overheard the conversation about the oxygen masks and she then offered to the flight attendant that she would sit in Syed's reassigned seat so that her

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

seat would be empty, and there would be enough oxygen masks for Plaintiff's family to sit together as four people in one row.

57. The flight attendant stated to the woman in 40F "that will not work."

58. The flight attendant left Plaintiffs' immediate area.

59. Plaintiffs were still in the area of row 40.

60. A passenger then walked toward where Plaintiffs were standing.

61. It appeared to Plaintiffs that he was assigned to 39D.

62. Syed asked that passenger if he would swap seats so that this passenger would take the seat approximately row 35 to which Syed was now assigned, so that Syed and one child could sit in closer proximity to Branch and the other child.

63. The man good-naturedly agreed, sat down in Syed's assigned seat, and proceeded to put his head back in such a manner that he appeared to be falling asleep.

64. At this point, all Plaintiffs were in aisle seats, in adjacent rows, one behind the other, with each adult holding a child in his or her lap, and consequently there was no potential issue with oxygen masks.

65. The plane sat at the gate for what seemed an unusually long time.

66. The plane was nearly full.

67. While waiting for departure Syed and Branch did not witness any passengers make any complaint about them to any crew member.

68. Plaintiffs had no interaction with crew during this interval.

69. During this interval, Plaintiffs had brief interactions with other passengers who were charmed by the babies and Syed and Branch otherwise exchanged pleasantries with the other passengers, including the fact that it was the family's first flight together.

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

70.    A passenger across the aisle asked if she could take a picture of the family on its first flight together and Syed and Branch agreed.

71.    Branch gave the passenger her phone and the passenger took the picture at approximately 6:07 p.m.

72.    Branch posted this picture to Facebook at 6:10 p.m.

73.    Shortly thereafter, Young boarded the plane, marched up to the Plaintiffs, pointed her finger in Syed and Branch's faces, and said: "You and you get your stuff."

74.    Syed and Branch, wordlessly complied by getting their carry on items and children together and followed Young down the aisle.

75.    When they reached the front of the plane Branch asked Young where they were going and she said: "Off."

76.    When Branch asked why, Young informed Syed and Branch that they would be told once they were off the plane.

77.    As they exited the plane into the jetway area just off the airplane Young remained in the airplane doorway.

78.    Branch saw another Frontier employee and asked that person to speak to a supervisor.

79.    Branch recalls that the person stated that she was a supervisor and introduced herself as "Dez", (sp?).

80.    "Dez" was on a walkie-talkie assisting with retrieving Plaintiff's stroller out of the plane's baggage hold.

81.    "Dez" stated in response to an inquiry from Branch that Plaintiffs were being removed from the plane because the "passengers and flight attendants felt uncomfortable with Plaintiffs being on the plane.

EXHIBIT A

82. Dez then left the area via the jetway.

83. Branch again asked why they were being removed from the flight and Young stated that it was because they had made "the flight attendants and passengers uncomfortable."

84. At this point, Plaintiffs observed Young, the flight attendant and another unidentified employee snickering at them from the open plane door.

85. Plaintiffs pressed the Frontier employees for further explanation but received none.

86. Young then pushed past the Plaintiffs, proceeded up the jet way with Plaintiff following well behind, and closed the jet way's terminal door, leaving Plaintiffs in the jet way.

87. Branch pushed on the terminal jetway door but it would not open.

88. Branch went back to the airplane end of the jet way and found that the airplane door was closed.

89. At that point Plaintiffs were locked in the jet way tunnel, with a locked door to the terminal on one side and a locked plane door on the other side.

90. Plaintiff s remained locked in this tunnel, and were unable to exit.  It was hot, they were sweating, and the babies were screaming.  They sat down because of the heat.

91. Frontier controlled the exits of the jet way.

92. Syed and Branch understood that it would be unlawful to go out the jetway door leading to the tarmac and did not attempt that method of leaving the jetway.

