Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**IN THE 21ST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | |
| SHELLY RENEE BRANCH, | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) | |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No.: 19SL-CC02229-01 |
| | ) | Judge Joseph L. Walsh III |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant FRONTIER AIRLINES, INC. ("Frontier") by its undersigned counsel for its

Answer and Affirmative Defenses to Plaintiffs' Complaint states:

1.  This is an action against Frontier Airlines. Inc. (hereinafter "Frontier"). The suit arises from an incident that occurred on July 15, 2018 when Plaintiffs were mistreated and harassed by a Frontier Check In and Gate Agent, baselessly removed from their flight, locked in a hot jetway, threatened by the same Gate Agent about the similar treatment that they would receive the following day for their rebooked flight. Plaintiff makes claims for negligent failure to transport, negligence *per se*, negligent manner of removal from the airplane, intentional tort, false imprisonment, and breach of contract.

**ANSWER:**    Frontier admits that Plaintiffs allege negligent failure to transport, negligence *per*

*se*, negligent manner of removal from the airplane, intentional tort, false imprisonment, and

breach of contract related to an incident that occurred on July 15, 2018. Frontier denies the

remaining allegations contained in Paragraph 1.

2.  Plaintiffs Ashfaq Hussain Syed and Shelly Renee Branch are single individuals who reside together at 5 Country Club Dr., Fulton, MO, 65251, Callaway County.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 2.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

3.      Plaintiff A.M.S. is an infant child, Date of Birth: December 16, 2016, proceeding by Next Friend Ashfaq Hussain Syed (presuming appointment).

**ANSWER:**      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3.

4.      Plaintiff N.G.S. is an infant child, Date of Birth: December 16, 2016, A.M.S.'s twin, proceeding by Next Friend Ashfaq Hussain Syed, (presuming appointment).

**ANSWER:**      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4.

5.      A.M.S. and N.G.S. are the natural children of Syed and Branch and reside with them.

**ANSWER:**      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5.

6.      Before any proceedings occur in this case Syed will seek appointment as Next Friend of A.M.S. and N.G.S.

**ANSWER:**      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6.

7.      Syed and Branch are a mixed-racial couple and Syed is of Middle Eastern complexion and descent.

**ANSWER:**      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7.

8.      Syed is a Sergeant First Class in the Missouri Army National Guard.

**ANSWER:**      Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8.

9.      Syed has a Master's Degree in nuclear engineering and works as a supervisor in the Control Room of the Callaway Energy Center, a nuclear power plant in Callaway County, Missouri, which is owned and operated by Ameren Corporation, a large regional electric utility.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9.

10.    Frontier Air Lines is a Nevada corporation with its principal place of business in Colorado. Frontier has a place of business in St. Louis County, Missouri. Frontier operates regularly scheduled commercial air service into St Louis County, Missouri multiple times a week, and in this County sells tickets for carriage. Frontier has substantial revenues and expenses in St. Louis County.

**ANSWER:**    Frontier admits only that its principal place of business is in Colorado, that it does business in St. Louis County, Missouri, and that it operates regularly scheduled commercial flights into St. Louis, Missouri. Frontier denies the remaining allegations contained in Paragraph 10.

11.    Frontier reached into Missouri and sold Plaintiffs the tickets that form the genesis of this dispute.

**ANSWER:**    Paragraph 11 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 11.

12.    The injuries suffered by the Plaintiffs arise directly out of the Defendant's conduct at the St. Louis Lambert International Airport which is in St. Louis County, Missouri.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 12.

13.    Personal Jurisdiction over Defendant is proper in Missouri under the Missouri long arm statute, RS Mo. 506.500.

**ANSWER:**    Paragraph 13 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 13.

14.    Plaintiff demands jury trial.

**ANSWER:**    Paragraph 14 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 14.

15.    Plaintiffs are informed and believe, and thereon allege on inference, that at all times herein mentioned, the complained of employees of Defendant Frontier were the agents,

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

servants and employees of Defendant Frontier, and at all times herein mentioned, each was acting within the scope and course of said agency and employment.

**ANSWER:**    Paragraph 15 contains conclusions of law to which no response is required. In the

event a response is deemed required, Frontier denies the allegations contained in Paragraph 15.

