135. Defendant's conduct in throwing Plaintiffs off the flight and imprisoning Plaintiffs in the jetway, through the actions of Young and other representatives of Frontier all acting with actual or apparent authority, was outrageous because of the Defendant authorized representatives' evil motives and/or reckless indifference to the rights of Plaintiffs.

**ANSWER:** Paragraph 135 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 135.

136. Frontier's conduct, through the actions of its authorized agents, from the moment Plaintiffs arrived at the check-in counter until they left the airport, showed complete indifference to and/or conscious disregard for the safety and rights of Plaintiffs.

**ANSWER:** Paragraph 136 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 136.

137. The "Transparency lmprovements and Compensation to Keep Every Ticketholder Safe Act of 2017" or the "TICKETS Act", Public Law No: I 15-254, Title N, Subtitle A, Sec. 425, HR 302, passed by both houses and signed by the president, effective October 5, 2018, ("the statute"), (which is a date after this incident), states in relevant part:

> It shall be an unfair or deceptive practice under subsection (a) for an air carrier or foreign air carrier subject to part 250 of title 14, Code of Federal Regulations, to involuntarily deplane a revenue passenger onboard an aircraft, if the revenue passenger –
>
> (A)   is traveling on a confirmed reservation; and
> (B)   checked-in for the relevant flight prior to the check-in deadline.

**ANSWER:** Paragraph 137 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 137.

138. When Defendant expelled Plaintiffs from the airplane, Defendant violated this Act, (although the act was not yet effective).

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**ANSWER:** Paragraph 138 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 138.

## COUNT I – NEGLIGENCE
### Failure to Transport Plaintiffs

139-153. Defendant FRONTIER AIRLINES, INC. responds to Count I of Plaintiffs' Complaint through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith.

## COUNT II – NEGLIGENCE PER SE
### Violation of TICKETS Act

154-165. Defendant FRONTIER AIRLINES, INC. responds to Count II of Plaintiffs' Complaint through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith.

## COUNT III – NEGLIGENCE
### Manner of Removal from Plane

166-170. Defendant FRONTIER AIRLINES, INC. responds to Count III of Plaintiffs' Complaint through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith.

## COUNT IV – INTENTIONAL TORT
### Intentional Removal from Plane

171-176. Defendant FRONTIER AIRLINES, INC. responds to Count IV of Plaintiffs' Complaint through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

## COUNT V – INTENTIONAL TORT
### False Imprisonment in the Jetway

177-182. Defendant FRONTIER AIRLINES, INC. responds to Count V of Plaintiffs' Complaint through its Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith.

## COUNT VI – BREACH OF CONTRACT
### Breach of Contractual Duty to Transport Plaintiffs to Las Vegas

183. Plaintiff incorporates all prior paragraphs.

**ANSWER:** Frontier incorporates its Answers to all prior paragraphs.

184. Plaintiffs and Defendant Frontier entered into a contract of carriage to transport Plaintiffs from St Louis, MO to Las Vegas, NV.

**ANSWER:** Frontier admits the allegations contained in Paragraph 184.

185. As consideration for this contract, Plaintiffs paid $211.40.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 185.

186. Plaintiffs complied in every way with the conditions of the contract.

**ANSWER:** Frontier denies the allegations contained in Paragraph 186.

187. Under the terms of the contract, Frontier may refuse carriage for a limited set of reasons, none of which were applicable when they refused to carry Plaintiffs.

**ANSWER:** Paragraph 187 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits that under the contract of carriage, Frontier has the right to refuse to provide transportation to persons for various reasons. Frontier denies the remaining allegations contained in Paragraph 187.

188. By refusing to carry Plaintiffs after they had purchased valid tickets and engaged in a binding contract, Defendant Frontier breached the contract by its refusal to perform.

**ANSWER:** Frontier denies the allegations contained in Paragraph 188.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

189. As a result, Plaintiffs suffered actual, consequential and benefit of the bargain damages as a direct result of Defendant's breach, in an amount to be determined at trial.

**ANSWER:** Frontier denies the allegations contained in Paragraph 189.

## GENERAL DENIAL

Defendant FRONTIER AIRLINES, INC. denies all allegations of Plaintiffs' Complaint which are not specifically admitted above.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Complaint, Defendant FRONTIER AIRLINES, INC. raises and preserves the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

1. On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2. Frontier herewith files its Answer to Plaintiffs' Complaint and denies all allegations of negligence and wrongdoing.

