Electronically Filed - St Louis County - November 08, 2019 - 09:38 AM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

ASHFAQ HUSSAIN SYED, *et al.*  )
            )
    Plaintiffs,   )
            )  Case No.:  19SL-CC02229
v.           )
            )  Division:  4
FRONTIER AIR LINES, INC.,  )
            )
    Defendant.   )

## PLAINTIFFS' CERTIFICATE OF SERVICE
## OF INITIAL DISCOVERY

Come now Plaintiffs, by counsel W. Bevis Schock, Thatcher A. Stone and William T.

Woodrow III, (the latter two *pro hac vice*) and certifies that under Rules 57.01(b) on November

8, 2019 Plaintiff's counsel delivered to Defendant's counsel:

Plaintiff's First Interrogatories to Defendant

Plaintiff's First Requests for Production to Defendant

The method of delivery was regular mail, and e-mail.  The e-mail was in Microsoft Word.

The e-mail addresses to which the document was sent are:

dberwin@evans-dixon.com

tshelke@AMM-LAW.com

Respectfully Submitted,

Attorneys for Plaintiff

  /s/ W. Bevis Schock .
W. Bevis Schock, MBE # 32551
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax: 314-721-1698
Voice: 314-726-2322

Electronically Filed - St Louis County - November 08, 2019 - 09:38 AM

  /s/ Thatcher A. Stone   .
*pro hac vice*
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
thatcher@stoneandwoodrowlaw.com
Fax:    646 873-7529
Voice: 855-275-7378
  /s/ William T. Woodrow   .
*pro hac vice*
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
will@stoneandwoodrowlaw.com
Fax:    646 873-7529
Voice: 855-275-7378

CERTIFICATE OF SERVICE

The undersigned certifies that on November 8, 2019 he served this document on:
All counsel of record

  /s/ W. Bevis Schock   .

The service method was:  electronic filing.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

**IN THE 21ST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | |
| SHELLY RENEE BRANCH, | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) | |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.: 19SL-CC02229-01 |
| | ) | Judge Joseph L. Walsh III |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' COMPLAINT**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, and for its Amended Answer and Affirmative Defenses to Plaintiffs' Complaint states:

1.      This is an action against Frontier Airlines. Inc. (hereinafter "Frontier"). The suit arises from an incident that occurred on July 15, 2018 when Plaintiffs were mistreated and harassed by a Frontier Check In and Gate Agent, baselessly removed from their flight, locked in a hot jetway, threatened by the same Gate Agent about the similar treatment that they would receive the following day for their rebooked flight. Plaintiff makes claims for negligent failure to transport, negligence *per se*, negligent manner of removal from the airplane, intentional tort, false imprisonment, and breach of contract.

**ANSWER:**    Frontier admits that Plaintiffs allege negligent failure to transport, negligence *per se*, negligent manner of removal from the airplane, intentional tort, false imprisonment, and breach of contract related to an incident that occurred on July 15, 2018. Frontier denies the remaining allegations contained in Paragraph 1.

2.      Plaintiffs Ashfaq Hussain Syed and Shelly Renee Branch are single individuals who reside together at 5 Country Club Dr., Fulton, MO, 65251, Callaway County.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

3.     Plaintiff A.M.S. is an infant child, Date of Birth: December 16, 2016, proceeding by Next Friend Ashfaq Hussain Syed (presuming appointment).

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3.

4.     Plaintiff N.G.S. is an infant child, Date of Birth: December 16, 2016, A.M.S.'s twin, proceeding by Next Friend Ashfaq Hussain Syed, (presuming appointment).

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4.

5.     A.M.S. and N.G.S. are the natural children of Syed and Branch and reside with them.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5.

6.     Before any proceedings occur in this case Syed will seek appointment as Next Friend of A.M.S. and N.G.S.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6.

7.     Syed and Branch are a mixed-racial couple and Syed is of Middle Eastern complexion and descent.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7.

8.     Syed is a Sergeant First Class in the Missouri Army National Guard.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8.

