Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

**ANSWER:**     Frontier denies the allegations in Paragraph 89.

90.    Plaintiffs remained locked in this tunnel, and were unable to exit. It was hot, they were sweating, and the babies were screaming. They sat down because of the heat.

**ANSWER:**     Frontier denies the allegations in Paragraph 90.

91.    Frontier controlled the exits of the jet way.

**ANSWER:**     Paragraph 91 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 91.

92.    Syed and Branch understood that it would be unlawful to go out the jetway door leading to the tarmac and did not attempt that method of leaving the jetway.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 92.

93.    While still in the jetway Branch called Frontier customer service by her cell phone and a Frontier customer phone service agent, (the "the Second Frontier Phone Agent"), answered.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 93.

94.    Branch explained the family's circumstances and the Second Frontier Phone Agent said that her records showed that they were on the plane.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 94.

95.    Branch explained that the family was in the jetway.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 95.

96.    The Second Frontier Phone Agent stated that she would get someone to let them out.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 96.

96. Branch was diagnosed years ago for migraine headaches. Her migraines are sometimes caused by stress.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 97.

98. Branch began developing a headache, likely a migraine, from the stress.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 98.

99. A Frontier Employee opened the terminal door to the jetway and standing next to that person was Young.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 99.

100. The amount of time Plaintiffs and their children were locked in the jetway tunnel is unknown but Plaintiffs estimate a few minutes, approximately 3-10 minutes, and it felt like a very long time.

**ANSWER:**    Frontier denies the allegations in Paragraph 100.

101. Branch then initiated another cell phone call to customer service.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 101.

102. Branch spoke to a third telephone customer service agent to request that the family's flight be re-booked.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 102.

103. In the alternative Plaintiff was on hold from the original call and the conversation was a continuation of the call with the Second Frontier Phone Agent- Plaintiff has no clear

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

memory of which it was. (Plaintiff will hereafter refer to this conversation as being with the "Third Frontier Phone Agent").

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 103.

104.    The Third Frontier Phone Agent informed Plaintiffs that an agent on the scene needed to make a computer entry showing them as removed from the flight so that rebooking could take place.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 104.

105.    The only agent on the scene was Young, so Branch asked the Third Frontier Phone Agent if she, Branch, could put her phone on speaker and the Third Frontier Phone Agent agreed.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 105.

106.    A speaker phone conversation ensued between the Third Frontier Phone Agent, Syed, Branch and Young.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 106.

107.    Young initially refused to comply with the Third Frontier Phone Agent's request to change Plaintiff's status from on the flight to off the flight, but eventually, grudgingly, did so, after Third Frontier Phone Agent confronted her and told her it was the least she could do.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 107.

108.    The Third Frontier Phone Agent re-booked Plaintiffs for the next day and the phone call ended.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 108.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

109.    As Plaintiffs were walking away, Young was standing with two other individuals, including "Dez", looking at Plaintiff, and Young started making comments to the Plaintiffs. Branch was taking a video at this point. Young said: "Ma'am I didn't even give you permission to record me and that's illegal. See you tomorrow."

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 109.

110.    Plaintiffs ignored this comment and kept walking, at which point Young followed them, walked in front, turned around and stopped them, and said: "I don't think you heard me. I will see you at the gate tomorrow. It's the exact same crew as today." She then smiled widely and walked away.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 110.

111.    Soon thereafter Syed called customer service and confirmed that it was indeed the exact same crew the next day, at which point he cancelled their flight.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 111.

112.    Syed later went on-line to the feedback page filed a written complaint with Frontier stating the above story in abbreviated form.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 112.

113.    It is not illegal to take videos of flight attendants and/or otherwise take videos on airplanes, 49 U.S.C. 46504.

**ANSWER:**    Paragraph 113 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 113.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

114.    In any case Syed and Branch neither took video on the airplane nor harassed flight attendants.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 114.

