Electronically Filed - St Louis County - January 31, 2020 - 03:39 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.:    19SL-CC02229 |
| v. | ) | |
| | ) | Division:    4 |
| FRONTIER AIR LINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' CERTIFICATE OF SERVICE
OF PLAINTIFF'S RESPONSE TO FRONTIER'S
FIRST REQUESTS FOR PRODUCTION AND FIRST INTERROGATORIES**

Come now Plaintiffs, by counsel W. Bevis Schock, Thatcher A. Stone and William T.

Woodrow III, (the latter two *pro hac vice*) and certify that on January 31, 2019 Plaintiff's counsel

has delivered to Defendant's counsel :

Plaintiff's Responses to Frontier's First Requests for Production, (indexed and

Bates Stamped)

Plaintiff's Responses to Frontier's First Interrogatories

The method of delivery was regular mail, and e-mail.  The e-mail was in Microsoft Word.

The e-mail addresses to which the documents were sent are:

dberwin@evans-dixon.com
tshelke@AMM-LAW.com
bmaye@AMM-LAW.com
mmartin@AMM-LAW.com

Respectfully Submitted,

Attorneys for Plaintiff

   /s/ W. Bevis Schock   .
W. Bevis Schock, MBE # 32551
Attorney at Law
7777 Bonhomme Ave., Ste. 1300

Electronically Filed - St Louis County - January 31, 2020 - 03:39 PM

St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

  /s/ Thatcher A. Stone  .
*pro hac vice*
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
thatcher@stoneandwoodrowlaw.com
Fax:    646 873-7529
Voice: 855-275-7378
  /s/ William T. Woodrow  .
*pro hac vice*
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
will@stoneandwoodrowlaw.com
Fax:    646 873-7529
Voice: 855-275-7378

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 31, 2019 he served this document on:
All counsel of record

  /s/ W. Bevis Schock  .

The service method was:  electronic filing.

Electronically Filed - St Louis County - January 28, 2020 - 12:32 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

ASHFAQ HUSSAIN SYED, *et al.*　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Case No.:　　19SL-CC02229-01
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Division:　　4　　SO ORDERED:
FRONTIER AIR LINES, INC.,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　)　　　　　　　　　Judge　　　Division 17
　　　　　　　　　　　　　　　　　　　　　　　　　　　February 04, 2020

**PLAINTIFFS' CONSENT MOTION FOR LEAVE
TO ADD AS DEFENDANT HALLMARK AVIATION SERVICES, L.P., AND
FOR SUMMONS TO ISSUE**

Come now Plaintiffs, by counsel W. Bevis Schock, Thatcher A. Stone and William T.

Woodrow III, (the latter two *pro hac vice*) and move by consent under Rule 52.04(a) for leave to

add as a Defendant Hallmark Aviation Services, L.P. and for summons to issue.  In support

whereof Plaintiffs state:

1.　　　This case relates to the removal of Plaintiffs from a Frontier Airlines flight.

2.　　　Through discovery Plaintiffs have learned that the primary person responsible for

　　　　removing Plaintiff from the flight, one Jerra'Sha Young, was employed at the time not by

　　　　Defendant Frontier Air Lines, Inc., but instead by Hallmark Aviation Services, L.P.,

　　　　("Hallmark Aviation"), a ground services contractor to Frontier.

3.　　　Concurrent herewith Plaintiffs are moving to file a First Amended Petition which

　　　　includes Hallmark Aviation as a Defendant.

4.　　　Hallmark Aviation is a California limited partnership, properly registered to do business

　　　　in Missouri.

5.　　　Hallmark Aviation may be served in Cole County.

Electronically Filed - St Louis County - January 28, 2020 - 12:32 PM

6.    Plaintiffs cannot be afforded complete relief without the addition of Hallmark Aviation as a Defendant.

7.    If the court grants the relief requested in this Motion a summons will need to issue for and be served on that new Defendant.

8.    The new Defendant can be found in Cole County.

       WHEREFORE, Plaintiffs pray for an order adding Hallmark Aviation Services, L.P. as a Defendant, and directing the clerk to issue a summons for that Defendant to be served by the Sheriff of Cole County.

