Electronically Filed - St Louis County - February 12, 2020 - 11:26 AM

IN THE 21ST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| ASHFAQ HUSSAIN SYED, | ) | **SO ORDERED:** |
| SHELLY RENEE BRANCH, | ) | |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) | *[signature] Div 17* |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) | |
| | ) | Judge          Division 17 |
| Plaintiffs, | ) | February 19, 2020 |
| | ) | |
| v. | ) | Case No.: 19SL-CC02229-01 |
| | ) | Judge Joseph L. Walsh III |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT FRONTIER AIRLINES, INC.'S
MOTION FOR ADMISSION *PRO HAC VICE***

Defendant FRONTIER AIRLINES, INC. ("Frontier") by its undersigned counsel pursuant to Missouri Supreme Court Rule 9.03 respectfully requests an Order allowing out-of-state attorney Matthew Martin of the law firm ADLER MURPHY & McQUILLEN LLP to appear on its behalf *pro hac vice* in this case. In support of this motion, Frontier states:

1. Mr. Martin is employed by the law firm ADLER MURPHY & McQUILLEN LLP, located at 20 South Clark Street, Suite 2500, Chicago, Illinois 60603.

2. Mr. Martin is a member in good standing of the bar of the State of Illinois. He is admitted to practice to before the following courts: Supreme Court of Illinois, United States District Court for the Northern District of Illinois, United States District Court for the Central District of Illinois, the United States District Court for the Southern District of Illinois, and United States District Court for the Southern District of Indiana.

3. Mr. Martin is not under suspension or disbarment in any state. No member of ADLER MURPHY & McQUILLEN LLP is under suspension or disbarment in any state.

Page 1 of 3

Electronically Filed - St Louis County - February 12, 2020 - 11:26 AM

4.  Mr. Martin agrees to comply with the Rules of Professional Conduct as set forth in Mo. Sup. Ct. R. 4, and acknowledges that he is subject to discipline by the courts of this State so long as she is practicing in this State.

5.  Mr. Martin also agrees to associate himself with David C. Berwin of the law firm EVANS & DIXON L.L.C. for the duration of the above-captioned matter. Mr. Berwin is a Missouri-licensed attorney and resident attorney of Missouri. Mr. Berwin will continue to accept service of pleadings on behalf of Frontier.

6.  A receipt for payment of the fee required by Missouri Supreme Court Rule 6.01 is attached.

7.  All parties consent to this motion.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court grant its Motion for Admission *Pro Hac Vice* and enter an Order allowing Matthew Martin, an out-of-state attorney, to appear *pro hac vice* in this case.

Date: February 12, 2020                                     Respectfully submitted,

**FRONTIER AIRLINES, INC.**

By: */s/ David C. Berwin*
One of Its Attorneys
David C. Berwin (Bar No.: 55046)
EVANS & DIXON, L.L.C.
211 North Broadway, Suite 2500
St. Louis, Missouri 63102
Phone: (314) 552-4046
Fax:    (314) 884-4446
dberwin@evans-dixon.com

Electronically Filed - St Louis County - February 12, 2020 - 11:26 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of the Court and served upon all counsel of record via means of the Notice of Electronic Filing pursuant to Court Operating Rule 27.01, and served on all counsel of record by placing a copy in the U.S. Mail, postage prepaid, this 12th day of February, 2020.

By: */s/ David C. Berwin*  
David C. Berwin (Bar No.: 55046)

**IN THE 21ST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| ASHFAQ HUSSAIN SYED, ) <br> SHELLY RENEE BRANCH, ) <br> A.M.S., by Next Friend Ashfaq Hussain Syed, and ) <br> N.G.S., by Next Friend Ashfaq Hussain Syed, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> FRONTIER AIRLINES, INC., ) <br> ) <br> *Defendant*. ) | Case No.: 19SL-CC02229-01 <br> Judge Joseph L. Walsh III |

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' AMENDED PETITION**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, and for its Amended Answer and Affirmative Defenses to Plaintiffs' Amended Petition states:

1. This is an action against Frontier Airlines. Inc. and its local ground contractor, Hallmark Aviation Services, L.P. On July 15, 2018 Jerra'Sha Young, a gate agent employed by Hallmark Aviation, wrongfully removed the four members of Plaintiffs' family from their Frontier flight, locked them in the jetway, and threatened them about similar treatment that they would receive the following day for their rebooked flight. Plaintiffs sue for negligence *per se* for violation of the Tickets Act, negligent manner of removal from the airplane, intentional tort for removal from the plane, false imprisonment, and breach of contract.

