Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**   Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 103.

103. Branch explained that the family was in the jetway.

**ANSWER:**   Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 104.

105. The Second Frontier Phone Agent stated that she would get someone to let them out.

**ANSWER:**   Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 105.

106. Branch was diagnosed years ago for migraine headaches. Her migraines are sometimes caused by stress.

**ANSWER:**   Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 106.

107. Branch began developing a headache, likely a migraine, from the stress.

**ANSWER:**   Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 107.

108. A Frontier Employee opened the terminal door to the jetway and standing next to that person was Young.

**ANSWER:**   Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 108.

109. The amount of time Plaintiffs and their children were locked in the jetway tunnel is unknown but Plaintiffs estimate a few minutes, approximately 3-10 minutes, and it felt like a very long time.

**ANSWER:**   Frontier denies the allegations in Paragraph 109.

110. At some point Branch asked the Frontier representatives to retrieve Plaintiffs' luggage.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 110.

111.    The Frontier representatives initially resisted that request due to expected delay, but when Branch explained that her car keys were in the luggage the Frontier representatives complied and Plaintiffs received their luggage.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 111.

112.    Branch then initiated another cell phone call to customer service.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 112.

113.    Branch spoke to a third telephone customer service agent to request that the family's flight be re-booked.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 113.

114.    In the alternative Plaintiff was on hold from the original call and the conversation was a continuation of the call with the Second Frontier Phone Agent- Plaintiff has no clear memory of which it was. (Plaintiff will hereafter refer to this conversation as being with the "Third Frontier Phone Agent").

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 114.

115.    The Third Frontier Phone Agent informed Plaintiffs that an agent on the scene needed to make a computer entry showing them as removed from the flight so that rebooking could take place.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 115.

116.    The only agent on the scene was Young, so Branch asked the Third Frontier Phone Agent if she, Branch, could put her phone on speaker and the Third Frontier Phone Agent agreed.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 116.

117.     A speaker phone conversation ensued between the Third Frontier Phone Agent, Syed, Branch and Young.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 117.

118.     Young initially refused to comply with the Third Frontier Phone Agent's request to change Plaintiff's status from on the flight to off the flight, but eventually, grudgingly, did so, after Third Frontier Phone Agent confronted her and told her it was the least she could do.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 118.

119.     The Third Frontier Phone Agent re-booked Plaintiffs for the next day and the phone call ended.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 119.

120.     As Plaintiffs were walking away, Young was standing with two other individuals, including "Dez", looking at Plaintiff, and Young started making comments to the Plaintiffs. Branch was taking a video at this point. Young said: "Ma'am I didn't even give you permission to record me and that's illegal. See you tomorrow."

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 120.

121.     Plaintiffs ignored this comment and kept walking, at which point Young followed them, walked in front, turned around and stopped them, and said: "I don't think you heard me. I will see you at the gate tomorrow. It's the exact same crew as today." She then smiled widely and walked away.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 121.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

122.    Soon thereafter Syed called customer service and confirmed that it was indeed the exact same crew the next day, at which point he cancelled their flight.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 122.

123.    Syed later went on-line to the feedback page filed a written complaint with Frontier stating the above story in abbreviated form.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 123.

124.    It is not illegal to take videos of flight attendants and/or otherwise take videos on airplanes, 49 U.S.C. 46504.

**ANSWER:**    Paragraph 124 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 124.

125.    In any case Syed and Branch neither took video on the airplane nor harassed flight attendants.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 125.

126.    It is not illegal for customers to trade seats.

**ANSWER:**    Paragraph 126 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 126.

127.    Syed's on-line complaint contains an error in that it suggests that Plaintiffs learned of the issue of too many people in the row for the oxygen masks earlier than they actually received that information.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 127.

128.    Syed called Frontier approximately the next day, spoke to "Lisa", told the story, and asked for the family's money back.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 128.

129.    Frontier opened investigation No. 180821-001664.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 129.

130.    Approximately two days later a Frontier representative named Beth called Plaintiff Syed's phone and spoke to Syed and Branch by speaker phone.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 130.

