Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**IN THE 21ST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| ASHFAQ HUSSAIN SYED, | ) |
| SHELLY RENEE BRANCH, | ) |
| A.M.S., by Next Friend Ashfaq Hussain Syed, and | ) |
| N.G.S., by Next Friend Ashfaq Hussain Syed, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | )   Case No.: 19SL-CC02229-01 |
| | )   Judge Joseph L. Walsh III |
| FRONTIER AIRLINES, INC., | ) |
| | ) |
| *Defendant*. | ) |

**DEFENDANT FRONTIER AIRLINES, INC.'S
AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' AMENDED PETITION**

Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, and for

its Amended Answer and Affirmative Defenses to Plaintiffs' Amended Petition states:

1.      This is an action against Frontier Airlines. Inc. and its local ground contractor,
Hallmark Aviation Services, L.P.  On July 15, 2018 Jerra'Sha Young, a gate agent employed by
Hallmark Aviation, wrongfully removed the four members of Plaintiffs' family from their Frontier
flight, locked them in the jetway, and threatened them about similar treatment that they would
receive the following day for their rebooked flight.  Plaintiffs sue for negligence *per se* for violation
of the Tickets Act, negligent manner of removal from the airplane, intentional tort for removal
from the plane, false imprisonment, and breach of contract.

**ANSWER:**    Frontier admits that Plaintiffs allege negligence *per se* for violation of the Tickets

Act, negligent manner of removal from the airplane, intentional tort for removal from the plane,

false imprisonment, and breach of contract related to an incident that occurred on July 15, 2018.

Frontier denies the remaining allegations contained in Paragraph 1.

2.      Plaintiffs Ashfaq Hussain Syed and Shelly Renee Branch are single individuals
who reside together at 5 Country Club Dr., Fulton, MO, 65251, Callaway County.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 2.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

3.    Plaintiff A.M.S. is an infant child, Date of Birth: December 16, 2016, proceeding by Next Friend Ashfaq Hussain Syed.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3.

4.    Plaintiff N.G.S. is an infant child, Date of Birth: December 16, 2016, A.M.S.'s twin, proceeding by Next Friend Ashfaq Hussain Syed.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4.

5.    A.M.S. and N.G.S. are the natural children of Syed and Branch and reside with them.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5.

6.    Syed and Branch are a mixed-racial couple and Syed is of Middle Eastern complexion and descent.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6.

7.    Syed is a Sergeant First Class in the Missouri Army National Guard.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7.

8.    Syed has a Master's Degree in nuclear engineering and works as a supervisor in the Control Room of the Callaway Energy Center, a nuclear power plant in Callaway County, Missouri, which is owned and operated by Ameren Corporation, a large regional electric utility.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 8.

9.    Frontier Air Lines is a Nevada corporation with its principal place of business in Colorado. Frontier has a place of business in St. Louis County, Missouri. Frontier operates regularly scheduled commercial air service into St Louis County, Missouri multiple times a week,

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

and in this County sells tickets for carriage. Frontier has substantial revenues and expenses in St. Louis County.

**ANSWER:**   Frontier admits only that its principal place of business is in Colorado, that it does

business in St. Louis County, Missouri, and that it operates regularly scheduled commercial flights

into St. Louis, Missouri. Frontier denies the remaining allegations contained in Paragraph 9.

10.   Frontier reached into Missouri and sold Plaintiffs the tickets that form the genesis of this dispute.

**ANSWER:**   Paragraph 10 contains conclusions of law to which no response is required. In the

event a response is deemed required, Frontier denies the allegations contained in Paragraph 10.

11.   Hallmark Aviation Services, L.P., ("Hallmark Aviation"), is a Missouri corporation in good standing.

**ANSWER:**   Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 11.

12.   The injuries suffered by the Plaintiffs arise directly out of the Defendants' conduct at the St. Louis Lambert International Airport which is in St. Louis County, Missouri.

**ANSWER:**   Frontier denies the allegations contained in Paragraph 12.

13.   Plaintiff demands jury trial.

**ANSWER:**   Paragraph 13 contains conclusions of law to which no response is required. In the

event a response is deemed required, Frontier denies the allegations contained in Paragraph 13.

14.   At the time of the incident Hallmark Aviation was a contractor providing gate agent services to Frontier, and was Frontier's agent.

**ANSWER:**   Frontier admits that Hallmark Aviation provided gate agent services to Frontier on

the date of the incident.  Frontier denies the remaining allegations of Paragraph 14.

15.   All actions of Hallmark Aviation were performed:

a.   To serve the business interests of Frontier according to an express or implied agreement, and

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

  b. Frontier either controlled or had the right to control the physical conduct of Hallmark Aviation.

**ANSWER:** Paragraph 15 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 15.

  16. All actions of Hallmark Aviation, as taken through its employees, are attributable to Frontier.

**ANSWER:** Frontier denies the allegations contained in Paragraph 16.

  17. At the time of incident Jerra'Sha Young ("Young") was an employee of Hallmark Aviation.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17.

