# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ASHFAQ HUSSAIN SYED, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.:   4:20-CV-00407-AGF |
| ) | |
| FRONTIER AIR LINES, INC., *et al.* ) | |
| ) | |
| Defendant. ) | |

## JOINT PROPOSED SCHEDULING PLAN

Come now Plaintiffs ASHFAQ HUSSAIN SYED, SHELLY RENEE BRANCH, A.M.S, AND N.G.S (collectively "Plaintiffs") and Defendants FRONTIER AIRLINES, INC. ("Frontier") and HALLMARK AVIATION SERVICES, L.P. ("Hallmark") (collectively "Defendants"), each by their respective undersigned counsel, and pursuant to the Court's Order Setting Rule 16 Conference (Doc. #21), submit the following Joint Proposed Scheduling Plan:

    *(a)*    ***Track Assignment.*** The assignment to Track 2 is appropriate.

    *(b)*    ***Date for Joinder of Additional Parties or Amendment of Pleadings.*** August 6, 2020.

    *(c)*    ***Discovery Plan.***

        *(i)*    ***Electronically Stored Information.*** The parties' views diverge about the need for an ESI protocol in this matter. Plaintiffs believe that an ESI protocol is necessary and submit the attached ESI protocol, Ex. A. Defendants, however, maintain that Plaintiffs' claims and Defendants' defenses will not involve significant electronically stored information (ESI) or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form, and that the ESI protocol suggested by Plaintiffs is not proportional to the needs

of the case. (FRCP Rule 26(b)(1)) Defendants object to Plaintiffs' having attached an ESI protocol to this Joint Scheduling Plan and specifically do not agree to the ESI protocol submitted by Plaintiffs. If the Court is inclined to entertain an ESI protocol in this case, Defendants respectfully request an opportunity to submit written briefing on the issue.

   *(ii)* *Agreements Regarding Privileged Information and Work Product.* The parties do not anticipate issues relating to the assertion of privilege or protection of trial-preparation material. An Agreed Protective Order was entered while this matter was pending in the 21st Judicial Circuit Court, St. Louis County, Missouri. (Doc. #7.) However, since Hallmark was not a party to the action at the time, the parties will submit a second Agreed Protective Order to the Court for review and entry.

   *(iii)* *Date for Fed. R. Civ. P. 26(a)(1) Initial Disclosures.* August 21, 2020.

   *(iv)* *Discovery in Phases or Limited to Certain Issues.* The parties do not believe that discovery needs to be conducted in phases or limited to certain issues.

   *(v)* *Experts.* The parties will serially disclose their experts' identities and reports as follows:

   (1) Plaintiffs shall designate all testifying experts and disclose their reports by October 15, 2020. Plaintiffs shall make such experts available for deposition by November 16, 2020.

   (2) Defendants shall designate all testifying experts and disclose their reports by December 16, 2020. Defendant shall make such experts available for deposition by January 29, 2021.

   *(vi)* *Presumptive Limits on Depositions and Interrogatories.* The presumptive limits of 10 depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A) and 25

Interrogatories per party as set forth in Fed. R. Civ. P. 33(a) shall apply in this case. The parties shall meet and confer regarding any discovery which may exceed these limits.

    *(vii)*    ***Physical or Mental Exams.*** Defendants may request examinations of Plaintiffs pursuant to Fed. R. Civ. P. 35. Defendants shall make such requests by October 30, 2020 and complete such examinations by December 16, 2020.

    *(viii)*    ***Completion of Discovery.*** All discovery shall be completed by March 16, 2021.

    *(ix)*    ***Other Matters Pertinent to Completion of Discovery.*** The parties know of no other matters pertinent to discovery in this case.

**(d)  *Referral to Mediation or Early Neutral Evaluation.*** Plaintiffs believe referral to ADR could be productive, but only after completion of written discovery and depositions of the parties. Defendants are amenable to mediation after depositions of Plaintiffs are completed.

**(e)  *Dispositive Motions.*** The parties shall file dispositive motions, including Motions to Dismiss and/or Motions for Summary Judgment, by May 17, 2021. On March 20, 2020, Hallmark filed a Motion to Dismiss and Motion to Strike (Doc. #10, 11). The motion has been fully briefed and is pending before the Court.

**(f)  *Earliest Date for Trial.*** The earliest date by which the case should reasonably be expected to be ready for trial is November 15, 2021.

**(g)  *Length of Trial.*** The parties anticipate that the case will require 3-4 days to try to verdict.

**(h)  *Other Matters.*** The parties know of no other matters which should be included in the Joint Proposed Scheduling Plan.

*[Remainder of page intentionally left blank.]*

| | |
|---|---|
| Date: July 15, 2020 | Respectfully Submitted, |
| **ASHFAQ HUSSAIN SYED SHELLY RENEE BRANCH, A.M.S., and N.G.S.** | **HALLMARK AVIATION SERVICES, L.P.** |
| By:   */s/ W. Bevis Shock*<br>W. Bevis Schock, MO32551<br>7777 Bonhomme Avenue, Suite 1300<br>St. Louis, Missouri 63105<br>Phone: (314) 726-2322<br>Fax: (314) 721-1698<br>wbschock@schocklaw.com | By: */s/*<br>Michael S. Reda, #33591MO<br>HEPLERBROOM LLC<br>211 North Broadway, Suite 2700<br>St. Louis, Missouri 63102<br>Phone: (314) 241-6160<br>Fax: (314) 241-6116<br>mreda@heplerbroom.com |

**FRONTIER AIRLINES, INC.**

By: */s/ Tara Shelke*
Brian T. Maye (IL6288778)
Tara Shelke (IL6303991)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Fax: (312) 345-9860
bmaye@amm-law.com
tshelke@amm-law.com

AND

David C. Berwin (Bar No.: 06281639)
EVANS & DIXON, L.L.C.
211 North Broadway, Suite 2500
St. Louis, Missouri 63102
Phone:      (314) 552-4046
Fax:  (314) 884-4446
dberwin@evans-dixon.com