# ESI SUPPLEMENT TO CASE MANAGEMENT PLAN

To be prepared and submitted as directed pursuant to the Master Case Management Plan or by Court Order.

1. <u>Discovery Scope</u>. Following a detailed discussion between counsel of a discovery plan for this matter, each party should outline below the categories and types of information that party intends to seek in discovery in this matter. This outline should include, in addition to identification of the various topics on which discovery will be sought and identification of the nature and type of documents to be produced, a list by each party of the potentially relevant custodians of such information and the date ranges relevant to discovery in this matter.

   Plaintiff(s):
   *Dates:* from beginning of time to the commencement of trial
   *Nature and Type of Documents*: Without limitation, all email, communications, memos, telephone records, voice mail, calendar entries from any source (including employee telephones), radio transmissions and letters concerning the incidents described in the complaint, the plaintiffs, defendants' employees and supervisors in any manner involved with the incidents described in the complaint, and manuals and handbooks or defendants' on-line guidance addressing the type of incidents described in the complaint.
   *Relevant Custodians*: The defendants, their data storage systems and any offsite ISP's if applicable, including for each defendant a complete data storage and ESI system map and the name and address of the ESI system manager for each Defendant.

   Defendant(s):

2. <u>ESI Sources and Volumes</u>. With regard to the discovery outlined in paragraph 1, each party should discuss the types of ESI (*e.g.*, Outlook e-mail, Word documents, Excel spreadsheets, CAD drawings, etc.) implicated by the opposing party's requests (meaning that Defendant should address the categories and types of information identified by the Plaintiff, etc.), any proprietary software involved in the production of such ESI, the location of such ESI (*e.g.*, 14 servers located in 3 states, 57 individual PC hard drives that are not connected to a central server, etc. as detailed on the ESI storage and system map), and the estimated volume of ESI implicated by such requests (*e.g.*, 20 GB of Outlook .pst files, 500 MB of Excel spreadsheets, etc.).

   Plaintiff(s):

   Defendant(s):

3. <u>Accessibility</u>. Identify any potential sources of ESI in this matter that are "not reasonably accessible" as defined by Fed. R. Civ. P. 26(b)(2)(B).

   Plaintiff(s):

EXHIBIT A

1

Defendant(s):

4. <u>ESI Management Software</u>. Describe the software each party intends to use to manage any ESI produced in this matter and identify the Information Technology personnel primarily responsible for assisting counsel with the production and management of ESI in this matter.

   Plaintiff(s): Outlook and Adobe Acrobat; for telephone messages and voice documents (phone or radio) Google sound

   Defendant(s):

5. <u>Metadata</u>. Identify the potential sources of metadata in this matter and each party's anticipated use of metadata in this matter.

   Plaintiff(s): None

   Defendant(s):

6. <u>ESI Format</u>. Set forth the format in which each party will produce ESI in this matter.

   Plaintiff(s): Outlook and Adobe Acrobat

   Defendant(s): Outlook, Google sound and Adobe acrobat

7. <u>Discovery Sequencing</u>. Have the parties agreed on a plan for the sequencing of discovery in this matter?   No_____ Yes_____

   If yes, please describe such agreements:

   If no, please describe the efforts undertaken to reach agreement and identify the issues that remain outstanding:

8. <u>Search Protocol</u>. Have the parties agreed on any protocol for the identification and review of relevant ESI (*e.g.*, search terms, predictive coding, etc.)? Yes No

   If yes, please describe such agreements, including, if applicable, a list of agreed search terms to be used:

   The parties agree to share search terms in 2 weeks. If no, please describe the efforts undertaken to reach agreement and identify the issues that remain outstanding:

9. <u>Preservation</u>. Describe what efforts each party has undertaken to ensure the preservation of ESI potentially relevant to this matter and identify any unresolved issues pertaining to the preservation of ESI in this matter?

   Plaintiff(s): The Plaintiffs have delivered to counsel all relevant ESI for production.

2

Defendant(s):

Unresolved issues:

10. Cost of Production. Each party should analyze the data provided in paragraph 2 and provide an estimate of the costs associated with production of ESI in this matter:

    Plaintiff(s): $10

    Defendant(s):

11. Cost Allocation/Savings. Describe below the parties' discussions regarding cost-shifting or cost-savings measures in this matter and set forth in detail any agreements reached between the parties in that regard:

12. Discovery Proportionality. Do the parties agree that the discovery of ESI in this matter satisfies the proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C)?   Yes   No

    If no, identify the nature of the dispute:

13. Claw Back Agreement. Have the parties agreed on the following unintentional production "claw back" provision? [YES]

    > In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

    If no, set forth the alternative provision being proposed?

14. Other. Identify all outstanding issues or disputes concerning ESI not otherwise addressed herein.

    Plaintiff(s):

    Defendant(s):