93. While still in the jetway Branch called Frontier customer service by her cell phone and a Frontier customer phone service agent, (the "the Second Frontier Phone Agent"), answered.

94. Branch explained the family's circumstances and the Second Frontier Phone Agent said that her records showed that they were on the plane.

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

95.    Branch explained that the family was in the jetway.

96.    The Second Frontier Phone Agent stated that she would get someone to let them out.

97.    Branch was diagnosed years ago for migraine headaches.  Her migraines are sometimes caused by stress.

98.    Branch began developing a headache, likely a migraine, from the stress.

99.    A Frontier Employee opened the terminal door to the jetway and standing next to that person was Young.

100.   The amount of time Plaintiffs and their children were locked in the jetway tunnel is unknown but Plaintiffs estimate a few minutes, approximately 3-10 minutes, and it felt like a very long time.

101.   Branch then initiated another cell phone call to customer service.

102.   Branch spoke to a third telephone customer service agent to request that the family's flight be re-booked.

103.   In the alternative Plaintiff was on hold from the original call and the conversation was a continuation of the call with the Second Frontier Phone Agent – Plaintiff has no clear memory of which it was.  (Plaintiff will hereafter refer to this conversation as being with the "Third Frontier Phone Agent").

104.   The Third Frontier Phone Agent informed Plaintiffs that an agent on the scene needed to make a computer entry showing them as removed from the flight so that rebooking could take place.

105.   The only agent on the scene was Young, so Branch asked the Third Frontier Phone Agent if she, Branch, could put her phone on speaker and the Third Frontier Phone Agent agreed.

11

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

106.    A speaker phone conversation ensued between the Third Frontier Phone Agent, Syed, Branch and Young.

107.    Young initially refused to comply with the Third Frontier Phone Agent's request to change Plaintiff's status from on the flight to off the flight, but eventually, grudgingly, did so, after Third Frontier Phone Agent confronted her and told her it was the least she could do.

108.    The Third Frontier Phone Agent re-booked Plaintiffs for the next day and the phone call ended.

109.    As Plaintiffs were walking away, Young was standing with two other individuals, including "Dez", looking at Plaintiff, and Young started making comments to the Plaintiffs.  Branch was taking a video at this point.  Young said:  "Ma'am I didn't even give you permission to record me and that's illegal.  See you tomorrow."

110.    Plaintiffs ignored this comment and kept walking, at which point Young followed them, walked in front, turned around and stopped them, and said: "I don't think you heard me. I will see you at the gate tomorrow.  It's the exact same crew as today." She then smiled widely and walked away.

111.    Soon thereafter Syed called customer service and confirmed that it was indeed the exact same crew the next day, at which point he cancelled their flight.

112.    Syed later went on-line to the feedback page filed a written complaint with Frontier stating the above story in abbreviated form.

113.    It is not illegal to take videos of flight attendants and/or otherwise take videos on airplanes, 49 U.S.C. 46504.

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

114. In any case Syed and Branch neither took video on the airplane nor harassed flight attendants.

115. It is not illegal for customers to trade seats.

116. Syed's on-line complaint contains an error in that it suggests that Plaintiffs learned of the issue of too many people in the row for the oxygen masks earlier than they actually received that information.

117. Syed called Frontier approximately the next day, spoke to "Lisa", told the story, and asked for the family's money back.

118. Frontier opened investigation No. 180821-001664.

119. Approximately two days later a Frontier representative named "Beth" called Plaintiff Syed's phone and spoke to Syed and Branch by speaker phone.

120. Beth stated that they had investigated the complaint and found that Syed was taking videos after being told by flight attendants to stop, harassing flight attendants, and asking customers to trade seats.

121. On August 21, 2019 "Beth" sent an e-mail to Syed stating that he would receive a refund on the credit card ending in 0676.