16.    All Plaintiffs complied in all respects, whether or not material, with all legal and lawful conditions, requirements, ordinances, regulations and other legal and contractual undertakings incumbent upon them in connection with the Frontier Contract of Carriage, and with the rules and ordinances of the authorities at the airport of departure and proposed arrival, and all aircraft placards and crew member instructions.

**ANSWER:**    Paragraph 16 contains conclusions of law to which no response is required. In the

event a response is deemed required, Frontier denies the allegations contained in Paragraph 16.

17.    On Thursday, July 12, 2018 Branch went on line to Defendant's website and purchased confirmed tickets for the four Plaintiffs to fly one way from St Louis to Las Vegas, NV, departing on Sunday, July 15, 2018 at 5:59 p.m., Frontier Flight No. F9 87, confirmation no. YB517D.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 17.

18.    Syed and Branch were not certain of their return date and that was why Branch only purchased tickets for one way.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 18.

19.    Branch selected seats 40D and 40E for herself and Syed. Because the children were under two at the time there was no charge for their travel and they were expected to sit on Syed and Branch's laps.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 19.

20.    The total fee for all four one way tickets was $211.40, which included a $30.00 bag fee for one bag and two $13.00 fees for seats reserved in advance of boarding.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20.

21.    Branch paid for the trip with a Bank of America credit card.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21.

22.    The purpose of the trip was for Syed and Branch to get married in Las Vegas, with their children with them, and then to go as a family to see friends on the California coast.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22.

23.    During the 24 hour period before the flight Branch and Syed checked in and received boarding passes on their phones.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 23.

24.    When Plaintiffs arrived at the check in counter, they encountered a Frontier agent whose badge Plaintiff later read to read "Jerrasha Young" ("Young").

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 24.

25.    Syed handed over his military ID card with his full name: Ashfaq Hussain Syed.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 25.

26.    Young immediately became disagreeable and hostile.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 26.

27.    Branch asked Young to waive the bag fee because the Frontier website offers free luggage for military personnel.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     Young informed Plaintiffs that Syed and Branch would have to pay for the bag, despite the Frontier policy of providing free baggage carriage to military personnel.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 28.

29.     Young then informed Plaintiffs that they could not sit together, despite the fact that Plaintiffs had confirmed seating together.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     Plaintiff asked why and Young said that if Branch was going to argue and not accept that Branch and Syed could not sit together Plaintiffs would have to cancel their tickets.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     At no time did Young explain her reason for refusing to allow the Plaintiffs to sit together or explain that there was an issue with available oxygen masks for five people seated in a three seat row (the four Plaintiffs plus whoever was in 40F).

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Young's hostile behavior was especially hard to understand considering that Plaintiffs were traveling with two infant children flying for their first time, as Syed and Branch indicated at the outset of the interaction, and it would be readily apparent to Young or any objectively reasonable person that the family being able to sit together- even if across the aisle - would be a paramount priority for such passengers.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 32.

33.     Young re-assigned Syed to a seat on left side of the plane, approximately 3-5 rows forward of row 40, in a window seat, stating that the new seat for Syed was the closest empty seat.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 33.

33.    Young gave Syed and Branch new paper boarding passes.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 34.

35.    Syed showed Young the children's birth certificates and Young gave Syed boarding passes for the children.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 35.

36.    Young then informed Plaintiffs that as military they could both proceed through the TSA "pre-check" line.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 36.

37.    Plaintiffs went to the pre-check line and the TSA agent stated that although Syed's military ID would allow him in that line, Branch would not be allowed in that line because she lacked military ID or other paperwork to allow use of the pre-check line.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 37.

38.    Syed and Branch observed that the regular TSA line was not crowded so they proceeded to that line and went through security.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 38.

39.    After passing through security, Branch called Frontier customer service to inquire about the seating situation, because they had booked their seating in advance, arrived at the airport with confirmed seats together, and had been given no explanation for why they had been separated.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 39.

40.    The Frontier customer service agent Branch reached on the phone, identity unknown to Plaintiffs, ("the First Frontier Phone Agent") told Branch that she was restoring their previous seat assignments and told Branch to inform Young that she, the First Frontier Phone Agent, had done so.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 40.

41.    The First Frontier Phone Agent said that Frontier routinely booked families with small children who would ride in their parents' lap and there would be no problem.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 41.