3. As further stated in Frontier's Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith, Counts I, II, III, IV, and V of Plaintiffs' Complaint fail to state claims upon which relief can be granted.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint with prejudice.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

**SECOND AFFIRMATIVE DEFENSE**

1. On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2. Frontier herewith files its Answer to Plaintiffs' Complaint and denies all allegations of negligence and wrongdoing.

3. As further stated in Frontier's Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith, Plaintiffs cannot recover under the Count II of their Complaint because the TICKETS Act of 2018, Pub. L. No. 115-254, 132 Stat. 3186 was not in effect at the time of the alleged incident and does not create a private right of action.

4. Alternatively, Plaintiffs' claims are preempted, in whole or in part, by federal law.

5. Further in the alternative, Frontier has complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

6. Further in the alternative, Plaintiffs' alleged damages, if any, are barred or limited under applicable law, and Plaintiffs have failed to mitigate their damages.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint with prejudice.

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

## THIRD AFFIRMATIVE DEFENSE

1. On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2. Frontier herewith files its Answer to Plaintiffs' Complaint and denies all allegations of negligence and wrongdoing.

3. As further stated in Frontier's Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith, the respective obligations of Frontier and Plaintiffs are governed by the applicable contract of carriage.

4. Plaintiffs' claims are barred, in whole or in part, by contractual release, disclaimer, or limitations remedies entered into by Plaintiffs. Alternatively, Plaintiffs' claims are barred or limited pursuant to contract. Further in the alternative, Plaintiffs' claims are waived, in whole or in part, pursuant to contract.

5. Similarly, Plaintiffs' alleged damages, if any, were caused in whole in part by the assumption of risk, fault, neglect, want of care, or independent, intervening, or superseding acts or omissions or other culpable conduct of Plaintiffs themselves for which Frontier is not responsible.

6. Alternatively, some or all of Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have already received full satisfaction or compensation for their alleged

damages, if any, and Plaintiffs' claims are barred by such prior release of claims or accord and satisfaction.

7. Further in the alternative, if Plaintiffs have available to them and have received benefits paid by a collateral source for their injuries and damages, if any, Frontier is entitled to a setoff of these amounts against any amount of damages awarded against it, if any, pursuant to the applicable Missouri statute.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint with prejudice.

### FOURTH AFFIRMATIVE DEFENSE

1. On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2. Frontier herewith files its Answer to Plaintiffs' Complaint and denies all allegations of negligence and wrongdoing.

3. As further stated in Frontier's Partial Motion to Dismiss and Motion to Strike filed contemporaneously herewith, the intentional tortious conduct of certain ticket and gate agents alleged by Plaintiffs was outside the course and scope of their employment with Frontier, and therefore, cannot be attributed to Frontier.

4.       Alternatively, Frontier was not a cause or proximate cause of Plaintiffs' alleged damages. Plaintiffs' alleged damages, if any, were caused in whole or in part, by acts or omissions, including but not limited to, unusual negligent or willful acts or omissions by other persons or entities, named or unnamed, over whom Frontier has no control or right to control.

5.       Alternatively, Plaintiffs' alleged damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable. In the event Frontier is found liable to Plaintiffs, which Frontier expressly denies, Frontier may be entitled to indemnification or contribution from such third parties, or apportionment of liability and fault against such third parties pursuant to applicable law and reserves its right to seek the same.

## RESERVATION OF FURTHER DEFENSES

Defendant FRONTIER AIRLINES, INC. reserves the right to supplement and amend its defenses to this action, including its Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

## JURY DEMAND

Defendant FRONTIER AIRLINES, INC. demands trial by jury.

Date: September 20, 2019

Respectfully submitted,

**FRONTIER AIRLINES, INC.**

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

Electronically Filed - St Louis County - September 20, 2019 - 11:53 AM

         By:  /s/  David C. Berwin
         David C. Berwin Bar No.: 06281639
         Evans & Dixon, L.L.C.
         Attorney for Defendant
         211 North Broadway, Suite 2500
         St. Louis, Missouri  63102
         (314) 552-4046 (Phone)
         (314) 884-4446 (Fax)
         dberwin@evans-dixon.com

### **CERTIFICATE OF SERVICE**

  The undersigned counsel certifies that the foregoing document was electronically filed and served with the Clerk of the Court and served upon all counsel of record via means of the Notice of Electronic Filing pursuant to Court Operating Rule 27.01 and served on all counsel of record by placing a copy in the U.S. mail, postage prepaid, this 20th day of September, 2019.

/s/  David C. Berwin
4185302