9.     Syed has a Master's Degree in nuclear engineering and works as a supervisor in the Control Room of the Callaway Energy Center, a nuclear power plant in Callaway County, Missouri, which is owned and operated by Ameren Corporation, a large regional electric utility.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

**ANSWER:**   Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9.

10.   Frontier Air Lines is a Nevada corporation with its principal place of business in Colorado. Frontier has a place of business in St. Louis County, Missouri. Frontier operates regularly scheduled commercial air service into St Louis County, Missouri multiple times a week, and in this County sells tickets for carriage. Frontier has substantial revenues and expenses in St. Louis County.

**ANSWER:**   Frontier admits only that its principal place of business is in Colorado, that it does business in St. Louis County, Missouri, and that it operates regularly scheduled commercial flights into St. Louis, Missouri. Frontier denies the remaining allegations contained in Paragraph 10.

11.   Frontier reached into Missouri and sold Plaintiffs the tickets that form the genesis of this dispute.

**ANSWER:**   Paragraph 11 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 11.

12.   The injuries suffered by the Plaintiffs arise directly out of the Defendant's conduct at the St. Louis Lambert International Airport which is in St. Louis County, Missouri.

**ANSWER:**   Frontier denies the allegations contained in Paragraph 12.

13.   Personal Jurisdiction over Defendant is proper in Missouri under the Missouri long arm statute, RS Mo. 506.500.

**ANSWER:**   Paragraph 13 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 13.

14.   Plaintiff demands jury trial.

**ANSWER:**   Paragraph 14 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 14.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

15.     Plaintiffs are informed and believe, and thereon allege on inference, that at all times herein mentioned, the complained of employees of Defendant Frontier were the agents, servants and employees of Defendant Frontier, and at all times herein mentioned, each was acting within the scope and course of said agency and employment.

**ANSWER:**     Paragraph 15 contains conclusions of law to which no response is required. In the

event a response is deemed required, Frontier denies the allegations contained in Paragraph 15.

16.     All Plaintiffs complied in all respects, whether or not material, with all legal and lawful conditions, requirements, ordinances, regulations and other legal and contractual undertakings incumbent upon them in connection with the Frontier Contract of Carriage, and with the rules and ordinances of the authorities at the airport of departure and proposed arrival, and all aircraft placards and crew member instructions.

**ANSWER:**     Paragraph 16 contains conclusions of law to which no response is required. In the

event a response is deemed required, Frontier denies the allegations contained in Paragraph 16.

17.     On Thursday, July 12, 2018 Branch went on line to Defendant's website and purchased confirmed tickets for the four Plaintiffs to fly one way from St Louis to Las Vegas, NV, departing on Sunday, July 15, 2018 at 5:59 p.m., Frontier Flight No. F9 87, confirmation no. YB517D.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 17.

18.     Syed and Branch were not certain of their return date and that was why Branch only purchased tickets for one way.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 18.

19.     Branch selected seats 40D and 40E for herself and Syed. Because the children were under two at the time there was no charge for their travel and they were expected to sit on Syed and Branch's laps.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 19.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

20.     The total fee for all four one way tickets was $211.40, which included a $30.00 bag fee for one bag and two $13.00 fees for seats reserved in advance of boarding.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     Branch paid for the trip with a Bank of America credit card.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     The purpose of the trip was for Syed and Branch to get married in Las Vegas, with their children with them, and then to go as a family to see friends on the California coast.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     During the 24 hour period before the flight Branch and Syed checked in and received boarding passes on their phones.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     When Plaintiffs arrived at the check in counter, they encountered a Frontier agent whose badge Plaintiff later read to read "Jerrasha Young" ("Young").

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     Syed handed over his military ID card with his full name: Ashfaq Hussain Syed.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     Young immediately became disagreeable and hostile.

**ANSWER:**     Frontier denies the allegations contained in Paragraph 26.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

27.    Branch asked Young to waive the bag fee because the Frontier website offers free luggage for military personnel.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 27.

28.    Young informed Plaintiffs that Syed and Branch would have to pay for the bag, despite the Frontier policy of providing free baggage carriage to military personnel.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 28.