115.    It is not illegal for customers to trade seats.

**ANSWER:**    Paragraph 115 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 115.

116.    Syed's on-line complaint contains an error in that it suggests that Plaintiffs learned of the issue of too many people in the row for the oxygen masks earlier than they actually received that information.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 116.

117.    Syed called Frontier approximately the next day, spoke to "Lisa", told the story, and asked for the family's money back.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 117.

118.    Frontier opened investigation No. 180821-001664.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 118.

119.    Approximately two days later a Frontier representative named Beth called Plaintiff Syed's phone and spoke to Syed and Branch by speaker phone.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 119.

120.    Beth stated that they had investigated the complaint and found that Syed was taking videos after being told by flight attendants to stop, harassing flight attendants, and asking customers to trade seats.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 120.

121.    On August 21, 2019 "Beth" sent an e-mail to Syed stating that he would receive a refund on the credit card ending in 0676.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 121.

122.    Plaintiffs have never received a refund on that card or any other card or by any other method.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 122.

123.    Approximately two months later Branch wrote a Facebook post describing their experience, which generated considerable social media outrage.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 123.

124.    A number of individuals, including Donna Stern, Branch's mother, contacted Frontier and/or posted on Facebook to complain about Frontier's behavior.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 124.

125.    Frontier replied by e-mail to some of those who complained by defending its position.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 125.

126.    "Beth", Frontier's investigator, wrote to Branch' s mother, Donna Stern, on September 13, 2018 at 4:49 p.m. and stated:

    a.    The children "were not included on their reservation".
    b.    "The parent who had been reassigned was now back in their (sic) original seat",

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

> c.    The "parents were not complying with crew member instructions and insisted on flying in a way that could jeopardize safety of flight".
> d.    "They were provided with a refund".

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 126.

127.    Plaintiffs were not at fault in any way.

**ANSWER:**    Paragraph 127 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 127.

128.    There was no legal justification for Frontier to throw Plaintiffs off the flight or imprison Plaintiffs in the jetway.

**ANSWER:**    Paragraph 128 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 128.

129.    Plaintiffs did not receive the benefit of their contract with Frontier because Frontier did not provide transportation to Plaintiffs' family from St. Louis to Las Vegas on July 15, 2018.

**ANSWER:**    Paragraph 129 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 129.

130.    Due to the cancellation of their tickets, among other reasons, Syed and Branch have not yet married.

**ANSWER:**    Frontier denies the allegations that Syed and Branch have not married due to the cancellation of their tickets. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 130.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

131.    All Plaintiffs lost the benefits associated with their expected trip to Las Vegas and the west coast.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 131.

132.    Syed and Branch suffered garden variety emotional damages from the loss of the transportation to Las Vegas.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 132.

133.    During the time Plaintiffs were imprisoned in the jetway all four Plaintiffs suffered fear, loss of liberty, uncomfortable conditions, humiliation, indignity, disgrace, stress, embarrassment and, mental suffering.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 133.

134.    Defendant's conduct in throwing Plaintiffs off the flight, through the actions of Young and other representatives of Frontier, all acting with actual or apparent authority, showed complete indifference to or conscious disregard for harm to others.

**ANSWER:**    Paragraph 134 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 134.

135.    Defendant's conduct in throwing Plaintiffs off the flight and imprisoning Plaintiffs in the jetway, through the actions of Young and other representatives of Frontier all acting with actual or apparent authority, was outrageous because of the Defendant authorized representatives' evil motives and/or reckless indifference to the rights of Plaintiffs.

**ANSWER:**    Paragraph 135 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 135.

136.    Frontier's conduct, through the actions of its authorized agents, from the moment Plaintiffs arrived at the check-in counter until they left the airport, showed complete indifference to and/or conscious disregard for the safety and rights of Plaintiffs.