Respectfully Submitted,

Attorneys for Plaintiff

  /s/ W. Bevis Schock   .
W. Bevis Schock, MBE # 32551
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

  /s/ Thatcher A. Stone   .
*pro hac vice*
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
thatcher@stoneandwoodrowlaw.com
Fax:    646 873-7529
oice:   855-275-7378

  /s/ William T. Woodrow   .
*pro hac vice*
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
will@stoneandwoodrowlaw.com
Fax:    646 873-7529
Voice: 855-275-7378

Electronically Filed - St Louis County - January 28, 2020 - 12:32 PM

CERTIFICATE OF SERVICE

The undersigned certifies that on January 28, 2020 he served this document on:

All counsel of record

   /s/ W. Bevis Schock   .

The service method was:  electronic filing on David Berwin, and e-mail on *pro hac vice* counsel, Tara Shelke and Brian T. Maye.

Electronically Filed - St Louis County - January 28, 2020 - 12:38 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

ASHFAQ HUSSAIN SYED, *et al.*     )
     )
     Plaintiffs,     )
     )     Case No.:     19SL-CC02229-01
v.     )
     )     Division:     4
FRONTIER AIR LINES, INC.,     )
     )
     Defendant.     )

**SO ORDERED:**

*Judge*    Division 17

February 04, 2020

### PLAINTIFFS' CONSENT MOTION FOR LEAVE
### TO FILE FIRST AMENDED PETITION

Come now Plaintiffs, by counsel W. Bevis Schock, Thatcher A. Stone and William T. Woodrow III, (the latter two *pro hac vice*) and move by consent under Rule 55.33(a) for leave to file their First Amended Petition. In support whereof Plaintiffs state:

1. This case relates to the removal of Plaintiffs from a Frontier Airlines flight.

2. Through discovery Plaintiffs have learned that the primary person responsible for removing Plaintiff from the flight, the gate agent responsible for the incident, one Jerra'Sha Young, was not employed at the time by Defendant Frontier Air Lines, Inc., but instead was employed by Hallmark Aviation Services, L.P., a contractor to Frontier.

3. Concurrent herewith Plaintiffs are therefore moving to add Hallmark Aviation Services, L.P. as a Defendant.

4. This proposed First Amended Petition deletes previously dismissed Count I, states corrected causes of action, and corrects minor errors.

5. Under Rule 55.33(a) 'leave [to amend] shall be freely given when justice so requires."

6. Plaintiffs suggest that for the reasons outlined above, "justice so requires" the granting leave to file their First Amended Petition.

Electronically Filed - St Louis County - January 28, 2020 - 12:38 PM

7.      Defendant Frontier Airlines consents to this Motion.

WHEREFORE, Plaintiffs pray for an order granting leave to file their First Amended

Petition.

Respectfully Submitted,

Attorneys for Plaintiff

  /s/ W. Bevis Schock   .
W. Bevis Schock, MBE # 32551
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

  /s/ Thatcher A. Stone   .
*pro hac vice*
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
thatcher@stoneandwoodrowlaw.com
Fax:    646 873-7529
oice:   855-275-7378

  /s/ William T. Woodrow   .
*pro hac vice*
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
will@stoneandwoodrowlaw.com
Fax:    646 873-7529
Voice: 855-275-7378

CERTIFICATE OF SERVICE
The undersigned certifies that on January 28, 2020 he served this document on:
All counsel of record
  /s/ W. Bevis Schock   .
The service method was:  electronic filing on David Berwin, and e-mail on *pro hac vice* counsel,
Tara Shelke and Brian T. Maye.