**ANSWER:** Frontier admits that Plaintiffs allege negligence *per se* for violation of the Tickets Act, negligent manner of removal from the airplane, intentional tort for removal from the plane, false imprisonment, and breach of contract related to an incident that occurred on July 15, 2018. Frontier denies the remaining allegations contained in Paragraph 1.

2. Plaintiffs Ashfaq Hussain Syed and Shelly Renee Branch are single individuals who reside together at 5 Country Club Dr., Fulton, MO, 65251, Callaway County.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Plaintiff A.M.S. is an infant child, Date of Birth: December 16, 2016, proceeding by Next Friend Ashfaq Hussain Syed.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Plaintiff N.G.S. is an infant child, Date of Birth: December 16, 2016, A.M.S.'s twin, proceeding by Next Friend Ashfaq Hussain Syed.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4.

5. A.M.S. and N.G.S. are the natural children of Syed and Branch and reside with them.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Syed and Branch are a mixed-racial couple and Syed is of Middle Eastern complexion and descent.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Syed is a Sergeant First Class in the Missouri Army National Guard.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Syed has a Master's Degree in nuclear engineering and works as a supervisor in the Control Room of the Callaway Energy Center, a nuclear power plant in Callaway County, Missouri, which is owned and operated by Ameren Corporation, a large regional electric utility.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Frontier Air Lines is a Nevada corporation with its principal place of business in Colorado. Frontier has a place of business in St. Louis County, Missouri. Frontier operates regularly scheduled commercial air service into St Louis County, Missouri multiple times a week,

and in this County sells tickets for carriage. Frontier has substantial revenues and expenses in St. Louis County.

**ANSWER:** Frontier admits only that its principal place of business is in Colorado, that it does business in St. Louis County, Missouri, and that it operates regularly scheduled commercial flights into St. Louis, Missouri. Frontier denies the remaining allegations contained in Paragraph 9.

10. Frontier reached into Missouri and sold Plaintiffs the tickets that form the genesis of this dispute.

**ANSWER:** Paragraph 10 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 10.

11. Hallmark Aviation Services, L.P., ("Hallmark Aviation"), is a Missouri corporation in good standing.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 11.

12. The injuries suffered by the Plaintiffs arise directly out of the Defendants' conduct at the St. Louis Lambert International Airport which is in St. Louis County, Missouri.

**ANSWER:** Frontier denies the allegations contained in Paragraph 12.

13. Plaintiff demands jury trial.

**ANSWER:** Paragraph 13 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 13.

14. At the time of the incident Hallmark Aviation was a contractor providing gate agent services to Frontier, and was Frontier's agent.

**ANSWER:** Frontier admits that Hallmark Aviation provided gate agent services to Frontier on the date of the incident. Frontier denies the remaining allegations of Paragraph 14.

15. All actions of Hallmark Aviation were performed:

    a. To serve the business interests of Frontier according to an express or implied agreement, and

    b.    Frontier either controlled or had the right to control the physical conduct of Hallmark Aviation.

**ANSWER:** Paragraph 15 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 15.

16.    All actions of Hallmark Aviation, as taken through its employees, are attributable to Frontier.

**ANSWER:** Frontier denies the allegations contained in Paragraph 16.

17.    At the time of incident Jerra'Sha Young ("Young") was an employee of Hallmark Aviation.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17.