131.    Beth stated that they had investigated the complaint and found that Syed was taking videos after being told by flight attendants to stop, harassing flight attendants, and asking customers to trade seats.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 131.

132.    On August 21, 2019 "Beth" sent an e-mail to Syed stating that he would receive a refund on the credit card ending in 0676.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 132.

133.    Plaintiffs have never received a refund on that card or any other card or by any other method.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 133.

134.    Approximately two months later Branch wrote a Facebook post describing their experience, which generated considerable social media outrage.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 134.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

135.    A number of individuals, including Donna Stern, Branch's mother, contacted Frontier and/or posted on Facebook to complain about Frontier's behavior.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 135.

136.    Frontier replied by e-mail to some of those who complained by defending its position.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 136.

137.    "Beth", Frontier's investigator, wrote to Branch's mother, Donna Stern, on September 13, 2018 at 4:49 p.m. and stated:

  a.    The children "were not included on their reservation".
  b.    "The parent who had been reassigned was now back in their (sic) original seat",
  c.    The "parents were not complying with crew member instructions and insisted on flying in a way that could jeopardize safety of flight".
  d.    "They were provided with a refund".

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 137.

138.    Plaintiffs were not at fault in any way.

**ANSWER:**    Paragraph 138 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 138.

139.    There was no legal justification for Frontier to throw Plaintiffs off the flight or imprison Plaintiffs in the jetway.

**ANSWER:**    Paragraph 139 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 139.

140.    Plaintiffs did not receive the benefit of their contract with Frontier because Frontier did not provide transportation to Plaintiffs' family from St. Louis to Las Vegas on July 15, 2018.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**    Paragraph 140 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 140.

141.    Due to the cancellation of their tickets and the bad experience described herein, among other reasons, Syed and Branch have not yet married.

**ANSWER:**    Frontier denies the allegations that Syed and Branch have not married due to the cancellation of their tickets. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 141.

142.    All Plaintiffs lost the benefits associated with their expected trip to Las Vegas and the west coast.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 142.

143.    Syed and Branch suffered garden variety emotional damages from the loss of the transportation to Las Vegas.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 143.

144.    During the time Plaintiffs were imprisoned in the jetway all four Plaintiffs suffered fear, loss of liberty, uncomfortable conditions, humiliation, indignity, disgrace, stress, embarrassment and, mental suffering.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 144.

145.    Each defendant was negligent and the negligence of each combined with that of the others, and therefore each is liable, although the negligence of any one was not the sole negligence or the sole proximate cause, and although the negligence of one, without such other independent, intervening cause, would not have produced the injury.

**ANSWER:**    Paragraph 145 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 145.

146.    Defendants' conduct in throwing Plaintiffs off the flight, through the actions of Young and other representatives of Defendants, all acting with actual or apparent authority, showed complete indifference to or conscious disregard for harm to others.

**ANSWER:**    Paragraph 146 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 146.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

147.    Defendants' conduct in throwing Plaintiffs off the flight and imprisoning Plaintiffs in the jetway, through the actions of Young and other representatives of Defendants all acting with actual or apparent authority, was outrageous because of the Defendants' authorized representatives' evil motives and/or reckless indifference to the rights of Plaintiffs.

**ANSWER:**    Paragraph 147 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 147.

148.    Defendants' conduct, through the actions of its authorized agents, from the moment Plaintiffs arrived at the check-in counter until they left the airport, showed complete indifference to and/or conscious disregard for the safety and rights of Plaintiffs.

**ANSWER:**    Paragraph 148 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 148.

149.    The "Transparency Improvements and Compensation to Keep Every Ticketholder Safe Act of 2017" or the "TICKETS Act", Public Law No: 115-254, Title IV, Subtitle A, Sec. 425, HR 302, passed by both houses and signed by the president, effective October 5, 2018, ("the statute"), (which is a date after this incident), states in relevant part:

It shall be an unfair or deceptive practice under subsection (a) for an air carrier or foreign air carrier subject to part 250 of title 14, Code of Federal Regulations, to involuntarily deplane a revenue passenger onboard an aircraft, if the revenue passenger –

(A)    is traveling on a confirmed reservation; and
(B)    checked-in for the relevant flight prior to the check-in deadline.