  18. At all relevant times Young's Actions

  a. Were a part of the work she had been employed to perform,

  b. Were done to serve the business interests of Hallmark Aviation,

  c. Were within the scope and course of her employment by Hallmark Aviation,

  d. Although not specifically authorized by Hallmark Aviation, were done to further the business or interests of Hallmark Aviation under its general authority and direction,

  e. Naturally arose from the performance of Hallmark Aviation's work, and

  f. Were usual customary and expected, that is, foreseeable, but

  g. Were not criminal.

**ANSWER:** Paragraph 18 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 18.

  19. Young was merely using the opportunity afforded by the circumstances to do the harm.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**    Paragraph 19 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 19.

20.    All actions of Young as taken through its employees, are attributable to Hallmark Aviation.

**ANSWER:**    Paragraph 20 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 20.

21.    Because all actions by Young and other employees of Hallmark Aviation are attributable to Hallmark Aviation, and all acts of representatives of Hallmark are attributable to Frontier, all actions of Young and other employees of Hallmark Aviation are attributable to Frontier.

**ANSWER:**    Paragraph 21 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 21.

22.    All Plaintiffs complied in all respects, whether or not material, with all legal and lawful conditions, requirements, ordinances, regulations and other legal and contractual undertaking incumbent upon them in connection with the Frontier Contract of Carriage, and with the rules and ordinances of the authorities at the airport of departure and proposed arrival, and all aircraft placards and crew member instructions.

**ANSWER:**    Paragraph 22 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 22.

23.    On Thursday, July 12, 2018 Branch went on line to Defendant's website and purchased confirmed tickets for the four Plaintiffs to fly one way from St. Louis to Las Vegas, NV, departing on Sunday, July 15, 2018 at 5:59 p.m., Frontier Flight No. F9 87, confirmation No. YB517D.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 23.

24.    Syed and Branch were not certain of their return date and that was why Branch only purchased tickets for one way.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 24.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

25.     Branch selected seats 40D and 40E for herself and Syed. Because the children were under two at the time there was no charge for their travel and they were expected to sit on Syed and Branch's laps.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     The total fee for all four one way tickets was $211.40, which included a $30.00 bag fee for one bag and two $13.00 fees for seats reserved in advance of boarding.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     Branch paid for the trip with a Bank of America credit card.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     The purpose of the trip was for Syed and Branch to get married in Las Vegas, with their children with them, and then to go as a family to see friends on the California coast.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 28.

29.     During the 24 hour period before the flight Branch and Syed checked in and received boarding passes on their phones.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     When Plaintiffs arrived at the check in counter, they encountered Young.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Young, even though and employee of Hallmark Aviation, was acting as an apparent agent for Frontier in that

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

a.  An ordinary careful person would believe that she had authority to perform all acts she did perform, on behalf of Frontier,

b.  Frontier knew or had reason to know of Young's conduct and allowed such conduct, and

c.  Plaintiff's reasonably relied on such conduct of Young at the time.

**ANSWER:**    Paragraph 31 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 31.

32.    Syed handed over his military ID card with his full name: Ashfaq Hussain Syed.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 32.

33.    Young immediately became disagreeable and hostile.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 33.

34.    Branch asked Young to waive the bag fee because the Frontier website offers free luggage for military personnel.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 34.

35.    Young informed Plaintiffs that Syed and Branch would have to pay for the bag, despite the Frontier policy of providing free baggage carriage to military personnel.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 35.

36.    Young then informed Plaintiffs that they could not sit together, despite the fact that Plaintiffs had confirmed seating together.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 36.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

37.    Plaintiff asked why and Young said that if Branch was going to argue and not accept that Branch and Syed could not sit together Plaintiffs would have to cancel their tickets.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 37.

38.    At no time did Young explain her reason for refusing to allow the Plaintiffs to sit together or explain that there was an issue with available oxygen masks for five people seated in a three seat row (the four Plaintiffs plus whoever was in 40F).

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 38.

39.    Young's hostile behavior was especially hard to understand considering that Plaintiffs were traveling with two infant children flying for their first time, as Syed and Branch indicated at the outset of the interaction, and it would be readily apparent to Young or any objectively reasonable person that the family being able to sit together - even if across the aisle - would be a paramount priority for such passengers.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 39.

40.    Young re-assigned Syed to a seat on left side of the plane, approximately 3-5 rows forward of row 40, in a window seat, stating that the new seat for Syed was the closest empty seat.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 40.

41.    Young gave Syed and Branch new paper boarding passes.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 41.

42.    Syed showed Young the children's birth certificates and Young gave Syed boarding passes for the children.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 42.

43.    Young then informed Plaintiffs that as military they could both proceed through the TSA "pre-check" line.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 43.