122. Plaintiffs have never received a refund on that card or any other card or by any other method.

123. Approximately two months later Branch wrote a Facebook post describing their experience, which generated considerable social media outrage.

124. A number of individuals, including Donna Stern, Branch's mother, contacted Frontier and/or posted on Facebook to complain about Frontier's behavior.

125. Frontier replied by e-mail to some of those who complained by defending its position.

13

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St. Louis County - May 30, 2019 - 01:37 PM

126.  "Beth", Frontier's investigator, wrote to Branch's mother, Donna Stern, on September 13, 2018 at 4:49 p.m. and stated:

    a.  The children "were not included on their reservation".

    b.  "The parent who had been reassigned was now back in their (sic) original seat",

    c.  The "parents were not complying with crew member instructions and insisted on flying in a way that could jeopardize safety of flight".

    d.  "They were provided with a refund".

### NO COMPARATIVE FAULT

127.  Plaintiffs were not at fault in any way.

### NO LEGAL JUSTIFICATION

128.  There was no legal justification for Frontier to throw Plaintiffs off the flight or imprison Plaintiffs in the jetway.

### DAMAGES

129.  Plaintiffs did not receive the benefit of their contract with Frontier because Frontier did not provide transportation to Plaintiff's family from St. Louis to Las Vegas on July 15, 2018.

130.  Due to the cancellation of their tickets, among other reasons, Syed and Branch have not yet married.

131.  All Plaintiffs lost the benefits associated with their expected trip to Las Vegas and the west coast.

132.  Syed and Branch suffered garden variety emotional damages from the loss of the transportation to Las Vegas.

133.  During the time Plaintiffs' were imprisoned in the jetway all four Plaintiffs suffered fear,

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

loss of liberty, uncomfortable conditions, humiliation, indignity, disgrace, stress,

embarrassment and, mental suffering.

### PUNITIVE DAMAGES – NEGLIGENCE, NEGLIGENCE PER SE

134.    Defendant's conduct in throwing Plaintiffs off the flight, through the actions of Young

and other representatives of Frontier, all acting with actual or apparent authority, showed

complete indifference to or conscious disregard for harm to others.

### PUNITIVE DAMAGES - INTENTIONAL TORT AND FALSE IMPRISONMENT

135.    Defendant's conduct in throwing Plaintiffs off the flight and imprisoning Plaintiffs in the

jetway, through the actions of Young and other representatives of Frontier all acting with

actual or apparent authority, was outrageous because of the Defendant authorized

representatives' evil motives and/or reckless indifference to the rights of Plaintiffs.

136.    Frontier's conduct, through the actions of its authorized agents, from the moment

Plaintiffs arrived at the check-in counter until they left the airport, showed complete

indifference to and/or conscious disregard for the safety and rights of Plaintiffs.

### UNFAIR OR DECEPTIVE PRACTICE
### TO BUMP PAYING PASSENGERS FOR NO REASON

137.    The "Transparency Improvements and Compensation to Keep Every Ticketholder Safe

Act of 2017" or the "TICKETS Act", Public Law No: 115-254, Title IV, Subtitle A, Sec.

425, HR 302, passed by both houses and signed by the president, effective October 5,

2018, ("the statute"), (which is a date after this incident}, states in relevant part:

> It shall be an unfair or deceptive practice under subsection (a) for an air carrier or
>
> foreign air carrier subject to part 250 of title 14, Code of Federal Regulations, to
>
> involuntarily deplane a revenue passenger onboard an aircraft, if the revenue
>
> passenger—

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

(A)     is traveling on a confirmed reservation; and

(B)     checked-in for the relevant flight prior to the check-in deadline.

138.    When Defendant expelled Plaintiffs from the airplane, Defendant violated this Act,

(although the act was not yet effective).