42.    When Plaintiffs arrived at the gate, they observed that Young, the same person with whom they had interacted at them baggage check-in counter, was handling the gate.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 42.

43.    When Branch informed Young that the First Frontier Phone Agent had restored their seat assignments, Young started speaking to her in a loud and irritated voice.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 43.

44.    Young asked, "Who changed your seats?," and Branch told her it was the First Frontier Phone Agent.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 44.

45.    Young then stated: "You will listen to me. I am the one that will tell you where you can sit, and l told you that you will not sit together."

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 45.

46.    Branch was made very uncomfortable by this loud and berating behavior as it was creating a scene in front of the other passengers.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 46.

47.    Branch asked for an explanation of why they could not sit together and Young still provided no explanation.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 47.

48.    Plaintiffs quietly took their seats in the gate waiting area as they wished to avoid further confrontation.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 48.

49.    Plaintiffs pre-boarded as a family at approximately 5:30 p.m.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 49.

50.    Plaintiffs walked down the aisle and approached their originally assigned seats in Row 40.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 50.

51.    At approximately that location a flight attendant confronted them and informed them that she had been made aware about them.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 51.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

52.    The flight attendant then told Syed and Branch that they would not be able to sit together.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 52.

53.    Syed asked the flight attendant why they were receiving this treatment, and she informed Plaintiffs that there was an issue with the available oxygen masks with two lap infants.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 53.

54.    Syed and Branch then understood that there was a rational reason for separating them and they abandoned all thoughts and intentions to sit on the same side of the plane in the same row.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 54.

55.    Syed and Branch were then standing near their original seats, taking care of their children, and stowing their luggage.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 55.

56.    A female passenger sitting in 40F, the window seat on the right side of the plane in Plaintiff's original row, had overheard the conversation about the oxygen masks and she then offered to the flight attendant that she would sit in Syed's reassigned seat so that her seat would be empty, and there would be enough oxygen masks for Plaintiffs family to sit together as four people in one row.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 56.

57.    The flight attendant stated to the woman in 40F "that will not work."

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 57.

58.    The flight attendant left Plaintiffs' immediate area.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 58.

59.     Plaintiffs were still in the area of row 40.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 59.

60.     A passenger then walked toward where Plaintiffs were standing.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 60.

61.     It appeared to Plaintiffs that he was assigned to 39D.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 61.

62.     Syed asked that passenger if he would swap seats so that this passenger would take the seat approximately row 35 to which Syed was now assigned, so that Syed and one child could sit in closer proximity to Branch and the other child.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 62.

63.     The man good-naturedly agreed, sat down in Syed's assigned seat, and proceeded to put his head back in such a manner that he appeared to be falling asleep.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 63.

64.     At this point, all Plaintiffs were in aisle seats, in adjacent rows, one behind the other, with each adult holding a child in his or her lap, and consequently there was no potential issue with oxygen masks.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 64.

65.     The plane sat at the gate for what seemed an unusually long time.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 65.

66.    The plane was nearly full.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 66.

67.    While waiting for departure Syed and Branch did not witness any passengers make any complaint about them to any crew member.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 67.

68.    Plaintiffs had no interaction with crew during this interval.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 68.

69.    During this interval, Plaintiffs had brief interactions with other passengers who were charmed by the babies and Syed and Branch otherwise exchanged pleasantries with the other passengers, including the fact that it was the family's first flight together.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 69.

70.    A passenger across the aisle asked if she could take a picture of the family on its first flight together and Syed and Branch agreed.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 70.

71.    Branch gave the passenger her phone and the passenger took the picture at approximately 6:07 p.m.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 71.

72.    Branch posted this picture to Facebook at 6:10 p.m.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 72.

73.     Shortly thereafter, Young boarded the plane, marched up to the Plaintiffs, pointed her finger in Syed and Branch's faces, and said: "You and you get your stuff."

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 73.

74.     Syed and Branch, wordlessly complied by getting their carryon items and children together and followed Young down the aisle.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 74.

75.     When they reached the front of the plane Branch asked Young where they were going and she said: "Off."

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 75.

76.     When Branch asked why, Young informed Syed and Branch that they would be told once they were off the plane.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 76.

77.     As they exited the plane into the jetway area just off the airplane Young remained in the airplane doorway.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 77.