29.    Young then informed Plaintiffs that they could not sit together, despite the fact that Plaintiffs had confirmed seating together.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 29.

30.    Plaintiff asked why and Young said that if Branch was going to argue and not accept that Branch and Syed could not sit together Plaintiffs would have to cancel their tickets.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 30.

31.    At no time did Young explain her reason for refusing to allow the Plaintiffs to sit together or explain that there was an issue with available oxygen masks for five people seated in a three seat row (the four Plaintiffs plus whoever was in 40F).

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 31.

32.    Young's hostile behavior was especially hard to understand considering that Plaintiffs were traveling with two infant children flying for their first time, as Syed and Branch indicated at the outset of the interaction, and it would be readily apparent to Young or any objectively reasonable person that the family being able to sit together - even if across the aisle - would be a paramount priority for such passengers.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 32.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

33.     Young re-assigned Syed to a seat on left side of the plane, approximately 3-5 rows forward of row 40, in a window seat, stating that the new seat for Syed was the closest empty seat.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     Young gave Syed and Branch new paper boarding passes.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 34.

35.     Syed showed Young the children's birth certificates and Young gave Syed boarding passes for the children.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 35.

36.     Young then informed Plaintiffs that as military they could both proceed through the TSA "pre-check" line.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 36.

37.     Plaintiffs went to the pre-check line and the TSA agent stated that although Syed's military ID would allow him in that line, Branch would not be allowed in that line because she lacked military ID or other paperwork to allow use of the pre-check line.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 37.

38.     Syed and Branch observed that the regular TSA line was not crowded so they proceeded to that line and went through security.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 38.

39.     After passing through security, Branch called Frontier customer service to inquire about the seating situation, because they had booked their seating in advance, arrived at the airport with confirmed seats together, and had been given no explanation for why they had been separated.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 39.

40. The Frontier customer service agent Branch reached on the phone, identity unknown to Plaintiffs, ("the First Frontier Phone Agent") told Branch that she was restoring their previous seat assignments and told Branch to inform Young that she, the First Frontier Phone Agent, had done so.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 40.

41. The First Frontier Phone Agent said that Frontier routinely booked families with small children who would ride in their parents' lap and there would be no problem.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 41.

42. When Plaintiffs arrived at the gate, they observed that Young, the same person with whom they had interacted at the baggage check-in counter, was handling the gate.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 42.

43. When Branch informed Young that the First Frontier Phone Agent had restored their seat assignments, Young started speaking to her in a loud and irritated voice.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 43.

44. Young asked, "Who changed your seats?," and Branch told her it was the First Frontier Phone Agent.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 44.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

45.    Young then stated: "You will listen to me. I am the one that will tell you where you can sit, and l told you that you will not sit together."

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 45.

46.    Branch was made very uncomfortable by this loud and berating behavior as it was creating a scene in front of the other passengers.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 46.

47.    Branch asked for an explanation of why they could not sit together and Young still provided no explanation.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 47.

48.    Plaintiffs quietly took their seats in the gate waiting area as they wished to avoid further confrontation.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 48.

49.    Plaintiffs pre-boarded as a family at approximately 5:30 p.m.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 49.

50.    Plaintiffs walked down the aisle and approached their originally assigned seats in Row 40.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 50.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

51.    At approximately that location a flight attendant confronted them and informed them that she had been made aware about them.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 51.

52.    The flight attendant then told Syed and Branch that they would not be able to sit together.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 52.

53.    Syed asked the flight attendant why they were receiving this treatment, and she informed Plaintiffs that there was an issue with the available oxygen masks with two lap infants.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 53.

54.    Syed and Branch then understood that there was a rational reason for separating them and they abandoned all thoughts and intentions to sit on the same side of the plane in the same row.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 54.

55.    Syed and Branch were then standing near their original seats, taking care of their children, and stowing their luggage.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 55.