**ANSWER:**    Paragraph 136 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 136.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

137.    The "Transparency lmprovements and Compensation to Keep Every Ticketholder Safe Act of 2017" or the "TICKETS Act", Public Law No: 115-254, Title IV, Subtitle A, Sec. 425, HR 302, passed by both houses and signed by the president, effective October 5, 2018, ("the statute"), (which is a date after this incident), states in relevant part:

> It shall be an unfair or deceptive practice under subsection (a) for an air carrier or foreign air carrier subject to part 250 of title 14, Code of Federal Regulations, to involuntarily deplane a revenue passenger onboard an aircraft, if the revenue passenger –
>
> (A)    is traveling on a confirmed reservation; and
> (B)    checked-in for the relevant flight prior to the check-in deadline.

**ANSWER:**    Paragraph 137 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 137.

138.    When Defendant expelled Plaintiffs from the airplane, Defendant violated this Act, (although the act was not yet effective).

**ANSWER:**    Paragraph 138 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 138.

## COUNT I – NEGLIGENCE
### Failure to Transport Plaintiffs

139-153.    On October 17, 2019, Plaintiffs abandoned this claim.

## COUNT II – NEGLIGENCE PER SE
### Violation of TICKETS Act

154.    Plaintiffs incorporate all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answer to all prior paragraphs.

155.    Plaintiffs checked in prior to the check-in deadline.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 155.

*Page 24 of 35*

156.    Plaintiffs entered and went to their seats on the airplane as paid passengers with confirmed reservations.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 156.

157.    Defendant forced Plaintiffs to involuntarily deplane.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 157.

158.    The TICKETS Act, albeit enacted into law after this incident, defines the duty of the common carrier to transport paying passengers.

**ANSWER:**    Paragraph 158 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits only those duties imposed by applicable law and denies the remaining allegations contained in Paragraph 158.

159.    Pursuant to the statute under these circumstances it was an unfair or deceptive practice to involuntarily deplane Plaintiffs.

**ANSWER:**    Paragraph 159 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 159.

160.    Defendant, through its authorized representatives, violated the statute.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 160.

161.    Plaintiffs are members of the class of persons intended to be protected by the statute.

**ANSWER:**    Paragraph 161 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 161.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

162.    The damages outlined above are the kind of damages the statute was designed to prevent.

**ANSWER:**    Paragraph 162 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 162.

163.    The violation of the statute was the cause of Plaintiff's damages.

**ANSWER:**    Paragraph 163 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 163.

164.    Defendant's conduct, through its authorized representatives, showed complete indifference to and/or conscious disregard for harm to others.

**ANSWER:**    Paragraph 164 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 164.

165.    Defendant's conduct, through its authorized representatives, demonstrated conscious negligence tantamount to intentional wrongdoing because Defendant's authorized agents were conscious of their conduct, and, though, in the alternative, having no specific intent to injure, must have been conscious, from their knowledge of surrounding circumstances and existing conditions, that their conduct would naturally or probably result in injury and/or that there was a high probability that their conduct result in injury.

**ANSWER:**    Paragraph 165 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 165.

## COUNT III – NEGLIGENCE
### Manner of Removal from Plane

166.    Plaintiffs incorporate all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answer to all prior paragraphs.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

167.    Defendant and its agent had a duty as a common carrier to exercise ordinary care under the circumstances for the well-being and treatment of its passengers.

**ANSWER:**    Paragraph 167 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits only those duties imposed by applicable law and denies the remaining allegations contained in Paragraph 167.

168.    It was reasonably foreseeable that Defendant and its agents' improper treatment of the Plaintiffs in the manner in which they were removed from the plane would result in aggravation, inconvenience, distress, and would deprive them of their family trip.

**ANSWER:**    Paragraph 168 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 168.

169.    Defendant and its agents breached the duty of a common carrier to Plaintiffs by the cruel and callous manner in which they ejected Plaintiffs from the aircraft, including by drawing attention to Plaintiffs as though they were criminals in front of all the passengers heading to Las Vegas, by terrifying Plaintiffs, leaving them in a locked jetway, and intimidating them into cancelling their rescheduled flight.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 169.

170.    As a result, all Plaintiffs suffered monetary damages, inconvenience, embarrassment, and emotional distress from this outrageous conduct, which continue to affect all Plaintiffs.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 170

### COUNT IV – INTENTIONAL TORT
### Intentional Removal from Plane

171.    Plaintiffs incorporate all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answer to all prior paragraphs.

172.    Defendant, through its authorized representatives, intentionally removed Plaintiffs from the plane.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 172.

173.    At the time there was no statute, law or regulation specifically making unlawful the removal of Plaintiffs from the plane.

**ANSWER:**    Frontier admits the allegations contained in Paragraph 173.

174.    The removal of Plaintiffs from the plane caused Plaintiffs damages as outlined above.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 174.

175.    There was no justification and/or there was insufficient justification for Defendant's removal of Plaintiffs from the plane.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 175.

176.    Defendant's conduct, through its authorized representatives, was outrageous because of Defendant's evil motive or reckless indifference to the safety and rights of others.

**ANSWER:**    Paragraph 176 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 176.

## COUNT V – INTENTIONAL TORT
### False Imprisonment in the Jetway

177.    Plaintiff incorporates all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answer to all prior paragraphs.

178.    By confining Plaintiffs into the overheated jet way with no exit, Young knowingly and unlawfully constrained Plaintiffs and completed restricted their movement without their consent.

**ANSWER:**    Paragraph 178 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 178.

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

179.    The Plaintiffs were aware that they had been locked in the jetway and were not free to leave, which was a substantial interference with their liberty.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief regarding Plaintiffs' awareness as alleged in Paragraph 179. The remainder of Paragraph 179 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the remaining allegations contained in Paragraph 179.

180.    The actions of Defendant's agents were reasonably foreseeable in that the actions of defendant's agents were within the scope of their employment.

**ANSWER:**    Paragraph 180 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 180.

181.    As a result Plaintiffs suffered damages including humiliation, heat duress, mental anguish, and fear for their wellbeing and that of their children.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 181.

182.    Defendant's conduct, through its authorized representatives, was outrageous because of Defendant's evil motive or reckless indifference to the rights of others.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 182.

## COUNT VI – BREACH OF CONTRACT
### Breach of Contractual Duty to Transport Plaintiffs to Las Vegas

183.    Plaintiff incorporates all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answers to all prior paragraphs.

184.    Plaintiffs and Defendant Frontier entered into a contract of carriage to transport Plaintiffs from St Louis, MO to Las Vegas, NV.

**ANSWER:**    Frontier admits the allegations contained in Paragraph 184.

185.    As consideration for this contract, Plaintiffs paid $211.40.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 185.

186.    Plaintiffs complied in every way with the conditions of the contract.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 186.

187.    Under the terms of the contract, Frontier may refuse carriage for a limited set of reasons, none of which were applicable when they refused to carry Plaintiffs.

**ANSWER:**    Paragraph 187 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits that under the contract of carriage, Frontier has the right to refuse to provide transportation to persons for various reasons. Frontier denies the remaining allegations contained in Paragraph 187.

188.    By refusing to carry Plaintiffs after they had purchased valid tickets and engaged in a binding contract, Defendant Frontier breached the contract by its refusal to perform.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 188.

189.    As a result, Plaintiffs suffered actual, consequential and benefit of the bargain damages as a direct result of Defendant's breach, in an amount to be determined at trial.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 189.

### GENERAL DENIAL

Defendant FRONTIER AIRLINES, INC. denies all allegations of Plaintiffs' Complaint which are not specifically admitted above.

### AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Complaint, Defendant FRONTIER AIRLINES, INC. raises and preserves the following Affirmative Defenses:

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

## FIRST AFFIRMATIVE DEFENSE

1.      On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2.      On October 17, 2019, Plaintiffs abandoned Count I of their Complaint, which alleged negligence, failure to transport Plaintiffs.

3.      Frontier herewith files its Amended Answer to Plaintiffs' Complaint and denies all allegations of negligence and wrongdoing.

4.      Counts II, III, IV, and V of Plaintiffs' Complaint fail to state claims upon which relief can be granted.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint with prejudice.

## SECOND AFFIRMATIVE DEFENSE

1.      On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2.      On October 17, 2019, Plaintiffs abandoned Count I of their Complaint, which alleged negligence, failure to transport Plaintiffs.

3.      Frontier herewith files its Amended Answer to Plaintiffs' Complaint and denies all allegations of negligence and wrongdoing.

4.      Plaintiffs cannot recover under the Count II of their Complaint because the TICKETS Act of 2018, Pub. L. No. 115-254, 132 Stat. 3186 was not in effect at the time of the alleged incident and does not create a private right of action.

5.      Alternatively, Plaintiffs' claims are preempted, in whole or in part, by federal law.

6.      Further in the alternative, Frontier has complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

7.      Further in the alternative, Plaintiffs' alleged damages, if any, are barred or limited under applicable law, and Plaintiffs have failed to mitigate their damages.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint with prejudice.

### THIRD AFFIRMATIVE DEFENSE

1.      On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2.    On October 17, 2019, Plaintiffs abandoned Count I of their Complaint, which alleged negligence, failure to transport Plaintiffs.

3.    Frontier herewith files its Amended Answer to Plaintiffs' Complaint and denies all allegations of negligence and wrongdoing.

4.    The respective obligations of Frontier and Plaintiffs are governed by the applicable contract of carriage.

5.    Plaintiffs' claims are barred, in whole or in part, by contractual release, disclaimer, or limitations remedies entered into by Plaintiffs. Alternatively, Plaintiffs' claims are barred or limited pursuant to contract. Further in the alternative, Plaintiffs' claims are waived, in whole or in part, pursuant to contract.

6.    Similarly, Plaintiffs' alleged damages, if any, were caused in whole in part by the assumption of risk, fault, neglect, want of care, or independent, intervening, or superseding acts or omissions or other culpable conduct of Plaintiffs themselves for which Frontier is not responsible.

7.    Alternatively, some or all of Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have already received full satisfaction or compensation for their alleged damages, if any, and Plaintiffs' claims are barred by such prior release of claims or accord and satisfaction.

8.    Further in the alternative, if Plaintiffs have available to them and have received benefits paid by a collateral source for their injuries and damages, if any, Frontier is entitled to a

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

setoff of these amounts against any amount of damages awarded against it, if any, pursuant to the applicable Missouri statute.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint with prejudice.

## FOURTH AFFIRMATIVE DEFENSE

1.      On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2.      On October 17, 2019, Plaintiffs abandoned Count I of their Complaint, which alleged negligence, failure to transport Plaintiffs.

3.      Frontier herewith files its Amended Answer to Plaintiffs' Complaint and denies all allegations of negligence and wrongdoing.

4.      The intentional tortious conduct of certain ticket and gate agents alleged by Plaintiffs was outside the course and scope of their employment with Frontier, and therefore, cannot be attributed to Frontier.

5.      Alternatively, Frontier was not a cause or proximate cause of Plaintiffs' alleged damages. Plaintiffs' alleged damages, if any, were caused in whole or in part, by acts or omissions, including but not limited to, unusual negligent or willful acts or omissions by other persons or entities, named or unnamed, over whom Frontier has no control or right to control.

6.      Alternatively, Plaintiffs' alleged damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable. In the event Frontier is found liable to Plaintiffs, which Frontier expressly denies, Frontier may be entitled to indemnification or contribution from such third parties, or apportionment of liability and fault against such third parties pursuant to applicable law and reserves its right to seek the same.

### RESERVATION OF FURTHER DEFENSES

Defendant FRONTIER AIRLINES, INC. reserves the right to supplement and amend its defenses to this action, including its Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

### JURY DEMAND

Defendant FRONTIER AIRLINES, INC. demands trial by jury.

Date: November 13, 2019                     Respectfully submitted,

**FRONTIER AIRLINES, INC.**

By: */s/ David C. Berwin*
One of Its Attorneys
David C. Berwin (Bar No.: 06281639)
EVANS & DIXON, L.L.C.
211 North Broadway, Suite 2500
St. Louis, Missouri 63102
Phone: (314) 552-4046
Fax:     (314) 884-4446
dberwin@evans-dixon.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of the Court and served upon all counsel of record via means of the Notice of Electronic Filing pursuant to Court Operating Rule 27.01, and served on all counsel of record by placing a copy in the U.S. Mail, postage prepaid, this 13th day of November, 2019
.

By: */s/ David C. Berwin*
David C. Berwin (Bar No.: 06281639)

Electronically Filed - St Louis County - November 13, 2019 - 03:43 PM

Electronically Filed - St Louis County - December 09, 2019 - 04:40 PM

## IN THE 21ST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | |
| SHELLY RENEE BRANCH, | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) | |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No.: 19SL-CC02229-01 |
| | ) | Judge Joseph L. Walsh III |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

### DEFENDANT FRONTIER AIRLINES, INC.'S CERTIFICATE OF SERVICE

Defendant FRONTIER AIRLINES, INC. ("Frontier") hereby certifies pursuant to Mo. Sup. Ct. R. 57.01(d) that on December 6, 2019, it served:

1. ***Defendant Frontier Airlines, Inc.'s Answers and Objections to Plaintiffs' First Interrogatories***; and

2. ***Defendant Frontier Airlines, Inc.'s Responses and Objections to Plaintiffs' First Requests for Production***

on the below named individuals at the email addresses indicated below. Frontier further certifies that on December 9, 2019, before the hour of 5:00 p.m., it again served these documents on the below named individuals by placing them in a properly addressed envelope and depositing the same in the U.S. Mail at 211 North Broadway, St. Louis, Missouri 63102 with proper postage prepaid.

W. Bevis Shock
7777 Bonhomme Avenue, Suite 1300
St. Louis, Missouri 63105
Email: wbschock@schocklaw.com

Thatcher A. Stone
William T. Woodrow III
STONE & WOODROW LLP
250 West Main Street, Suite 201
Charlottesville, Virginia 22902
Email: thatcher@stoneandwoodrowlaw.com
will@stoneandwoodrowlaw.com

Electronically Filed - St Louis County - December 09, 2019 - 04:40 PM

Date: December 9, 2019

Respectfully submitted,

**FRONTIER AIRLINES, INC.**

By: */s/ David C. Berwin*
One of Its Attorneys
David C. Berwin (Bar No.: 06281639)
EVANS & DIXON, L.L.C.
211 North Broadway, Suite 2500
St. Louis, Missouri 63102
Phone: (314) 552-4046
Fax:    (314) 884-4446
        dberwin@evans-dixon.com

Brian T. Maye (admitted *pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
        tshelke@amm-law.com

Electronically Filed - St Louis County - December 19, 2019 - 01:02 PM

**IN THE 21ST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | |
| SHELLY RENEE BRANCH, | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) | |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No.: 19SL-CC02229-01 |
| | ) | Judge Joseph L. Walsh III |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT'S CERTIFICATE OF SERVICE**
**OF INITIAL DISCOVERY**

Come now Defendant, by counsel David C. Berwin, Brian T. Maye, and Tara Shelke (the latter two *pro hac vice*) and certifies that under Rules 57.01(b) on December 18, 2019 Defendant's counsel delivered to Plaintiff's counsel:

Frontier Airlines, Inc.'s Interrogatories to Plaintiffs
Frontier Airlines, Inc.'s Requests to Produce to Plaintiffs

The method of delivery was regular mail, and e-mail. The e-mail was in Microsoft Word. The e-mail addresses to which the document was sent are:

wbschock@schocklaw.com
thatcher@stoneandwoodrowlaw.com
will@stoneandwoodrowlaw.com

Date: December 19, 2019

/s/ David C. Berwin
David C. Berwin (Bar No.: 55046)
EVANS & DIXON, L.L.C.
211 North Broadway, Suite 2500
St. Louis, Missouri 63102
Phone: (314) 552-4046
Fax:    (314) 884-4446
dberwin@evans-dixon.com

*Page 1 of 2*

Electronically Filed - St Louis County - December 19, 2019 - 01:02 PM

## CERTIFICATE OF SERVICE

The foregoing document was filed and served on all counsel of record via the Circuit Court's electronic filing system this 18th day of December, 2019.


/s/ David C. Berwin

Electronically Filed - St Louis County - January 28, 2020 - 12:32 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

ASHFAQ HUSSAIN SYED, *et al.*     )
         )
     Plaintiffs,     )
         )     Case No.:     19SL-CC02229-01
v.     )
         )     Division:     4
FRONTIER AIR LINES, INC.,     )
         )
     Defendant.     )

**PLAINTIFFS' CONSENT MOTION FOR LEAVE
TO ADD AS DEFENDANT HALLMARK AVIATION SERVICES, L.P., AND
FOR SUMMONS TO ISSUE**

Come now Plaintiffs, by counsel W. Bevis Schock, Thatcher A. Stone and William T. Woodrow III, (the latter two *pro hac vice*) and move by consent under Rule 52.04(a) for leave to add as a Defendant Hallmark Aviation Services, L.P. and for summons to issue. In support whereof Plaintiffs state:

1. This case relates to the removal of Plaintiffs from a Frontier Airlines flight.

2. Through discovery Plaintiffs have learned that the primary person responsible for removing Plaintiff from the flight, one Jerra'Sha Young, was employed at the time not by Defendant Frontier Air Lines, Inc., but instead by Hallmark Aviation Services, L.P., ("Hallmark Aviation"), a ground services contractor to Frontier.

3. Concurrent herewith Plaintiffs are moving to file a First Amended Petition which includes Hallmark Aviation as a Defendant.

4. Hallmark Aviation is a California limited partnership, properly registered to do business in Missouri.

5. Hallmark Aviation may be served in Cole County.

Electronically Filed - St Louis County - January 28, 2020 - 12:32 PM

6.    Plaintiffs cannot be afforded complete relief without the addition of Hallmark Aviation as a Defendant.

7.    If the court grants the relief requested in this Motion a summons will need to issue for and be served on that new Defendant.

8.    The new Defendant can be found in Cole County.

WHEREFORE, Plaintiffs pray for an order adding Hallmark Aviation Services, L.P. as a Defendant, and directing the clerk to issue a summons for that Defendant to be served by the Sheriff of Cole County.

Respectfully Submitted,

Attorneys for Plaintiff

  /s/ W. Bevis Schock   .
W. Bevis Schock, MBE # 32551
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

  /s/ Thatcher A. Stone   .
*pro hac vice*
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
thatcher@stoneandwoodrowlaw.com
Fax:    646 873-7529
oice:   855-275-7378

  /s/ William T. Woodrow   .
*pro hac vice*
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
will@stoneandwoodrowlaw.com
Fax:    646 873-7529
Voice: 855-275-7378

CERTIFICATE OF SERVICE

The undersigned certifies that on January 28, 2020 he served this document on:

All counsel of record

　　/s/ W. Bevis Schock　　.

The service method was:  electronic filing on David Berwin, and e-mail on *pro hac vice* counsel, Tara Shelke and Brian T. Maye.

Electronically Filed - St Louis County - January 28, 2020 - 12:32 PM