Electronically Filed - St Louis County - February 12, 2020 - 11:26 AM

**IN THE 21ST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | |
| SHELLY RENEE BRANCH, | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) | |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No.: 19SL-CC02229-01 |
| | ) | Judge Joseph L. Walsh III |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**MOTION FOR ADMISSION *PRO HAC VICE***

Defendant FRONTIER AIRLINES, INC. ("Frontier") by its undersigned counsel pursuant to Missouri Supreme Court Rule 9.03 respectfully requests an Order allowing out-of-state attorney Matthew Martin of the law firm ADLER MURPHY & McQUILLEN LLP to appear on its behalf *pro hac vice* in this case. In support of this motion, Frontier states:

1.　　Mr. Martin is employed by the law firm ADLER MURPHY & McQUILLEN LLP, located at 20 South Clark Street, Suite 2500, Chicago, Illinois 60603.

2.　　Mr. Martin is a member in good standing of the bar of the State of Illinois. He is admitted to practice to before the following courts: Supreme Court of Illinois, United States District Court for the Northern District of Illinois, United States District Court for the Central District of Illinois, the United States District Court for the Southern District of Illinois, and United States District Court for the Southern District of Indiana.

3.　　Mr. Martin is not under suspension or disbarment in any state. No member of ADLER MURPHY & McQUILLEN LLP is under suspension or disbarment in any state.

Electronically Filed - St Louis County - February 12, 2020 - 11:26 AM

4.      Mr. Martin agrees to comply with the Rules of Professional Conduct as set forth in Mo. Sup. Ct. R. 4, and acknowledges that he is subject to discipline by the courts of this State so long as she is practicing in this State.

5.      Mr. Martin also agrees to associate himself with David C. Berwin of the law firm EVANS & DIXON L.L.C. for the duration of the above-captioned matter. Mr. Berwin is a Missouri-licensed attorney and resident attorney of Missouri. Mr. Berwin will continue to accept service of pleadings on behalf of Frontier.

6.      A receipt for payment of the fee required by Missouri Supreme Court Rule 6.01 is attached.

7.      All parties consent to this motion.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court grant its Motion for Admission *Pro Hac Vice* and enter an Order allowing Matthew Martin, an out-of-state attorney, to appear *pro hac vice* in this case.

Date: February 12, 2020

Respectfully submitted,

**FRONTIER AIRLINES, INC.**

By: */s/ David C. Berwin*
One of Its Attorneys
David C. Berwin (Bar No.: 55046)
EVANS & DIXON, L.L.C.
211 North Broadway, Suite 2500
St. Louis, Missouri 63102
Phone: (314) 552-4046
Fax:    (314) 884-4446
dberwin@evans-dixon.com

Electronically Filed - St Louis County - February 12, 2020 - 11:26 AM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of the Court and served upon all counsel of record via means of the Notice of Electronic Filing pursuant to Court Operating Rule 27.01, and served on all counsel of record by placing a copy in the U.S. Mail, postage prepaid, this 12th day of February, 2020.

By: */s/ David C. Berwin*
David C. Berwin (Bar No.: 55046)

Electronically Filed - St Louis County - February 12, 2020 - 11:26 AM

**IN THE 21ST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | |
| SHELLY RENEE BRANCH, | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) | |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No.: 19SL-CC02229-01 |
| | ) | Judge Joseph L. Walsh III |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

## ORDER

The Court being fully advised of Defendant's unopposed Motion for Admission Pro Hac Vice filed on behalf of attorney Matthew Martin, hereby grants Defendant's Motion.  Attorney Matthew Martin is hereby admitted to practice as attorney of record for Defendant Frontier Airlines, Inc., and authorized to serve as counsel for Defendant in this matter.

So Ordered: _____
　　　　　　The Honorable Joseph L. Walsh, III
　　　　　　Circuit Court Judge of the
　　　　　　Twenty-First Judicial Circuit

Date: _____

*Page 1 of 1*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 19SL-CC02229-01 |
|---|---|
| Plaintiff/Petitioner:<br>ASHFAQ HUSSAIN SYED<br><div style="text-align:right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>W BEVIS SCHOCK<br>7777 BONHOMME STE 1300<br>CLAYTON, MO 63105 |
| Defendant/Respondent:<br> FRONTIER AIR LINES, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Other | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105          (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  HALLMARK AVIATION SERVICES LP |
|---|

**Alias:**

CSC-LAWYERS INCORPORATING
SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>13-FEB-2020</u>
**Date**

_____  /Clerk

**Further Information:**
**GB**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                                      Date                                Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

**IN THE 21ST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | |
| SHELLY RENEE BRANCH, | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) | |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No.: 19SL-CC02229-01 |
| | ) | Judge Joseph L. Walsh III |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

## DEFENDANT'S UNOPPOSED MOTION FOR ENTRY OF A PROTECTIVE ORDER

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by and through its undersigned counsel, for its Unopposed Motion for Entry of a Protective Order, and in support thereof states as follows:

1.    The parties have commenced written discovery in the above-captioned action. Certain documents and information the parties will disclose in discovery implicate confidential materials.  The parties have agreed that a Protective Order is necessary in order to safeguard this information.

2.    Counsel for Frontier recently submitted a proposed protective order to Plaintiffs and the parties have agreed on the language.  Plaintiffs' counsel has stated that they are not opposed to the Court entering this protective order.

3.    The proposed confidentiality order is attached hereto as **Exhibit "A".**

4.    Entry of the confidentiality order will allow discovery to proceed efficiently and allow both parties to disclose confidential information and documents.

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

WHEREFORE, Defendant, FRONTIER AIRLINES, INC., requests that the Court enter an Order in substantially the same form as the proposed protective order attached hereto as Exhibit "A", and grant such other relief as the Court deems just and proper.

DATED this 14th day of February, 2020.

By: /s/ David C. Berwin
One of Its Attorneys
David C. Berwin (Bar No.: 55046)
EVANS & DIXON, L.L.C.
211 North Broadway, Suite 2500
St. Louis, Missouri 63102
Phone: (314) 552-4046
Fax:    (314) 884-4446
dberwin@evans-dixon.com

Brian T. Maye (admitted *pro hac vice*)
bmaye@amm-law.com
Tara Shelke (admitted *pro hac vice*)
tshelke@amm-law.com
ALDER MURPHY & MCQUILLEN LLP
20 S. Clark, Suite 2500
Chicago, IL 60605
(312) 345-0700
(312) 345-9860 (Facsimile)

*Attorneys for Defendant*

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of the Court and served upon all counsel of record via means of the Notice of Electronic Filing this 14th day of February, 2020.

By: */s/ David C. Berwin*
David C. Berwin

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

**IN THE 21ST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | |
| SHELLY RENEE BRANCH, | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) | |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.: 19SL-CC02229-01 |
| | ) | Judge Joseph L. Walsh III |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

<u>**PARTIES' AGREED [PROPOSED] PROTECTIVE ORDER**</u>

1.     All written materials produced or disclosed by the parties in this litigation (including but not limited to documents, answers to interrogatories, responses to requests for admission, and deposition testimony) which a party believes, in good faith, contain sensitive security information, personal health information, trade secrets, proprietary information, research, technical, commercial, or financial information, or other confidential material (including without limitation, the identity of Plaintiffs A.M.S and N.G.S., Minors), shall be designated as confidential by affixing a label to all pages of the document with the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." By entering this Agreed Protective Order, the Court does not intend to create any presumption about the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court. Any dispute among the parties as to the confidentiality of any specific material will be resolved pursuant to Paragraph 3 of this Agreed Protective Order.

2.     For the purposes of this Agreed Protective Order, the term "this litigation" shall include the above-captioned case and any claim for damage or other relief, however denominated,

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

brought in any court, without limitation, involving or in any way relating to the July 15, 2018 incidents described by Plaintiffs ASHFAQ HUSSAIN SYED, SHELLY RENEE BRANCH, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S. by Next Friend Ashfaq Hussain Syed, in their Complaint or as described in any cross-claim, counterclaim, or third-party complaint filed in the above-captioned case (the "Incident").

3.      If any party believes that any material produced does not contain confidential information, it may, at any time, contest the applicability of this Agreed Protective Order to such material by notifying the attorneys for the party producing the material and identifying the material contested. Upon such notification, the attorneys for the producing party shall have thirty days in which to make a specific Motion for Protective Order with respect to such material. As to any contested material for which such a motion is not made or the requested relief is not granted, such material shall be deemed outside the scope of this Agreed Protective Order. The party claiming confidential or protected status will have the burden of establishing the same for any documents or information produced or created. Until the Court rules on the challenge, all parties shall continue to treat the materials as confidential under the terms of this Agreed Protective Order.

4.      A party's attorney may distribute protected materials or share information obtained from protected materials with the following categories of persons, and no other, except by further order of the Court:

       a.      parties in this litigation and their insurers;

       b.      members of the legal or support staff of the parties' attorney's offices;

       c.      individuals that may be deposed in this action;

       d.      consultants retained by a party or party's attorney to assist in the evaluation, preparation, or testimony in this litigation but only after such

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

persons have completed the certification contained in Exhibit A, Nondisclosure Agreement;

e.  the Court and Court personnel, including stenographic reporters engaged in any court or judicial proceeding as are necessarily incidental to the preparation or trial of this litigation; and

f.  any other persons as the parties to this litigation agree to in writing or as the Court determines.

5.  Nothing in this Agreed Protective Order will prevent a party from using information or documents produced by another party pursuant to this Order during mediation, arbitration, deposition, trial, or any other proceeding in this litigation.

6.  All materials filed with the Court that contain or make reference to designated confidential information shall be filed under seal and shall be available for inspection only by the Court, the Court's staff, counsel of record to the parties, and necessary employees of such counsel until further order of Court, except as otherwise agreed by the parties. All filings shall be filed with and maintained by the Court under seal in accordance with the requirements and procedures set forth in the Court's Local Rules.

7.  If any person subject to this Agreed Protective Order is (a) served with a subpoena in another action, (b) served with requests for production of documents, interrogatories, or any other type of formal or informal demand in another action to which he or she is a party, or (c) served with any other legal process or paper by one not a party to this litigation seeking or requesting disclosure of confidential information, that person shall give prompt written notice of such event to counsel of record for the producing party and shall object to its production. Upon receipt of written notice, the producing party shall advise the person who is to respond to the subpoena, demand, or other legal process of its position. Thereafter, the producing party shall assume the responsibility for preserving and prosecuting any objection to the subpoena, demand, or other legal process. The person served

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the proprietary or confidential information.

Should the person seeking access to the confidential information take action to enforce such a subpoena, demand, or other legal process, the person so served shall set forth in their response the existence of this Agreed Protective Order. Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of confidential information, or to subject himself or herself to any penalties for noncompliance with any legal process or order, or to seek any relief from the court.

8.      Inadvertent production by any party of a document containing attorney-client communications, attorney work-product, other privileged information, confidential information, or proprietary information shall not constitute a waiver of privilege. Any such document and any copies made of it shall be returned to the producing party immediately upon request.

9.      The terms of this Agreed Protective Order shall apply automatically to actions arising from the Incident which are later filed in, removed to, or transferred to this Court, or consolidated with this litigation.

10.      Upon being contacted by a party's attorney following the final conclusion of all aspects of this litigation, each party's attorney will provide the producing party's attorney with a copy of all signed Nondisclosure Agreements (Exhibit A) within 30 days of receipt of the request.

11.      The provisions of this Agreed Protective Order will not terminate at the conclusion of this litigation. Within 30 days after final conclusion of all aspects of this litigation, confidential documents and all copies of same (other than exhibits of record) shall be returned to the producing party's attorney or destroyed. All counsel of record shall provide an affidavit to the producing

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

party's attorney certifying compliance herewith within 60 days of the final conclusion of all aspects of this litigation.

12.      This Agreed Protective Order may be modified by the Court *sua sponte* or upon motion of the parties for good cause shown.

IT IS SO ORDERED:

_____

Judge Joseph L. Walsh III

Dated: _____

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

**EXHIBIT A**
**NONDISCLOSURE AGREEMENT**

I, _____, declare as follows:

1.      I understand that the information and/or documents to be provided to me identified as confidential are subject to an Agreed Protective Order in the action titled *Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S. by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed v. Frontier Airlines, Inc.*, case number 19SL-CC02229-01, pending in the 21st Judicial Circuit, St. Louis County, Missouri ("this litigation") and constitute confidential information that is to be used only for purposes of this litigation. I understand that such information is not to be disclosed by me to anyone and is not to be used for any purpose other than as described above.

2.      I have read the Agreed Protective Order entered in this litigation and agree to be bound by its terms. I understand that I may not in any way disseminate any confidential information received by me in the course of this litigation in any way not prescribed by the Agreed Protective Order. I further understand that upon conclusion of this litigation, I must return or destroy all copies of confidential information in my possession. I also understand that I may not retain any copies of confidential information I receive in the course of this litigation.

3.      I hereby submit to the jurisdiction of any court within the United States that may otherwise have jurisdiction over this litigation and/or any proceedings to enforce the terms of the Agreed Protective Order against me, whether by way of contempt of court, by a civil action for injunction and monetary damages, or otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

Executed at _____, this ____ day of _____, 20_____.

_____           _____
PRINTED NAME                                              SIGNATURE

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

**IN THE 21ST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | **SO ORDERED:** |
| SHELLY RENEE BRANCH, | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) | |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | Judge        Division 17 |
| | ) | February 19, 2020 |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No.: 19SL-CC02229-01 |
| | ) | Judge Joseph L. Walsh III |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

**PARTIES' AGREED [PROPOSED] PROTECTIVE ORDER**

1.      All written materials produced or disclosed by the parties in this litigation (including but not limited to documents, answers to interrogatories, responses to requests for admission, and deposition testimony) which a party believes, in good faith, contain sensitive security information, personal health information, trade secrets, proprietary information, research, technical, commercial, or financial information, or other confidential material (including without limitation, the identity of Plaintiffs A.M.S and N.G.S., Minors), shall be designated as confidential by affixing a label to all pages of the document with the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." By entering this Agreed Protective Order, the Court does not intend to create any presumption about the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court. Any dispute among the parties as to the confidentiality of any specific material will be resolved pursuant to Paragraph 3 of this Agreed Protective Order.

2.      For the purposes of this Agreed Protective Order, the term "this litigation" shall include the above-captioned case and any claim for damage or other relief, however denominated,

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

brought in any court, without limitation, involving or in any way relating to the July 15, 2018 incidents described by Plaintiffs ASHFAQ HUSSAIN SYED, SHELLY RENEE BRANCH, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S. by Next Friend Ashfaq Hussain Syed, in their Complaint or as described in any cross-claim, counterclaim, or third-party complaint filed in the above-captioned case (the "Incident").

3.      If any party believes that any material produced does not contain confidential information, it may, at any time, contest the applicability of this Agreed Protective Order to such material by notifying the attorneys for the party producing the material and identifying the material contested. Upon such notification, the attorneys for the producing party shall have thirty days in which to make a specific Motion for Protective Order with respect to such material. As to any contested material for which such a motion is not made or the requested relief is not granted, such material shall be deemed outside the scope of this Agreed Protective Order. The party claiming confidential or protected status will have the burden of establishing the same for any documents or information produced or created. Until the Court rules on the challenge, all parties shall continue to treat the materials as confidential under the terms of this Agreed Protective Order.

4.      A party's attorney may distribute protected materials or share information obtained from protected materials with the following categories of persons, and no other, except by further order of the Court:

a.      parties in this litigation and their insurers;

b.      members of the legal or support staff of the parties' attorney's offices;

c.      individuals that may be deposed in this action;

d.      consultants retained by a party or party's attorney to assist in the evaluation, preparation, or testimony in this litigation but only after such

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

persons have completed the certification contained in Exhibit A, Nondisclosure Agreement;

e.     the Court and Court personnel, including stenographic reporters engaged in any court or judicial proceeding as are necessarily incidental to the preparation or trial of this litigation; and

f.     any other persons as the parties to this litigation agree to in writing or as the Court determines.

5.     Nothing in this Agreed Protective Order will prevent a party from using information or documents produced by another party pursuant to this Order during mediation, arbitration, deposition, trial, or any other proceeding in this litigation.

6.     All materials filed with the Court that contain or make reference to designated confidential information shall be filed under seal and shall be available for inspection only by the Court, the Court's staff, counsel of record to the parties, and necessary employees of such counsel until further order of Court, except as otherwise agreed by the parties. All filings shall be filed with and maintained by the Court under seal in accordance with the requirements and procedures set forth in the Court's Local Rules.

7.     If any person subject to this Agreed Protective Order is (a) served with a subpoena in another action, (b) served with requests for production of documents, interrogatories, or any other type of formal or informal demand in another action to which he or she is a party, or (c) served with any other legal process or paper by one not a party to this litigation seeking or requesting disclosure of confidential information, that person shall give prompt written notice of such event to counsel of record for the producing party and shall object to its production. Upon receipt of written notice, the producing party shall advise the person who is to respond to the subpoena, demand, or other legal process of its position. Thereafter, the producing party shall assume the responsibility for preserving and prosecuting any objection to the subpoena, demand, or other legal process. The person served

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the proprietary or confidential information.

Should the person seeking access to the confidential information take action to enforce such a subpoena, demand, or other legal process, the person so served shall set forth in their response the existence of this Agreed Protective Order. Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of confidential information, or to subject himself or herself to any penalties for noncompliance with any legal process or order, or to seek any relief from the court.

8.      Inadvertent production by any party of a document containing attorney-client communications, attorney work-product, other privileged information, confidential information, or proprietary information shall not constitute a waiver of privilege. Any such document and any copies made of it shall be returned to the producing party immediately upon request.

9.      The terms of this Agreed Protective Order shall apply automatically to actions arising from the Incident which are later filed in, removed to, or transferred to this Court, or consolidated with this litigation.

10.     Upon being contacted by a party's attorney following the final conclusion of all aspects of this litigation, each party's attorney will provide the producing party's attorney with a copy of all signed Nondisclosure Agreements (Exhibit A) within 30 days of receipt of the request.

11.     The provisions of this Agreed Protective Order will not terminate at the conclusion of this litigation. Within 30 days after final conclusion of all aspects of this litigation, confidential documents and all copies of same (other than exhibits of record) shall be returned to the producing party's attorney or destroyed. All counsel of record shall provide an affidavit to the producing

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

party's attorney certifying compliance herewith within 60 days of the final conclusion of all aspects of this litigation.

12.     This Agreed Protective Order may be modified by the Court *sua sponte* or upon motion of the parties for good cause shown.

IT IS SO ORDERED:

_____

Judge Joseph L. Walsh III


Dated: _____

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

**EXHIBIT A**
**NONDISCLOSURE AGREEMENT**

I, _____, declare as follows:

1.     I understand that the information and/or documents to be provided to me identified as confidential are subject to an Agreed Protective Order in the action titled *Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S. by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed v. Frontier Airlines, Inc.*, case number 19SL-CC02229-01, pending in the 21st Judicial Circuit, St. Louis County, Missouri ("this litigation") and constitute confidential information that is to be used only for purposes of this litigation. I understand that such information is not to be disclosed by me to anyone and is not to be used for any purpose other than as described above.

2.     I have read the Agreed Protective Order entered in this litigation and agree to be bound by its terms. I understand that I may not in any way disseminate any confidential information received by me in the course of this litigation in any way not prescribed by the Agreed Protective Order. I further understand that upon conclusion of this litigation, I must return or destroy all copies of confidential information in my possession. I also understand that I may not retain any copies of confidential information I receive in the course of this litigation.

3.     I hereby submit to the jurisdiction of any court within the United States that may otherwise have jurisdiction over this litigation and/or any proceedings to enforce the terms of the Agreed Protective Order against me, whether by way of contempt of court, by a civil action for injunction and monetary damages, or otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Electronically Filed - St Louis County - February 14, 2020 - 05:24 AM

Executed at _____, this ___ day of _____, 20_____.


_____                    _____
PRINTED NAME                                                    SIGNATURE