18.    At all relevant times Young's Actions

    a.    Were a part of the work she had been employed to perform,

    b.    Were done to serve the business interests of Hallmark Aviation,

    c.    Were within the scope and course of her employment by Hallmark Aviation,

    d.    Although not specifically authorized by Hallmark Aviation, were done to further the business or interests of Hallmark Aviation under its general authority and direction,

    e.    Naturally arose from the performance of Hallmark Aviation's work, and

    f.    Were usual customary and expected, that is, foreseeable, but

    g.    Were not criminal.

**ANSWER:** Paragraph 18 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 18.

19.    Young was merely using the opportunity afforded by the circumstances to do the harm.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:** Paragraph 19 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 19.

20. All actions of Young as taken through its employees, are attributable to Hallmark Aviation.

**ANSWER:** Paragraph 20 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 20.

21. Because all actions by Young and other employees of Hallmark Aviation are attributable to Hallmark Aviation, and all acts of representatives of Hallmark are attributable to Frontier, all actions of Young and other employees of Hallmark Aviation are attributable to Frontier.

**ANSWER:** Paragraph 21 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 21.

22. All Plaintiffs complied in all respects, whether or not material, with all legal and lawful conditions, requirements, ordinances, regulations and other legal and contractual undertaking incumbent upon them in connection with the Frontier Contract of Carriage, and with the rules and ordinances of the authorities at the airport of departure and proposed arrival, and all aircraft placards and crew member instructions.

**ANSWER:** Paragraph 22 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 22.

23. On Thursday, July 12, 2018 Branch went on line to Defendant's website and purchased confirmed tickets for the four Plaintiffs to fly one way from St. Louis to Las Vegas, NV, departing on Sunday, July 15, 2018 at 5:59 p.m., Frontier Flight No. F9 87, confirmation No. YB517D.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 23.

24. Syed and Branch were not certain of their return date and that was why Branch only purchased tickets for one way.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Branch selected seats 40D and 40E for herself and Syed. Because the children were under two at the time there was no charge for their travel and they were expected to sit on Syed and Branch's laps.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 25.

26. The total fee for all four one way tickets was $211.40, which included a $30.00 bag fee for one bag and two $13.00 fees for seats reserved in advance of boarding.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 26.

27. Branch paid for the trip with a Bank of America credit card.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 27.

28. The purpose of the trip was for Syed and Branch to get married in Las Vegas, with their children with them, and then to go as a family to see friends on the California coast.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 28.

29. During the 24 hour period before the flight Branch and Syed checked in and received boarding passes on their phones.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 29.

30. When Plaintiffs arrived at the check in counter, they encountered Young.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Young, even though and employee of Hallmark Aviation, was acting as an apparent agent for Frontier in that

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

  a. An ordinary careful person would believe that she had authority to perform all acts she did perform, on behalf of Frontier,

  b. Frontier knew or had reason to know of Young's conduct and allowed such conduct, and

  c. Plaintiff's reasonably relied on such conduct of Young at the time.

**ANSWER:** Paragraph 31 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 31.

  32. Syed handed over his military ID card with his full name: Ashfaq Hussain Syed.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 32.

  33. Young immediately became disagreeable and hostile.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 33.

  34. Branch asked Young to waive the bag fee because the Frontier website offers free luggage for military personnel.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 34.

  35. Young informed Plaintiffs that Syed and Branch would have to pay for the bag, despite the Frontier policy of providing free baggage carriage to military personnel.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 35.

  36. Young then informed Plaintiffs that they could not sit together, despite the fact that Plaintiffs had confirmed seating together.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 36.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

37. Plaintiff asked why and Young said that if Branch was going to argue and not accept that Branch and Syed could not sit together Plaintiffs would have to cancel their tickets.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 37.

38. At no time did Young explain her reason for refusing to allow the Plaintiffs to sit together or explain that there was an issue with available oxygen masks for five people seated in a three seat row (the four Plaintiffs plus whoever was in 40F).

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 38.

39. Young's hostile behavior was especially hard to understand considering that Plaintiffs were traveling with two infant children flying for their first time, as Syed and Branch indicated at the outset of the interaction, and it would be readily apparent to Young or any objectively reasonable person that the family being able to sit together - even if across the aisle - would be a paramount priority for such passengers.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 39.

40. Young re-assigned Syed to a seat on left side of the plane, approximately 3-5 rows forward of row 40, in a window seat, stating that the new seat for Syed was the closest empty seat.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 40.

41. Young gave Syed and Branch new paper boarding passes.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 41.

42. Syed showed Young the children's birth certificates and Young gave Syed boarding passes for the children.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 42.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

43. Young then informed Plaintiffs that as military they could both proceed through the TSA "pre-check" line.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 43.

44. Plaintiffs went to the pre-check line and the TSA agent stated that although Syed's military ID would allow him in that line, Branch would not be allowed in that line because she lacked military ID or other paperwork to allow use of the pre-check line.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 44.

45. Syed and Branch observed that the regular TSA line was not crowded so they proceeded to that line and went through security.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 45.

46. After passing through security, Branch called Frontier customer service to inquire about the seating situation, because they had booked their seating in advance, arrived at the airport with confirmed seats together, and had been given no explanation for why they had been separated.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 46.

47. The Frontier customer service agent Branch reached on the phone, identity unknown to Plaintiffs, ("the First Frontier Phone Agent") told Branch that she was restoring their previous seat assignments and told Branch to inform Young that she, the First Frontier Phone Agent, had done so.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 47.

48. The First Frontier Phone Agent said that Frontier routinely booked families with small children who would ride in their parents' lap and there would be no problem.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 48.

49. When Plaintiffs arrived at the gate, they observed that Young, the same person with whom they had interacted at the baggage check-in counter, was handling the gate.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 49.

50. When Branch informed Young that the First Frontier Phone Agent had restored their seat assignments, Young started speaking to her in a loud and irritated voice.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 50.

51. Young asked, "Who changed your seats?" and Branch told her it was the First Frontier Phone Agent.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 51.

52. Young then stated: "You will listen to me. I am the one that will tell you where you can sit, and l told you that you will not sit together."

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 52.

53. Branch was made very uncomfortable by this loud and berating behavior as it was creating a scene in front of the other passengers.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 53.

54. Branch asked for an explanation of why they could not sit together and Young still provided no explanation.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 54.

55. Plaintiffs quietly took their seats in the gate waiting area as they wished to avoid further confrontation.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 55.

56. Plaintiffs pre-boarded as a family at approximately 5:30 p.m.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 56.

57. Plaintiffs walked down the aisle and approached their originally assigned seats in Row 40.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 57.

58. At approximately that location a flight attendant confronted them and informed them that she had been made aware about them.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 58.

59. The flight attendant then told Syed and Branch that they would not be able to sit together.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 59.

60. Syed asked the flight attendant why they were receiving this treatment, and she informed Plaintiffs that there was an issue with the available oxygen masks with two lap infants.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 60.

61. Syed and Branch then understood that there was a rational reason for separating them and they abandoned all thoughts and intentions to sit on the same side of the plane in the same row.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 61.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

62. Syed and Branch were then standing near their original seats, taking care of their children, and stowing their luggage.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 62.

63. A female passenger sitting in 40F, the window seat on the right side of the plane in Plaintiff's original row, had overheard the conversation about the oxygen masks and she then offered to the flight attendant that she would sit in Syed's reassigned seat so that her seat would be empty, and there would be enough oxygen masks for Plaintiffs family to sit together as four people in one row.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 63.

64. The flight attendant stated to the woman in 40F "that will not work."

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 64.

65. The flight attendant left Plaintiffs' immediate area.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 65.

66. Plaintiffs were still in the area of row 40.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 66.

67. A passenger then walked toward where Plaintiffs were standing.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 67.

68. It appeared to Plaintiffs that he was assigned to 39D.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 68.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

69. Syed asked that passenger if he would swap seats so that this passenger would take the seat approximately row 35 to which Syed was now assigned, so that Syed and one child could sit in closer proximity to Branch and the other child.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 69.

70. The man good-naturedly agreed, sat down in Syed's assigned seat, and proceeded to put his head back in such a manner that he appeared to be falling asleep.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 70.

71. At this point, all Plaintiffs were in aisle seats, in adjacent rows, one behind the other, with each adult holding a child in his or her lap, and consequently there was no potential issue with oxygen masks.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 71.

72. The plane sat at the gate for what seemed an unusually long time.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 72.

73. The plane was nearly full.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 73.

74. While waiting for departure Syed and Branch did not witness any passengers make any complaint about them to any crew member.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 74.

75. Plaintiffs had no interaction with crew during this interval.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 75.

76.   During this interval, Plaintiffs had brief interactions with other passengers who were charmed by the babies and Syed and Branch otherwise exchanged pleasantries with the other passengers, including the fact that it was the family's first flight together.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 76.

77.   A passenger across the aisle asked if she could take a picture of the family on its first flight together and Syed and Branch agreed.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 77.

78.   Branch gave the passenger her phone and the passenger took the picture at approximately 6:07 p.m.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 78.

79.   Branch posted this picture to Facebook at 6:10 p.m.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 79.

80.   Shortly thereafter, Young boarded the plane, marched up to the Plaintiffs, pointed her finger in Syed and Branch's faces, and said: "You and you get your stuff."

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 80.

81.   Syed and Branch, wordlessly complied by getting their carryon items and children together and followed Young down the aisle.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 81.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

82. When they reached the front of the plane Branch asked Young where they were going and she said: "Off."

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 82.

83. When Branch asked why, Young informed Syed and Branch that they would be told once they were off the plane.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 83.

84. As they exited the plane into the jetway area just off the airplane Young remained in the airplane doorway.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 84.

85. Branch saw another Frontier employee and asked that person to speak to a supervisor.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 85.

86. Branch recalls that the person stated that she was a supervisor and introduced herself as "Dez." (sp?).

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 86.

87. "Dez" was on a walkie-talkie assisting with retrieving Plaintiff's stroller out of the plane's baggage hold.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 87.

88. "Dez" stated in response to an inquiry from Branch that Plaintiffs were being removed from the plane because the "passengers and flight attendants felt uncomfortable with Plaintiffs being on the plane.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 88.

89. Dez then left the area via the jetway.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 89.

90. Branch again asked why they were being removed from the flight and Young stated that it was because they had made "the flight attendants and passengers uncomfortable."

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 90.

91. At this point, Plaintiffs observed Young, the flight attendant and another unidentified employee snickering at them from the open plane door.

**ANSWER:** Frontier denies the allegations in Paragraph 91.

92. Plaintiffs pressed the Frontier employees for further explanation but received none.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 92.

93. A Frontier employee or representative brought Plaintiff's stroller to the area of the jetway where there is a set of stairs to the tarmac.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 93.

94. Branch began putting the children in the stroller.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 94.

95. Young then pushed past the Plaintiffs, proceeded up the jet way with Plaintiff following well behind, and closed the jet way's terminal door, leaving Plaintiffs in the jet way.

**ANSWER:** Frontier denies the allegations in Paragraph 95.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

96. Branch pushed on the terminal jetway door but it would not open.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 96.

97. Branch went back to the airplane end of the jet way and found that the airplane door was closed.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 97.

98. At that point Plaintiffs were locked in the jet way tunnel, with a locked door to the terminal on one side and a locked plane door on the other side.

**ANSWER:** Frontier denies the allegations in Paragraph 98.

99. Plaintiffs remained locked in this tunnel, and were unable to exit. It was hot, they were sweating, and the babies were screaming. They sat down because of the heat.

**ANSWER:** Frontier denies the allegations in Paragraph 99.

100. Frontier controlled the exits of the jet way.

**ANSWER:** Paragraph 100 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 100.

101. Syed and Branch understood that it would be unlawful to go out the jetway door leading to the tarmac and did not attempt that method of leaving the jetway.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 101.

102. While still in the jetway Branch called Frontier customer service by her cell phone and a Frontier customer phone service agent, (the "the Second Frontier Phone Agent"), answered.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 102.

103. Branch explained the family's circumstances and the Second Frontier Phone Agent said that her records showed that they were on the plane.