**ANSWER:**    Paragraph 149 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 149.

150.    When Defendant expelled Plaintiffs from the airplane, Defendant violated this Act, (although the act was not yet effective).

**ANSWER:**    Paragraph 150 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 150.

**COUNT I – NEGLIGENCE**
**Failure to Transport Plaintiffs**


**Intentionally Omitted**

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

## COUNT II – NEGLIGENCE PER SE
### Violation of TICKETS Act

151.    Plaintiffs incorporate all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answer to all prior paragraphs.

152.    Plaintiffs checked in prior to the check-in deadline.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 152.

153.    Plaintiffs entered and went to their seats on the airplane as paid passengers with confirmed reservations.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 153.

154.    Defendant forced Plaintiffs to involuntarily deplane.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 154.

155.    The TICKETS Act, albeit enacted into law after this incident, defines the duty of the common carrier to transport paying passengers.

**ANSWER:**    Paragraph 155 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits only those duties imposed by applicable law and denies the remaining allegations contained in Paragraph 155.

156.    Pursuant to the statute under these circumstances it was an unfair or deceptive practice to involuntarily deplane Plaintiffs.

**ANSWER:**    Paragraph 156 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 156.

157.    Defendant, through its authorized representatives, violated the statute.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 157.

158.    Plaintiffs are members of the class of persons intended to be protected by the statute.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**    Paragraph 158 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 158.

159.    The damages outlined above are the kind of damages the statute was designed to prevent.

**ANSWER:**    Paragraph 159 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 159.

160.    The violation of the statute was the cause of Plaintiff's damages.

**ANSWER:**    Paragraph 160 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 160.

161.    Defendant's conduct, through its authorized representatives, showed complete indifference to and/or conscious disregard for harm to others.

**ANSWER:**    Paragraph 161 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 161.

162.    Defendant's conduct, through its authorized representatives, demonstrated conscious negligence tantamount to intentional wrongdoing because Defendant's authorized agents were conscious of their conduct, and, though, in the alternative, having no specific intent to injure, must have been conscious, from their knowledge of surrounding circumstances and existing conditions, that their conduct would naturally or probably result in injury and/or that there was a high probability that their conduct result in injury.

**ANSWER:**    Paragraph 162 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 162.

### COUNT III – FAILURE TO USE HIGHEST DEGREE OF CARE
### Manner of Removal from Plane

163.    Plaintiffs incorporate all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answer to all prior paragraphs.

164.    Once Plaintiffs were on the airplane, Defendants and their agents and employees had a duty as a common carrier to exercise highest degree of care a very careful person would use under the same or similar circumstances for the well-being and treatment of its passengers.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**    Paragraph 164 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits only those duties imposed by applicable law and denies the remaining allegations contained in Paragraph 164.

165.    It was reasonably foreseeable that Defendants and their agents and employees improper treatment of the Plaintiffs in the manner in which they were removed from the plane would result in aggravation, inconvenience, distress, and would deprive them of their family trip.

**ANSWER:**    Paragraph 165 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 165.

166.    Defendants and their agents breached the duty of a common carrier to Plaintiffs by the cruel and callous manner in which they ejected Plaintiffs from the aircraft, including by drawing attention to Plaintiffs as though they were criminals in front of all the passengers heading to Las Vegas, by terrifying Plaintiffs, leaving them in a locked jetway, and intimidating them into cancelling their rescheduled flight.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 166.

167.    As a result, all Plaintiffs suffered monetary damages, inconvenience, embarrassment, and emotional distress from this outrageous conduct, which continue to affect all Plaintiffs.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 167.

## COUNT IV – INTENTIONAL TORT
### Intentional Removal from Plane

168.    Plaintiffs incorporate all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answer to all prior paragraphs.

169.    Defendants, through their authorized representatives, intentionally removed Plaintiffs from the plane.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 169.

170.    At the time there was no statute, law or regulation specifically making unlawful the removal of Plaintiffs from the plane.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**    Frontier admits the allegations contained in Paragraph 170.

171.    The removal of Plaintiffs from the plane caused Plaintiffs damages as outlined above.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 171.

172.    There was no justification and/or there was insufficient justification for Defendants' removal of Plaintiffs from the plane.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 172.

173.    Defendants' conduct, through their authorized representatives, was outrageous because of Defendants' evil motive or reckless indifference to the safety and rights of others.

**ANSWER:**    Paragraph 173 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 173.

## COUNT V – INTENTIONAL TORT
### False Imprisonment in the Jetway

174.    Plaintiff incorporates all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answer to all prior paragraphs.

175.    By confining Plaintiffs into the overheated jet way with no exit, Young knowingly and unlawfully constrained Plaintiffs and completed restricted their movement without their consent.

**ANSWER:**    Paragraph 175 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 175.

176.    The Plaintiffs were aware that they had been locked in the jetway and were not free to leave, which was a substantial interference with their liberty.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief regarding Plaintiffs' awareness as alleged in Paragraph 176. The remainder of Paragraph 176 contains

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the remaining allegations contained in Paragraph 176.

177.    The actions of Defendants and their agents were reasonably foreseeable in that the actions of Defendant's agents were within the scope of their employment.

**ANSWER:**    Paragraph 177 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 177.

178.    As a result Plaintiffs suffered damages including humiliation, heat duress, mental anguish, and fear for their wellbeing and that of their children.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 178.

179.    Defendants' conduct, through their authorized representatives, was outrageous because of Defendants' evil motive or reckless indifference to the rights of others.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 179.

## COUNT VI – BREACH OF CONTRACT
### Breach of Contractual Duty to Transport Plaintiffs to Las Vegas

180.    Plaintiff incorporates all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answers to all prior paragraphs.

181.    Plaintiffs and Defendant Frontier entered into a contract of carriage to transport Plaintiffs from St Louis, MO to Las Vegas, NV.

**ANSWER:**    Frontier admits the allegations contained in Paragraph 181.

182.    As consideration for this contract, Plaintiffs paid $211.40.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 182.

183.    Plaintiffs complied in every way with the conditions of the contract.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 183.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

184.    Under the terms of the contract, Frontier may refuse carriage for a limited set of reasons, none of which were applicable when they refused to carry Plaintiffs.

**ANSWER:**    Paragraph 184 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits that under the contract of carriage, Frontier has the right to refuse to provide transportation to persons for various reasons. Frontier denies the remaining allegations contained in Paragraph 184.

185.    By refusing to carry Plaintiffs after they had purchased valid tickets and engaged in a binding contract, Defendant Frontier breached the contract by its refusal to perform.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 185.

186.    As a result, Plaintiffs suffered (a) actual, (b) consequential and (c) benefit of the bargain damages as a direct result of Defendant Frontier's breach, in an amount to be determined at trial.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 186.

## GENERAL DENIAL

Defendant FRONTIER AIRLINES, INC. denies all allegations of Plaintiffs' Complaint which are not specifically admitted above.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Complaint, Defendant FRONTIER AIRLINES, INC. raises and preserves the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

1.    On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence,

negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2.      On October 17, 2019, Plaintiffs abandoned Count I of their Complaint, which alleged negligence, failure to transport Plaintiffs.

3.      On February 4, 2020, Plaintiffs filed their Amended Complaint.

4.      Frontier herewith files its Answer to Plaintiffs' Amended Complaint and denies all allegations of negligence and wrongdoing.

5.      Counts II, III, IV, and V of Plaintiffs' Amended Complaint fail to state claims upon which relief can be granted.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court dismiss Plaintiffs' Amended Complaint with prejudice.

## SECOND AFFIRMATIVE DEFENSE

1.      On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2.      On October 17, 2019, Plaintiffs abandoned Count I of their Complaint, which alleged negligence, failure to transport Plaintiffs.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

3.    On February 4, 2020, Plaintiffs filed their Amended Complaint.

4.    Frontier herewith files its Answer to Plaintiffs' Amended Complaint and denies all allegations of negligence and wrongdoing.

5.    Plaintiffs cannot recover under the Count II of their Amended Complaint because the TICKETS Act of 2018, Pub. L. No. 115-254, 132 Stat. 3186 was not in effect at the time of the alleged incident and does not create a private right of action.

6.    Alternatively, Plaintiffs' claims are preempted, in whole or in part, by federal law.

7.    Further in the alternative, Frontier has complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

8.    Further in the alternative, Plaintiffs' alleged damages, if any, are barred or limited under applicable law, and Plaintiffs have failed to mitigate their damages.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court dismiss Plaintiffs' Amended Complaint with prejudice.

### THIRD AFFIRMATIVE DEFENSE

1.    On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2.    On October 17, 2019, Plaintiffs abandoned Count I of their Complaint, which alleged negligence, failure to transport Plaintiffs.

3.      On February 4, 2020, Plaintiffs filed their Amended Complaint.

4.      Frontier herewith files its Answer to Plaintiffs' Amended Complaint and denies all allegations of negligence and wrongdoing.

5.      The respective obligations of Frontier and Plaintiffs are governed by the applicable contract of carriage.

6.      Plaintiffs' claims are barred, in whole or in part, by contractual release, disclaimer, or limitations remedies entered into by Plaintiffs. Alternatively, Plaintiffs' claims are barred or limited pursuant to contract. Further in the alternative, Plaintiffs' claims are waived, in whole or in part, pursuant to contract.

7.      Similarly, Plaintiffs' alleged damages, if any, were caused in whole in part by the assumption of risk, fault, neglect, want of care, or independent, intervening, or superseding acts or omissions or other culpable conduct of Plaintiffs themselves for which Frontier is not responsible.

8.      Alternatively, some or all of Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have already received full satisfaction or compensation for their alleged damages, if any, and Plaintiffs' claims are barred by such prior release of claims or accord and satisfaction.

9.      Further in the alternative, if Plaintiffs have available to them and have received benefits paid by a collateral source for their injuries and damages, if any, Frontier is entitled to a setoff of these amounts against any amount of damages awarded against it, if any, pursuant to the applicable Missouri statute.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court dismiss Plaintiffs' Amended Complaint with prejudice.

### FOURTH AFFIRMATIVE DEFENSE

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

1.      On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2.      On October 17, 2019, Plaintiffs abandoned Count I of their Complaint, which alleged negligence, failure to transport Plaintiffs.

3.      On February 4, 2020, Plaintiffs filed their Amended Complaint

4.      Frontier herewith files its Answer to Plaintiffs' Amended Complaint and denies all allegations of negligence and wrongdoing.

5.      The intentional tortious conduct of certain ticket and gate agents alleged by Plaintiffs was outside the course and scope of their employment with Frontier, if any, and therefore, cannot be attributed to Frontier.

6.      Alternatively, Frontier was not a cause or proximate cause of Plaintiffs' alleged damages. Plaintiffs' alleged damages, if any, were caused in whole or in part, by acts or omissions, including but not limited to, unusual negligent or willful acts or omissions by other persons or entities, named or unnamed, over whom Frontier has no control or right to control.

7.      Alternatively, Plaintiffs' alleged damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable. In the event Frontier is found liable to Plaintiffs, which Frontier expressly denies, Frontier may be entitled to indemnification or

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

contribution from such third parties, or apportionment of liability and fault against such third parties pursuant to applicable law and reserves its right to seek the same.

### RESERVATION OF FURTHER DEFENSES

Defendant FRONTIER AIRLINES, INC. reserves the right to supplement and amend its defenses to this action, including its Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

### JURY DEMAND

Defendant FRONTIER AIRLINES, INC. demands trial by jury.

Date: February 21, 2020                             Respectfully submitted,

**FRONTIER AIRLINES, INC.**

By: */s/David C. Berwin*
One of Its Attorneys
David C. Berwin (Bar No.: 55046)
EVANS & DIXON, L.L.C.
211 North Broadway, Suite 2500
St. Louis, Missouri 63102
Phone: (314) 552-4046
Fax:    (314) 884-4446
dberwin@evans-dixon.com

Brian T. Maye (admitted *pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
          tshelke@amm-law.com

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of the Court and served upon all counsel of record via means of the Notice of Electronic Filing pursuant to Court Operating Rule 27.01.
.

By: */s/David C. Berwin*
David C. Berwin (Bar No.: 55046)

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

FILED

FEB 18 2020

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

FILED
FEB 18 2020
CO. COUNTY
SHERIFF'S OFFICE

| | |
|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  19SL-CC02229-01 |
| Plaintiff/Petitioner:<br>ASHFAQ HUSSAIN SYED<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>W BEVIS SCHOCK<br>7777 BONHOMME STE 1300<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br>FRONTIER AIR LINES, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Other | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   HALLMARK AVIATION SERVICES LP
Alias:
CSC-LAWYERS INCORPORATING
SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101



COURT SEAL OF

ST. LOUIS COUNTY

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

13-FEB-2020
Date

_____
Clerk

Further Information:
GB

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_CSC Lawyers, S.L._____ (name) _designee_____ (title).

☐ other _____.

Served at _350 E. High_____ (address)

in _Cole____ (County/City of St. Louis), MO, on _02-19-2020_ (date) at _800 Am_ (time).

Sheriff _____     By _____
        Printed Name of Sheriff or Server            Signature of Sheriff or Server

(Seal)

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                Date                          Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $   10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-1196**   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - March 16, 2020 - 09:22 AM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

ASHFAQ HUSSAIN SYED, *et al.*,           )
                                          )
      Plaintiffs,                     )
                                          )     Cause No. 19SL-CC02229-01
v.                                        )
                                          )     Div. 17
FRONTIER AIR LINES, INC.,                 )
                                          )
HALLMARK AVIATION SERVICES, L.P.,         )
                                          )

### DEFENDANT HALLMARK AVIATION SERVICES, L.P.'S APPLICATION FOR CHANGE OF JUDGE

      COMES NOW Defendant Hallmark Aviation Services, L.P., by and through undersigned counsel, pursuant to Missouri Supreme Court Rule 51.05, and respectfully requests a change of judge from the Honorable Joseph L. Walsh, III of Division 17 and for transfer of this cause for further proceedings.

HEPLERBROOM LLC

By: */s/  Michael Reda*
MICHAEL REDA            #6184782
mreda@heplerbroom.com
ADAM S. McGONIGLE       #6315569
asm@heplerbroom.com
130 North Main Street
P.O. Box 510
Edwardsville, Illinois 62025
Telephone: (618) 656-0184
Fax: (618) 656-1364
Attorneys for Defendant Hallmark Aviation
Services, L.P.

Electronically Filed - St Louis County - March 16, 2020 - 09:22 AM

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served this 16th day of MARCH, 2020 via the ECF/CM system with the Clerk of the Court and copies will be served electronically on the following:

W. Bevis Schock
wbschock@schocklaw.com
     Attorney for Plaintiff

Thatcher Stone
thatcher@stoneandwoodrowlaw.com
     Attorney for Plaintiff

William Woodrow
will@stoneandwoodrowlaw.com
     Attorney for Plaintiff

David Berwin
dberwin@evans-dixon.com
     Attorney for Frontier Airlines, Inc.

Tara Shelke
tshelke@amm-law.com
     Attorney for Frontier Airlines, Inc.

Brian Maye
bmaye@amm-law.com
     Attorney for Frontier Airlines, Inc.


                */s/ Michael Reda*