44.    Plaintiffs went to the pre-check line and the TSA agent stated that although Syed's military ID would allow him in that line, Branch would not be allowed in that line because she lacked military ID or other paperwork to allow use of the pre-check line.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 44.

45.    Syed and Branch observed that the regular TSA line was not crowded so they proceeded to that line and went through security.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 45.

46.    After passing through security, Branch called Frontier customer service to inquire about the seating situation, because they had booked their seating in advance, arrived at the airport with confirmed seats together, and had been given no explanation for why they had been separated.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 46.

47.    The Frontier customer service agent Branch reached on the phone, identity unknown to Plaintiffs, ("the First Frontier Phone Agent") told Branch that she was restoring their previous seat assignments and told Branch to inform Young that she, the First Frontier Phone Agent, had done so.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 47.

48.    The First Frontier Phone Agent said that Frontier routinely booked families with small children who would ride in their parents' lap and there would be no problem.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 48.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

49.    When Plaintiffs arrived at the gate, they observed that Young, the same person with whom they had interacted at the baggage check-in counter, was handling the gate.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 49.

50.    When Branch informed Young that the First Frontier Phone Agent had restored their seat assignments, Young started speaking to her in a loud and irritated voice.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 50.

51.    Young asked, "Who changed your seats?" and Branch told her it was the First Frontier Phone Agent.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 51.

52.    Young then stated: "You will listen to me. I am the one that will tell you where you can sit, and l told you that you will not sit together."

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 52.

53.    Branch was made very uncomfortable by this loud and berating behavior as it was creating a scene in front of the other passengers.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 53.

54.    Branch asked for an explanation of why they could not sit together and Young still provided no explanation.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 54.

55.    Plaintiffs quietly took their seats in the gate waiting area as they wished to avoid further confrontation.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 55.

56.    Plaintiffs pre-boarded as a family at approximately 5:30 p.m.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 56.

57.    Plaintiffs walked down the aisle and approached their originally assigned seats in Row 40.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 57.

58.    At approximately that location a flight attendant confronted them and informed them that she had been made aware about them.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 58.

59.    The flight attendant then told Syed and Branch that they would not be able to sit together.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 59.

60.    Syed asked the flight attendant why they were receiving this treatment, and she informed Plaintiffs that there was an issue with the available oxygen masks with two lap infants.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 60.

61.    Syed and Branch then understood that there was a rational reason for separating them and they abandoned all thoughts and intentions to sit on the same side of the plane in the same row.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 61.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

62.    Syed and Branch were then standing near their original seats, taking care of their children, and stowing their luggage.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 62.

63.    A female passenger sitting in 40F, the window seat on the right side of the plane in Plaintiff's original row, had overheard the conversation about the oxygen masks and she then offered to the flight attendant that she would sit in Syed's reassigned seat so that her seat would be empty, and there would be enough oxygen masks for Plaintiffs family to sit together as four people in one row.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 63.

64.    The flight attendant stated to the woman in 40F "that will not work."

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 64.

65.    The flight attendant left Plaintiffs' immediate area.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 65.

66.    Plaintiffs were still in the area of row 40.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 66.

67.    A passenger then walked toward where Plaintiffs were standing.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 67.

68.    It appeared to Plaintiffs that he was assigned to 39D.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 68.

*Page 12 of 37*

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

69.    Syed asked that passenger if he would swap seats so that this passenger would take the seat approximately row 35 to which Syed was now assigned, so that Syed and one child could sit in closer proximity to Branch and the other child.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 69.

70.    The man good-naturedly agreed, sat down in Syed's assigned seat, and proceeded to put his head back in such a manner that he appeared to be falling asleep.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 70.

71.    At this point, all Plaintiffs were in aisle seats, in adjacent rows, one behind the other, with each adult holding a child in his or her lap, and consequently there was no potential issue with oxygen masks.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 71.

72.    The plane sat at the gate for what seemed an unusually long time.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 72.

73.    The plane was nearly full.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 73.

74.    While waiting for departure Syed and Branch did not witness any passengers make any complaint about them to any crew member.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 74.

75.    Plaintiffs had no interaction with crew during this interval.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 75.

76.    During this interval, Plaintiffs had brief interactions with other passengers who were charmed by the babies and Syed and Branch otherwise exchanged pleasantries with the other passengers, including the fact that it was the family's first flight together.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 76.

77.    A passenger across the aisle asked if she could take a picture of the family on its first flight together and Syed and Branch agreed.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 77.

78.    Branch gave the passenger her phone and the passenger took the picture at approximately 6:07 p.m.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 78.

79.    Branch posted this picture to Facebook at 6:10 p.m.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 79.

80.    Shortly thereafter, Young boarded the plane, marched up to the Plaintiffs, pointed her finger in Syed and Branch's faces, and said: "You and you get your stuff."

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 80.

81.    Syed and Branch, wordlessly complied by getting their carryon items and children together and followed Young down the aisle.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 81.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

82.     When they reached the front of the plane Branch asked Young where they were going and she said: "Off."

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 82.

83.     When Branch asked why, Young informed Syed and Branch that they would be told once they were off the plane.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 83.

84.     As they exited the plane into the jetway area just off the airplane Young remained in the airplane doorway.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 84.

85.     Branch saw another Frontier employee and asked that person to speak to a supervisor.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 85.

86.     Branch recalls that the person stated that she was a supervisor and introduced herself as "Dez." (sp?).

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 86.

87.     "Dez" was on a walkie-talkie assisting with retrieving Plaintiff's stroller out of the plane's baggage hold.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 87.

88.     "Dez" stated in response to an inquiry from Branch that Plaintiffs were being removed from the plane because the "passengers and flight attendants felt uncomfortable with Plaintiffs being on the plane.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 88.

89.    Dez then left the area via the jetway.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 89.

90.    Branch again asked why they were being removed from the flight and Young stated that it was because they had made "the flight attendants and passengers uncomfortable."

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 90.

91.    At this point, Plaintiffs observed Young, the flight attendant and another unidentified employee snickering at them from the open plane door.

**ANSWER:**    Frontier denies the allegations in Paragraph 91.

92.    Plaintiffs pressed the Frontier employees for further explanation but received none.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 92.

93.    A Frontier employee or representative brought Plaintiff's stroller to the area of the jetway where there is a set of stairs to the tarmac.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 93.

94.    Branch began putting the children in the stroller.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 94.

95.    Young then pushed past the Plaintiffs, proceeded up the jet way with Plaintiff following well behind, and closed the jet way's terminal door, leaving Plaintiffs in the jet way.

**ANSWER:**    Frontier denies the allegations in Paragraph 95.

96.    Branch pushed on the terminal jetway door but it would not open.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 96.

97.    Branch went back to the airplane end of the jet way and found that the airplane door was closed.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 97.

98.    At that point Plaintiffs were locked in the jet way tunnel, with a locked door to the terminal on one side and a locked plane door on the other side.

**ANSWER:**    Frontier denies the allegations in Paragraph 98.

99.    Plaintiffs remained locked in this tunnel, and were unable to exit. It was hot, they were sweating, and the babies were screaming. They sat down because of the heat.

**ANSWER:**    Frontier denies the allegations in Paragraph 99.

100.    Frontier controlled the exits of the jet way.

**ANSWER:**    Paragraph 100 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 100.

101.    Syed and Branch understood that it would be unlawful to go out the jetway door leading to the tarmac and did not attempt that method of leaving the jetway.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 101.

102.    While still in the jetway Branch called Frontier customer service by her cell phone and a Frontier customer phone service agent, (the "the Second Frontier Phone Agent"), answered.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 102.

103.    Branch explained the family's circumstances and the Second Frontier Phone Agent said that her records showed that they were on the plane.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 103.

104.    Branch explained that the family was in the jetway.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 104.

105.    The Second Frontier Phone Agent stated that she would get someone to let them out.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 105.

106.    Branch was diagnosed years ago for migraine headaches. Her migraines are sometimes caused by stress.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 106.

107.    Branch began developing a headache, likely a migraine, from the stress.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 107.

108.    A Frontier Employee opened the terminal door to the jetway and standing next to that person was Young.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 108.

109.    The amount of time Plaintiffs and their children were locked in the jetway tunnel is unknown but Plaintiffs estimate a few minutes, approximately 3-10 minutes, and it felt like a very long time.

**ANSWER:**    Frontier denies the allegations in Paragraph 109.

110.    At some point Branch asked the Frontier representatives to retrieve Plaintiffs' luggage.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 110.

111.    The Frontier representatives initially resisted that request due to expected delay, but when Branch explained that her car keys were in the luggage the Frontier representatives complied and Plaintiffs received their luggage.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 111.

112.    Branch then initiated another cell phone call to customer service.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 112.

113.    Branch spoke to a third telephone customer service agent to request that the family's flight be re-booked.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 113.

114.    In the alternative Plaintiff was on hold from the original call and the conversation was a continuation of the call with the Second Frontier Phone Agent- Plaintiff has no clear memory of which it was. (Plaintiff will hereafter refer to this conversation as being with the "Third Frontier Phone Agent").

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 114.

115.    The Third Frontier Phone Agent informed Plaintiffs that an agent on the scene needed to make a computer entry showing them as removed from the flight so that rebooking could take place.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 115.

116.    The only agent on the scene was Young, so Branch asked the Third Frontier Phone Agent if she, Branch, could put her phone on speaker and the Third Frontier Phone Agent agreed.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 116.

117.    A speaker phone conversation ensued between the Third Frontier Phone Agent, Syed, Branch and Young.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 117.

118.    Young initially refused to comply with the Third Frontier Phone Agent's request to change Plaintiff's status from on the flight to off the flight, but eventually, grudgingly, did so, after Third Frontier Phone Agent confronted her and told her it was the least she could do.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 118.

119.    The Third Frontier Phone Agent re-booked Plaintiffs for the next day and the phone call ended.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 119.

120.    As Plaintiffs were walking away, Young was standing with two other individuals, including "Dez", looking at Plaintiff, and Young started making comments to the Plaintiffs. Branch was taking a video at this point. Young said: "Ma'am I didn't even give you permission to record me and that's illegal. See you tomorrow."

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 120.

121.    Plaintiffs ignored this comment and kept walking, at which point Young followed them, walked in front, turned around and stopped them, and said: "I don't think you heard me. I will see you at the gate tomorrow. It's the exact same crew as today." She then smiled widely and walked away.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth

of the allegations contained in Paragraph 121.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

122.     Soon thereafter Syed called customer service and confirmed that it was indeed the exact same crew the next day, at which point he cancelled their flight.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 122.

123.     Syed later went on-line to the feedback page filed a written complaint with Frontier stating the above story in abbreviated form.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 123.

124.     It is not illegal to take videos of flight attendants and/or otherwise take videos on airplanes, 49 U.S.C. 46504.

**ANSWER:**     Paragraph 124 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 124.

125.     In any case Syed and Branch neither took video on the airplane nor harassed flight attendants.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 125.

126.     It is not illegal for customers to trade seats.

**ANSWER:**     Paragraph 126 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 126.

127.     Syed's on-line complaint contains an error in that it suggests that Plaintiffs learned of the issue of too many people in the row for the oxygen masks earlier than they actually received that information.

**ANSWER:**     Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 127.

128.     Syed called Frontier approximately the next day, spoke to "Lisa", told the story, and asked for the family's money back.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 128.

129.    Frontier opened investigation No. 180821-001664.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 129.

130.    Approximately two days later a Frontier representative named Beth called Plaintiff Syed's phone and spoke to Syed and Branch by speaker phone.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 130.

131.    Beth stated that they had investigated the complaint and found that Syed was taking videos after being told by flight attendants to stop, harassing flight attendants, and asking customers to trade seats.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 131.

132.    On August 21, 2019 "Beth" sent an e-mail to Syed stating that he would receive a refund on the credit card ending in 0676.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 132.

133.    Plaintiffs have never received a refund on that card or any other card or by any other method.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 133.

134.    Approximately two months later Branch wrote a Facebook post describing their experience, which generated considerable social media outrage.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 134.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

135.   A number of individuals, including Donna Stern, Branch's mother, contacted Frontier and/or posted on Facebook to complain about Frontier's behavior.

**ANSWER:**   Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 135.

136.   Frontier replied by e-mail to some of those who complained by defending its position.

**ANSWER:**   Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 136.

137.   "Beth", Frontier's investigator, wrote to Branch' s mother, Donna Stern, on September 13, 2018 at 4:49 p.m. and stated:

   a.   The children "were not included on their reservation".
   b.   "The parent who had been reassigned was now back in their (sic) original seat",
   c.   The "parents were not complying with crew member instructions and insisted on flying in a way that could jeopardize safety of flight".
   d.   "They were provided with a refund".

**ANSWER:**   Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 137.

138.   Plaintiffs were not at fault in any way.

**ANSWER:**   Paragraph 138 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 138.

139.   There was no legal justification for Frontier to throw Plaintiffs off the flight or imprison Plaintiffs in the jetway.

**ANSWER:**   Paragraph 139 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 139.

140.   Plaintiffs did not receive the benefit of their contract with Frontier because Frontier did not provide transportation to Plaintiffs' family from St. Louis to Las Vegas on July 15, 2018.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**     Paragraph 140 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 140.

141.     Due to the cancellation of their tickets and the bad experience described herein, among other reasons, Syed and Branch have not yet married.

**ANSWER:**     Frontier denies the allegations that Syed and Branch have not married due to the cancellation of their tickets. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 141.

142.     All Plaintiffs lost the benefits associated with their expected trip to Las Vegas and the west coast.

**ANSWER:**     Frontier denies the allegations contained in Paragraph 142.

143.     Syed and Branch suffered garden variety emotional damages from the loss of the transportation to Las Vegas.

**ANSWER:**     Frontier denies the allegations contained in Paragraph 143.

144.     During the time Plaintiffs were imprisoned in the jetway all four Plaintiffs suffered fear, loss of liberty, uncomfortable conditions, humiliation, indignity, disgrace, stress, embarrassment and, mental suffering.

**ANSWER:**     Frontier denies the allegations contained in Paragraph 144.

145.     Each defendant was negligent and the negligence of each combined with that of the others, and therefore each is liable, although the negligence of any one was not the sole negligence or the sole proximate cause, and although the negligence of one, without such other independent, intervening cause, would not have produced the injury.

**ANSWER:**     Paragraph 145 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 145.

146.     Defendants' conduct in throwing Plaintiffs off the flight, through the actions of Young and other representatives of Defendants, all acting with actual or apparent authority, showed complete indifference to or conscious disregard for harm to others.

**ANSWER:**     Paragraph 146 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 146.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

147. Defendants' conduct in throwing Plaintiffs off the flight and imprisoning Plaintiffs in the jetway, through the actions of Young and other representatives of Defendants all acting with actual or apparent authority, was outrageous because of the Defendants' authorized representatives' evil motives and/or reckless indifference to the rights of Plaintiffs.

**ANSWER:**    Paragraph 147 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 147.

148. Defendants' conduct, through the actions of its authorized agents, from the moment Plaintiffs arrived at the check-in counter until they left the airport, showed complete indifference to and/or conscious disregard for the safety and rights of Plaintiffs.

**ANSWER:**    Paragraph 148 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 148.

149. The "Transparency Improvements and Compensation to Keep Every Ticketholder Safe Act of 2017" or the "TICKETS Act", Public Law No: 115-254, Title IV, Subtitle A, Sec. 425, HR 302, passed by both houses and signed by the president, effective October 5, 2018, ("the statute"), (which is a date after this incident), states in relevant part:

It shall be an unfair or deceptive practice under subsection (a) for an air carrier or foreign air carrier subject to part 250 of title 14, Code of Federal Regulations, to involuntarily deplane a revenue passenger onboard an aircraft, if the revenue passenger –

(A)    is traveling on a confirmed reservation; and
(B)    checked-in for the relevant flight prior to the check-in deadline.

**ANSWER:**    Paragraph 149 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 149.

150. When Defendant expelled Plaintiffs from the airplane, Defendant violated this Act, (although the act was not yet effective).

**ANSWER:**    Paragraph 150 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 150.

### COUNT I – NEGLIGENCE
### Failure to Transport Plaintiffs

**Intentionally Omitted**

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

## COUNT II – NEGLIGENCE PER SE
### Violation of TICKETS Act

151.    Plaintiffs incorporate all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answer to all prior paragraphs.

152.    Plaintiffs checked in prior to the check-in deadline.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 152.

153.    Plaintiffs entered and went to their seats on the airplane as paid passengers with confirmed reservations.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 153.

154.    Defendant forced Plaintiffs to involuntarily deplane.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 154.

155.    The TICKETS Act, albeit enacted into law after this incident, defines the duty of the common carrier to transport paying passengers.

**ANSWER:**    Paragraph 155 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits only those duties imposed by applicable law and denies the remaining allegations contained in Paragraph 155.

156.    Pursuant to the statute under these circumstances it was an unfair or deceptive practice to involuntarily deplane Plaintiffs.

**ANSWER:**    Paragraph 156 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 156.

157.    Defendant, through its authorized representatives, violated the statute.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 157.

158.    Plaintiffs are members of the class of persons intended to be protected by the statute.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**    Paragraph 158 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 158.

159.    The damages outlined above are the kind of damages the statute was designed to prevent.

**ANSWER:**    Paragraph 159 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 159.

160.    The violation of the statute was the cause of Plaintiff's damages.

**ANSWER:**    Paragraph 160 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 160.

161.    Defendant's conduct, through its authorized representatives, showed complete indifference to and/or conscious disregard for harm to others.

**ANSWER:**    Paragraph 161 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 161.

162.    Defendant's conduct, through its authorized representatives, demonstrated conscious negligence tantamount to intentional wrongdoing because Defendant's authorized agents were conscious of their conduct, and, though, in the alternative, having no specific intent to injure, must have been conscious, from their knowledge of surrounding circumstances and existing conditions, that their conduct would naturally or probably result in injury and/or that there was a high probability that their conduct result in injury.

**ANSWER:**    Paragraph 162 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 162.

### COUNT III – FAILURE TO USE HIGHEST DEGREE OF CARE
### Manner of Removal from Plane

163.    Plaintiffs incorporate all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answer to all prior paragraphs.

164.    Once Plaintiffs were on the airplane, Defendants and their agents and employees had a duty as a common carrier to exercise highest degree of care a very careful person would use under the same or similar circumstances for the well-being and treatment of its passengers.

*Page 27 of 37*

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**    Paragraph 164 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits only those duties imposed by applicable law and denies the remaining allegations contained in Paragraph 164.

165.    It was reasonably foreseeable that Defendants and their agents and employees improper treatment of the Plaintiffs in the manner in which they were removed from the plane would result in aggravation, inconvenience, distress, and would deprive them of their family trip.

**ANSWER:**    Paragraph 165 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 165.

166.    Defendants and their agents breached the duty of a common carrier to Plaintiffs by the cruel and callous manner in which they ejected Plaintiffs from the aircraft, including by drawing attention to Plaintiffs as though they were criminals in front of all the passengers heading to Las Vegas, by terrifying Plaintiffs, leaving them in a locked jetway, and intimidating them into cancelling their rescheduled flight.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 166.

167.    As a result, all Plaintiffs suffered monetary damages, inconvenience, embarrassment, and emotional distress from this outrageous conduct, which continue to affect all Plaintiffs.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 167.

## COUNT IV – INTENTIONAL TORT
### Intentional Removal from Plane

168.    Plaintiffs incorporate all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answer to all prior paragraphs.

169.    Defendants, through their authorized representatives, intentionally removed Plaintiffs from the plane.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 169.

170.    At the time there was no statute, law or regulation specifically making unlawful the removal of Plaintiffs from the plane.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**ANSWER:**    Frontier admits the allegations contained in Paragraph 170.

171.    The removal of Plaintiffs from the plane caused Plaintiffs damages as outlined above.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 171.

172.    There was no justification and/or there was insufficient justification for Defendants' removal of Plaintiffs from the plane.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 172.

173.    Defendants' conduct, through their authorized representatives, was outrageous because of Defendants' evil motive or reckless indifference to the safety and rights of others.

**ANSWER:**    Paragraph 173 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 173.

## COUNT V – INTENTIONAL TORT
### False Imprisonment in the Jetway

174.    Plaintiff incorporates all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answer to all prior paragraphs.

175.    By confining Plaintiffs into the overheated jet way with no exit, Young knowingly and unlawfully constrained Plaintiffs and completed restricted their movement without their consent.

**ANSWER:**    Paragraph 175 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 175.

176.    The Plaintiffs were aware that they had been locked in the jetway and were not free to leave, which was a substantial interference with their liberty.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief regarding Plaintiffs' awareness as alleged in Paragraph 176. The remainder of Paragraph 176 contains

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the remaining allegations contained in Paragraph 176.

177.    The actions of Defendants and their agents were reasonably foreseeable in that the actions of Defendant's agents were within the scope of their employment.

**ANSWER:**    Paragraph 177 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 177.

178.    As a result Plaintiffs suffered damages including humiliation, heat duress, mental anguish, and fear for their wellbeing and that of their children.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 178.

179.    Defendants' conduct, through their authorized representatives, was outrageous because of Defendants' evil motive or reckless indifference to the rights of others.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 179.

## COUNT VI – BREACH OF CONTRACT
### Breach of Contractual Duty to Transport Plaintiffs to Las Vegas

180.    Plaintiff incorporates all prior paragraphs.

**ANSWER:**    Frontier incorporates its Answers to all prior paragraphs.

181.    Plaintiffs and Defendant Frontier entered into a contract of carriage to transport Plaintiffs from St Louis, MO to Las Vegas, NV.

**ANSWER:**    Frontier admits the allegations contained in Paragraph 181.

182.    As consideration for this contract, Plaintiffs paid $211.40.

**ANSWER:**    Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 182.

183.    Plaintiffs complied in every way with the conditions of the contract.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 183.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

184.    Under the terms of the contract, Frontier may refuse carriage for a limited set of reasons, none of which were applicable when they refused to carry Plaintiffs.

**ANSWER:**    Paragraph 184 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier admits that under the contract of carriage, Frontier has the right to refuse to provide transportation to persons for various reasons. Frontier denies the remaining allegations contained in Paragraph 184.

185.    By refusing to carry Plaintiffs after they had purchased valid tickets and engaged in a binding contract, Defendant Frontier breached the contract by its refusal to perform.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 185.

186.    As a result, Plaintiffs suffered (a) actual, (b) consequential and (c) benefit of the bargain damages as a direct result of Defendant Frontier's breach, in an amount to be determined at trial.

**ANSWER:**    Frontier denies the allegations contained in Paragraph 186.

## GENERAL DENIAL

Defendant FRONTIER AIRLINES, INC. denies all allegations of Plaintiffs' Complaint which are not specifically admitted above.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Complaint, Defendant FRONTIER AIRLINES, INC. raises and preserves the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

1.    On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence,

negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2.      On October 17, 2019, Plaintiffs abandoned Count I of their Complaint, which alleged negligence, failure to transport Plaintiffs.

3.      On February 4, 2020, Plaintiffs filed their Amended Complaint.

4.      Frontier herewith files its Answer to Plaintiffs' Amended Complaint and denies all allegations of negligence and wrongdoing.

5.      Counts II, III, IV, and V of Plaintiffs' Amended Complaint fail to state claims upon which relief can be granted.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court dismiss Plaintiffs' Amended Complaint with prejudice.

## SECOND AFFIRMATIVE DEFENSE

1.      On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2.      On October 17, 2019, Plaintiffs abandoned Count I of their Complaint, which alleged negligence, failure to transport Plaintiffs.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

3.      On February 4, 2020, Plaintiffs filed their Amended Complaint.

4.      Frontier herewith files its Answer to Plaintiffs' Amended Complaint and denies all allegations of negligence and wrongdoing.

5.      Plaintiffs cannot recover under the Count II of their Amended Complaint because the TICKETS Act of 2018, Pub. L. No. 115-254, 132 Stat. 3186 was not in effect at the time of the alleged incident and does not create a private right of action.

6.      Alternatively, Plaintiffs' claims are preempted, in whole or in part, by federal law.

7.      Further in the alternative, Frontier has complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

8.      Further in the alternative, Plaintiffs' alleged damages, if any, are barred or limited under applicable law, and Plaintiffs have failed to mitigate their damages.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court dismiss Plaintiffs' Amended Complaint with prejudice.

### THIRD AFFIRMATIVE DEFENSE

1.      On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2.      On October 17, 2019, Plaintiffs abandoned Count I of their Complaint, which alleged negligence, failure to transport Plaintiffs.

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

3.       On February 4, 2020, Plaintiffs filed their Amended Complaint.

4.       Frontier herewith files its Answer to Plaintiffs' Amended Complaint and denies all allegations of negligence and wrongdoing.

5.       The respective obligations of Frontier and Plaintiffs are governed by the applicable contract of carriage.

6.       Plaintiffs' claims are barred, in whole or in part, by contractual release, disclaimer, or limitations remedies entered into by Plaintiffs. Alternatively, Plaintiffs' claims are barred or limited pursuant to contract. Further in the alternative, Plaintiffs' claims are waived, in whole or in part, pursuant to contract.

7.       Similarly, Plaintiffs' alleged damages, if any, were caused in whole in part by the assumption of risk, fault, neglect, want of care, or independent, intervening, or superseding acts or omissions or other culpable conduct of Plaintiffs themselves for which Frontier is not responsible.

8.       Alternatively, some or all of Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have already received full satisfaction or compensation for their alleged damages, if any, and Plaintiffs' claims are barred by such prior release of claims or accord and satisfaction.

9.       Further in the alternative, if Plaintiffs have available to them and have received benefits paid by a collateral source for their injuries and damages, if any, Frontier is entitled to a setoff of these amounts against any amount of damages awarded against it, if any, pursuant to the applicable Missouri statute.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court dismiss Plaintiffs' Amended Complaint with prejudice.

**FOURTH AFFIRMATIVE DEFENSE**

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

1.      On May 30, 2019, Plaintiffs Ashfaq Hussain Syed, Shelly Renee Branch, A.M.S., by Next Friend Ashfaq Hussain Syed, and N.G.S., by Next Friend Ashfaq Hussain Syed (collectively "Plaintiffs") filed their six-count Complaint against Frontier alleging negligence, negligence *per se*, "negligence, manner of removal from plane," "intentional removal from plane," false imprisonment, and breach of contract pertaining to an incident that occurred on July 15, 2018 during the boarding of Frontier Flight 87 (St. Louis, Missouri to Las Vegas, Nevada) at St. Louis Lambert International Airport.

2.      On October 17, 2019, Plaintiffs abandoned Count I of their Complaint, which alleged negligence, failure to transport Plaintiffs.

3.      On February 4, 2020, Plaintiffs filed their Amended Complaint

4.      Frontier herewith files its Answer to Plaintiffs' Amended Complaint and denies all allegations of negligence and wrongdoing.

5.      The intentional tortious conduct of certain ticket and gate agents alleged by Plaintiffs was outside the course and scope of their employment with Frontier, if any, and therefore, cannot be attributed to Frontier.

6.      Alternatively, Frontier was not a cause or proximate cause of Plaintiffs' alleged damages. Plaintiffs' alleged damages, if any, were caused in whole or in part, by acts or omissions, including but not limited to, unusual negligent or willful acts or omissions by other persons or entities, named or unnamed, over whom Frontier has no control or right to control.

7.      Alternatively, Plaintiffs' alleged damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable. In the event Frontier is found liable to Plaintiffs, which Frontier expressly denies, Frontier may be entitled to indemnification or

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

contribution from such third parties, or apportionment of liability and fault against such third parties pursuant to applicable law and reserves its right to seek the same.

## RESERVATION OF FURTHER DEFENSES

Defendant FRONTIER AIRLINES, INC. reserves the right to supplement and amend its defenses to this action, including its Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

## JURY DEMAND

Defendant FRONTIER AIRLINES, INC. demands trial by jury.

Date: February 21, 2020                    Respectfully submitted,

**FRONTIER AIRLINES, INC.**

By: */s/David C. Berwin*
One of Its Attorneys
David C. Berwin (Bar No.: 55046)
EVANS & DIXON, L.L.C.
211 North Broadway, Suite 2500
St. Louis, Missouri 63102
Phone: (314) 552-4046
Fax:     (314) 884-4446
dberwin@evans-dixon.com

Brian T. Maye (admitted *pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
            tshelke@amm-law.com

Electronically Filed - St Louis County - February 21, 2020 - 01:54 PM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of the Court and served upon all counsel of record via means of the Notice of Electronic Filing pursuant to Court Operating Rule 27.01.
.

By: */s/David C. Berwin*       
David C. Berwin (Bar No.: 55046)