### COUNT I – NEGLIGENCE
### Failure to Transport Plaintiffs
### All Plaintiffs Against Defendant

139.    Plaintiffs incorporate all prior paragraphs.

140.    Plaintiffs had confirmed paid for tickets to Las Vegas on Frontier flight F9 87 for July 15,

2018 from St. Louis to Las Vegas.

141.    Plaintiffs and Defendant had the relationship of passenger and common carrier.

142.    Defendant had a duty to exercise the highest degree of care to safely transport Plaintiffs

to Las Vegas.[1]

143.    Plaintiff boarded the plane for the flight.

144.    Defendant, through its authorized representatives, removed Plaintiffs from the plane.

145.    Defendant, through its authorized representatives, made it impossible for Plaintiffs to go

to Las Vegas the next day.

146.    Plaintiffs did not go to Las Vegas at all.

147.    When Defendant, through its authorized representatives, removed Plaintiffs from the

plane and prevented them from going the next day, Defendant breached its duty to

transport Plaintiffs to Las Vegas.

---

[1]*Spencer v. Am. Airlines, Inc.*, 553 S.W.3d 861, 867 (Mo. Ct. App. 2018), *Dykens v. E. Airlines, Inc.*, 865 F.2d 1271 (9th Cir. 1989), *Goliger Trading Co. of N. Y. v. Chicago & N. W. Ry. Co.*, 184 F.2d 876, 880 (7th Cir. 1950), *Baltimore & O.R. Co. v. Thornton*, 188 F. 868, 877–78 (4th Cir. 1911), *Siegel v. Illinois Cent. R. Co.*, 186 Mo. App. 645, 172 S.W. 420, 422 (1915).

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

148.   Defendant, through its authorized representatives failed to use to use that degree of care that a very careful person would have used under the same or similar circumstances to provide Plaintiffs transportation to Las Vegas.

149.   It was reasonably foreseeable to Defendant that Plaintiffs would suffer damages if Defendant, through its authorized representatives, removed Plaintiffs from the plane and made it impossible for them to go to Las Vegas the next day.

150.   Plaintiffs suffered the special and general damages associated with the loss of the transportation.

151.   Plaintiffs suffered garden variety emotional distress.

152.   Defendant's conduct, through its authorized representatives, showed complete indifference to or conscious disregard for harm to others.[2]

153.   Defendant's conduct, through its authorized representatives, demonstrated conscious negligence tantamount to intentional wrongdoing because Defendant's authorized agents were conscious of their conduct, and, though having no specific intent to injure, must have been conscious, from their knowledge of surrounding circumstances and existing conditions, that their conduct would naturally or probably result in injury[3] and/or that there was a high probability that their conduct would result in injury.[4]

---

[2]*Hoover's Dairy, Inc. v. Mid-Am. Dairymen, Inc./Special Prods., Inc.*, 700 S.W.2d 426, 435 (Mo. banc 1985), MAI 10.02.
[3]*Tubbs v. BNSF Ry. Co., Inc.*, 562 S.W.3d 323, 340–41 (Mo. Ct. App. 2018)
[4]*Poage v. Crane Co.*, 523 S.W.3d 496, 515 (Mo. App. E.D. 2017) (quoting *Letz v. Turbomeca Engine Corp.*, 975 S.W.2d 155, 164 (Mo. App. W.D. 1997) (en banc)), *Oyler v. Hy-Vee, Inc.*, 539 S.W.3d 742, 746 (Mo. Ct. App. 2017)

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

WHEREFORE, on Count I Plaintiffs pray for judgment against Defendant under the theory of negligence for compensatory damages in excess of $25,000.00, punitive damages, costs, and for such other relief as the court finds to be just, meet and reasonable.

## COUNT II – NEGLIGENCE PER SE
### Violation of TICKETS Act
### All Plaintiffs Against Defendant

154. Plaintiffs incorporate all prior paragraphs.

155. Plaintiffs checked in prior to the check-in deadline

156. Plaintiffs entered and went to their seats on the airplane as paid passengers with confirmed reservations.

157. Defendant forced Plaintiffs to involuntarily deplane.

158. The TICKETS Act, albeit enacted into law after this incident, defines the duty of the common carrier to transport paying passengers.[5]

159. Pursuant to the statute under these circumstances it was an unfair or deceptive practice to involuntarily deplane Plaintiffs.

160. Defendant, through its authorized representatives, violated the statute.

161. Plaintiffs are members of the class of persons intended to be protected by the statute.

162. The damages outlined above are the kind of damages the statute was designed to prevent.

163. The violation of the statute was the cause of Plaintiff's damages.[6]

164. Defendant's conduct, through its authorized representatives, showed complete indifference to and/or conscious disregard for harm to others.[7]

---

[5] Plaintiffs are unaware of any precedent stating that a later enacted statute may not relate back in a negligence per se claim.
[6] *Martinez v. Kilroy Was Here LLC*, 551 S.W.3d 491, 496 (Mo. Ct. App. 2018)
[7] *Hoover's Dairy, Inc. v. Mid-Am. Dairymen, Inc./Special Prods., Inc.*, 700 S.W.2d 426, 435 (Mo. banc 1985), MAI 10.02.

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

165.   Defendant's conduct, through its authorized representatives, demonstrated conscious negligence tantamount to intentional wrongdoing because Defendant's authorized agents were conscious of their conduct, and, though, in the alternative, having no specific intent to injure, must have been conscious, from their knowledge of surrounding circumstances and existing conditions, that their conduct would naturally or probably result in injury[8] and/or that there was a high probability that their conduct would result in injury.[9]

WHEREFORE, on Count II Plaintiffs pray for judgment against Defendant under the theory of negligence per se for compensatory damages in excess of $25,000.00, punitive damages, costs, and for such other relief as the court finds to be just, meet and reasonable.

### COUNT III – NEGLIGENCE
**Manner of Removal from Plane**
**All Plaintiffs Against Defendant**

166.   Plaintiffs incorporate all prior paragraphs.

167.   Defendant and its agents had a duty as a common carrier to exercise ordinary care under the circumstances for the well-being and treatment of its passengers.

168.   It was reasonably foreseeable that Defendant and its agents' improper treatment of the Plaintiffs in the manner in which they were removed from the plane would result in aggravation, inconvenience, distress, and would deprive them of their family trip.

169.   Defendant and its agents breached the duty of a common carrier to Plaintiffs by the cruel and callous manner by which they ejected Plaintiffs from the aircraft, including by drawing attention to Plaintiffs as though they were criminals in front of all the passengers

---

[8]*Tubbs v. BNSF Ry. Co., Inc.*, 562 S.W.3d 323, 340–41 (Mo. Ct. App. 2018)
[9]*Poage v. Crane Co.*, 523 S.W.3d 496, 515 (Mo. App. E.D. 2017) (quoting *Letz v. Turbomeca Engine Corp.*, 975 S.W.2d 155, 164 (Mo. App. W.D. 1997) (en banc)), *Oyler v. Hy-Vee, Inc.*, 539 S.W.3d 742, 746 (Mo. Ct. App. 2017)

19

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

heading to Las Vegas, by terrifying Plaintiffs, leaving them in a locked jetway, and intimidating them into cancelling their rescheduled flight.

170.    As a result, all Plaintiffs suffered monetary damages, inconvenience, embarrassment, and emotional distress from this outrageous conduct, which continue to affect all Plaintiffs.

WHEREFORE, on Count III Plaintiffs pray for judgment against Defendant under the theory of negligent manner of removal from the airplane for compensatory damages in excess of $25,000.00, punitive damages, costs, and for such other relief as the court finds to be just, meet and reasonable.

### COUNT IV – INTENTIONAL TORT
### Intentional Removal from Plane
### All Plaintiffs Against Defendant

171.    Plaintiffs incorporate all prior paragraphs.

172.    Defendant, through its authorized representatives, intentionally removed Plaintiffs from the plane.

173.    At the time there was no statute, law or regulation specifically making unlawful the removal of Plaintiffs from the plane.

174.    The removal of Plaintiffs from the plane caused Plaintiffs damages as outlined above.

175.    There was no justification and/or there was insufficient justification for Defendant's removal of Plaintiffs from the plane.[10]

176.    Defendant's conduct, through its authorized representatives, was outrageous because of Defendant's evil motive or reckless indifference to the safety and rights of others.[11]

---

[10]*Porter v. Crawford & Co.*, 611 S.W.2d 265, 268 (Mo. App. 1980), *Billingsley v. Farmers All. Mut. Ins. Co.*, 555 S.W.3d 1, 6–7 (Mo. Ct. App. 2018).
[11] MAI 10.01

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

WHEREFORE, on Count IV Plaintiffs pray for judgment against Defendant under the theory of intentional tort for compensatory damages in excess of $25,000.00, punitive damages, costs, and for such other relief as the court finds to be just, meet and reasonable.

### COUNT V – INTENTIONAL TORT
**False Imprisonment in the Jetway
All Plaintiffs Against Defendant**

177.    Plaintiff incorporates all prior paragraphs.

178.    By confining Plaintiffs into the overheated jet way with no exit, Young knowingly and unlawfully constrained Plaintiffs and completely restricted their movement without their consent.

179.    The Plaintiffs were aware that they had been locked in the jetway and were not free to leave, which was a substantial interference with their liberty.

180.    The actions of Defendant's agents were reasonably foreseeable in that the actions of defendant's agents were within the scope of their employment.

181.    As a result Plaintiffs suffered damages including humiliation, heat duress, mental anguish, and fear for their wellbeing and that of their children.

182.    Defendant's conduct, through its authorized representatives, was outrageous because of Defendant's evil motive or reckless indifference to the rights of others. [12]

WHEREFORE, on Count V Plaintiffs pray for judgment against Defendant under the theory of false imprisonment for compensatory damages in excess of $25,000.00, punitive damages, costs, and for such other relief as the court finds to be just, meet and reasonable.

### COUNT VI - BREACH OF CONTRACT
**Breach of Contractual Duty to Transport Plaintiffs to Las Vegas**

---

[12] MAI 10.01

EXHIBIT A

Electronically Filed - St Louis County - September 20, 2019 - 11:51 AM
Electronically Filed - St Louis County - May 30, 2019 - 01:37 PM

**Syed and Branch Against Defendant**

183.    Plaintiff incorporates all prior paragraphs.

184.    Plaintiffs and Defendant Frontier entered into a contract of carriage to transport Plaintiffs from St Louis, MO to Las Vegas, NV.

185.    As consideration for this contract, Plaintiffs paid $211.40.

186.    Plaintiffs complied in every way with the conditions of the contract.

187.    Under the terms of the contract, Frontier may refuse carriage for a limited set of reasons, none of which were applicable when they refused to carry Plaintiffs.

188.    By refusing to carry Plaintiffs after they had purchased valid tickets and engaged in a binding contract, Defendant Frontier breached the contract by its refusal to perform.

189.    As a result, Plaintiffs suffered actual, consequential and benefit of the bargain damages[13] as a direct result of Defendant's breach, in an amount to be determined at trial.

WHEREFORE, on Count VI Plaintiff prays for compensatory damages in a fair and reasonable amount, court costs, and for such other relief as the court finds to be just, meet and reasonable.

Respectfully Submitted,

   /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
Attorney for Plaintiffs
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

---

[13] *Catroppa v. Metal Bldg. Supply, Inc.*, 267 S.W.2d 522, 531 (Mo Banc. 1983), *Curators of the University of Missouri v. Suppes*, WD81278, January 8, 2019, 2019 WL 121983.

EXHIBIT A