78.     Branch saw another Frontier employee and asked that person to speak to a supervisor.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 78.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

79.    Branch recalls that the person stated that she was a supervisor and introduced herself as "Dez." (sp").

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 79.

80.    "Dez" was on a walkie-talkie assisting with retrieving Plaintiffs stroller out of the plane's baggage hold.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 80.

81.    "Dez" stated in response to an inquiry from Branch that Plaintiffs were being removed from the plane because the "passengers and flight attendants felt uncomfortable with Plaintiffs being on the plane.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 81.

82.    Dez then left the area via the jetway.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 82.

83.    Branch again asked why they were being removed from the flight and Young stated that it was because they had made "the flight attendants and passengers uncomfortable."

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 83.

84.    At this point, Plaintiffs observed Young, the flight attendant and another unidentified employee snickering at them from the open plane door.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 84.

85.    Plaintiffs pressed the Frontier employees for further explanation but received none.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 85.

86.    Young then pushed past the Plaintiffs, proceeded up the jet way with Plaintiff following well behind, and closed the jet way's terminal door, leaving Plaintiffs in the jet way.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 86.

87.    Branch pushed on the terminal jetway door but it would not open.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 87.

88.    Branch went back to the airplane end of the jet way and found that the airplane door was closed.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 88.

89.    At that point Plaintiffs were locked in the jet way tunnel, with a locked door to the terminal on one side and a locked plane door on the other side.

**ANSWER:**    Frontier denies the allegations in Paragraph 89.

90.    Plaintiffs remained locked in this tunnel, and were unable to exit. It was hot, they were sweating, and the babies were screaming. They sat down because of the heat.

**ANSWER:**    Frontier denies the allegations in Paragraph 90.

91.    Frontier controlled the exits of the jet way.

**ANSWER:**    Paragraph 91 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 91.

92.    Syed and Branch understood that it would be unlawful to go out the jetway door leading to the tarmac and did not attempt that method of leaving the jetway.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 92.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

93.    While still in the jetway Branch called Frontier customer service by her cell phone and a Frontier customer phone service agent, (the "the Second Frontier Phone Agent"), answered.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 93.

94.    Branch explained the family's circumstances and the Second Frontier Phone Agent said that her records showed that they were on the plane.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 94.

95.    Branch explained that the family was in the jetway.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 95.

96.    The Second Frontier Phone Agent stated that she would get someone to let them out.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 96.

97.    Branch was diagnosed years ago for migraine headaches. Her migraines are sometimes caused by stress.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 97.

98.    Branch began developing a headache, likely a migraine, from the stress.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 98.

99.    A Frontier Employee opened the terminal door to the jetway and standing next to that person was Young.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 99.

100.    The amount of time Plaintiffs and their children were locked in the jetway tunnel is unknown but Plaintiffs estimate a few minutes, approximately 3-10 minutes, and it felt like a very long time.

**ANSWER:**    Frontier denies the allegations in Paragraph 100.

101.    Branch then initiated another cell phone call to customer service.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 101.

102.    Branch spoke to a third telephone customer service agent to request that the family's flight be re-booked.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 102.

103.    In the alternative Plaintiff was on hold from the original call and the conversation was a continuation of the call with the Second Frontier Phone Agent- Plaintiff has no clear memory of which it was. (Plaintiff will hereafter refer to this conversation as being with the "Third Frontier Phone Agent").

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 103.

104.    The Third Frontier Phone Agent informed Plaintiffs that an agent on the scene needed to make a computer entry showing them as removed from the flight so that rebooking could take place.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 104.

105.    The only agent on the scene was Young, so Branch asked the Third Frontier Phone Agent if she, Branch, could put her phone on speaker and the Third Frontier Phone Agent agreed.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 105.

106.    A speaker phone conversation ensued between the Third Frontier Phone Agent, Syed, Branch and Young.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 106.

107.    Young initially refused to comply with the Third Frontier Phone Agent's request to change Plaintiffs' status from on the flight to off the flight, but eventually, grudgingly, did so, after Third Frontier Phone Agent confronted her and told her it was the least she could do.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 107.

108.    The Third Frontier Phone Agent re-booked Plaintiffs for the next day and the phone call ended.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 108.

109.    As Plaintiffs were walking away, Young was standing with two other individuals, including "Dez", looking at Plaintiff, and Young started making comments to the Plaintiffs. Branch was taking a video at this point. Young said: "Ma'am I didn't even give you permission to record me and that's illegal. See you tomorrow."

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 109.

110.    Plaintiffs ignored this comment and kept walking, at which point Young followed them, walked in front, turned around and stopped them, and said: "I don't think you heard me. I will see you at the gate tomorrow. It's the exact same crew as today." She then smiled widely and walked away.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 110.

111.    Soon thereafter Syed called customer service and confirmed that it was indeed the exact same crew the next day, at which point he cancelled their flight.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 111.

112.    Syed later went on-line to the feedback page filed a written complaint with Frontier stating the above story in abbreviated form.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 112.

113.    It is not illegal to take videos of flight attendants and/or otherwise take videos on airplanes, 49 U.S.C. 46504.

**ANSWER:**    Paragraph 113 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 113.

114.    In any case Syed and Branch neither took video on the airplane nor harassed flight attendants.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 114.

115.    It is not illegal for customers to trade seats.

**ANSWER:**    Paragraph 115 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 115.

116.    Syed's on-line complaint contains an error in that it suggests that Plaintiffs learned of the issue of too many people in the row for the oxygen masks earlier than they actually received that information.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 116.

117.    Syed called Frontier approximately the next day, spoke to "Lisa", told the story, and asked for the family's money back.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 117.

117.    Frontier opened investigation No. 180821-001664.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 118.

119.    Approximately two days later a Frontier representative named Beth called Plaintiff Syed's phone and spoke to Syed and Branch by speaker phone.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 119.

120.    Beth stated that they had investigated the complaint and found that Syed was taking videos after being told by flight attendants to stop, harassing flight attendants, and asking customers to trade seats.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 120.

121.    On August 21, 2019 "Beth" sent an e-mail to Syed stating that he would receive a refund on the credit card ending in 0676.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 121.

122.    Plaintiffs have never received a refund on that card or any other card or by any other method.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 122.

123.    Approximately two months later Branch wrote a Facebook post describing their experience, which generated considerable social media outrage.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 123.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

124.    A number of individuals, including Donna Stern, Branch's mother, contacted Frontier and/or posted on Facebook to complain about Frontier's behavior.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 124.

125.    Frontier replied by e-mail to some of those who complained by defending its position.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 125.

126.    "Beth", Frontier's investigator, wrote to Branch' s mother, Donna Stern, on September 13, 2018 at 4:49 p.m. and stated:

    a.    The children "were not included on their reservation".
    b.    "The parent who had been reassigned was now back in their (sic) original seat",
    c.    The "parents were not complying with crew member instructions and insisted on flying in a way that could jeopardize safety of flight".
    d.    "They were provided with a refund".

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 126.

127.    Plaintiffs were not at fault in any way.

**ANSWER:**    Paragraph 127 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 127.

128.    There was no legal justification for Frontier to throw Plaintiffs off the flight or imprison Plaintiffs in the jetway.

**ANSWER:**    Paragraph 128 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 128.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

129.    Plaintiffs did not receive the benefit of their contract with Frontier because Frontier did not provide transportation to Plaintiffs' family from St. Louis to Las Vegas on July 15, 2018.

**ANSWER:**    Paragraph 129 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 129.

130.    Due to the cancellation of their tickets, among other reasons, Syed and Branch have not yet married.

**ANSWER:**    Frontier denies the allegations that Syed and Branch have not married due to the cancellation of their tickets. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 130.

131.    All Plaintiffs lost the benefits associated with their expected trip to Las Vegas and the west coast.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 131.

132.    Syed and Branch suffered garden variety emotional damages from the loss of the transportation to Las Vegas.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 132.

133.    During the time Plaintiffs were imprisoned in the jetway all four Plaintiffs suffered fear, loss of liberty, uncomfortable conditions, humiliation, indignity, disgrace, stress, embarrassment and, mental suffering.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 133.

134.    Defendant's conduct in throwing Plaintiffs off the flight, through the actions of Young and other representatives of Frontier, all acting with actual or apparent authority, showed complete indifference to or conscious disregard for harm to others.

**ANSWER:**    Paragraph 134 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 134.