56.    A female passenger sitting in 40F, the window seat on the right side of the plane in Plaintiff's original row, had overheard the conversation about the oxygen masks and she then offered to the flight attendant that she would sit in Syed's reassigned seat so that her seat would be empty, and there would be enough oxygen masks for Plaintiffs family to sit together as four people in one row.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 56.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

57.     The flight attendant stated to the woman in 40F "that will not work."

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 57.

58.     The flight attendant left Plaintiffs' immediate area.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 58.

59.     Plaintiffs were still in the area of row 40.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 59.

60.     A passenger then walked toward where Plaintiffs were standing.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 60.

61.     It appeared to Plaintiffs that he was assigned to 39D.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 61.

62.     Syed asked that passenger if he would swap seats so that this passenger would take the seat approximately row 35 to which Syed was now assigned, so that Syed and one child could sit in closer proximity to Branch and the other child.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 62.

63.     The man good-naturedly agreed, sat down in Syed's assigned seat, and proceeded to put his head back in such a manner that he appeared to be falling asleep.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 63.

64.     At this point, all Plaintiffs were in aisle seats, in adjacent rows, one behind the other, with each adult holding a child in his or her lap, and consequently there was no potential issue with oxygen masks.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 64.

65.     The plane sat at the gate for what seemed an unusually long time.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 65.

66.     The plane was nearly full.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 66.

67.     While waiting for departure Syed and Branch did not witness any passengers make any complaint about them to any crew member.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 67.

68.     Plaintiffs had no interaction with crew during this interval.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 68.

69.     During this interval, Plaintiffs had brief interactions with other passengers who were charmed by the babies and Syed and Branch otherwise exchanged pleasantries with the other passengers, including the fact that it was the family's first flight together.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 69.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

70.     A passenger across the aisle asked if she could take a picture of the family on its first flight together and Syed and Branch agreed.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 70.

71.     Branch gave the passenger her phone and the passenger took the picture at approximately 6:07 p.m.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 71.

72.     Branch posted this picture to Facebook at 6:10 p.m.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 72.

73.     Shortly thereafter, Young boarded the plane, marched up to the Plaintiffs, pointed her finger in Syed and Branch's faces, and said: "You and you get your stuff."

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 73.

74.     Syed and Branch, wordlessly complied by getting their carryon items and children together and followed Young down the aisle.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 74.

75.     When they reached the front of the plane Branch asked Young where they were going and she said: "Off."

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 75.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

76.     When Branch asked why, Young informed Syed and Branch that they would be told once they were off the plane.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 76.

77.     As they exited the plane into the jetway area just off the airplane Young remained in the airplane doorway.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 77.

78.     Branch saw another Frontier employee and asked that person to speak to a supervisor.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 78.

79.     Branch recalls that the person stated that she was a supervisor and introduced herself as "Dez." (sp?).

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 79.

80.     "Dez" was on a walkie-talkie assisting with retrieving Plaintiff's stroller out of the plane's baggage hold.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 80.

81.     "Dez" stated in response to an inquiry from Branch that Plaintiffs were being removed from the plane because the "passengers and flight attendants felt uncomfortable with Plaintiffs being on the plane.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 81.

82.     Dez then left the area via the jetway.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 82.

83.     Branch again asked why they were being removed from the flight and Young stated that it was because they had made "the flight attendants and passengers uncomfortable."

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 83.

84.     At this point, Plaintiffs observed Young, the flight attendant and another unidentified employee snickering at them from the open plane door.

**ANSWER:**     Frontier denies the allegations in Paragraph 84.

85.     Plaintiffs pressed the Frontier employees for further explanation but received none.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 85.

86.     Young then pushed past the Plaintiffs, proceeded up the jet way with Plaintiff following well behind, and closed the jet way's terminal door, leaving Plaintiffs in the jet way.

**ANSWER:**     Frontier denies the allegations in Paragraph 86.

87.     Branch pushed on the terminal jetway door but it would not open.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 87.

88.     Branch went back to the airplane end of the jet way and found that the airplane door was closed.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 88.

89.     At that point Plaintiffs were locked in the jet way tunnel, with a locked door to the terminal on one side and a locked plane door on the other side.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM