**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ASHFAQ HUSSAIN SYED, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.:   4:20-CV-00407-MTS |
| ) | |
| FRONTIER AIR LINES, INC., *et al.* ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION TO AMEND THE CASE MANAGEMENT ORDER, AND FOR RELIEF FROM ORDER TO FILE NEUTRAL/ADR CONFERENCE REPORT**

Plaintiffs and Defendants (the "parties"), through their respective counsel, move to amend the Case Management Order, Doc. # 25, and seek relief from the Order to file Neutral/ADR conference report, Doc. # 36. In support thereof, the parties state as follows:

1. The parties have been diligent in engaging in written discovery. Both Plaintiffs and Hallmark Aviation seek from Frontier certain documents that have been marked as containing sensitive security information ("SSI"). Under 49 CFR §1520.5 and 49 CFR §1520.9, Frontier is prohibited from producing these documents to Plaintiffs and Hallmark Aviation, unless authorized by the Transportation Security Administration ("TSA"). Because these documents appear to be relevant and discoverable, Frontier favors producing them to the parties and has submitted them to the TSA for an SSI determination. Upon TSA's completion of its SSI determination, Frontier will produce these documents to the parties. At this time, however, it is not known when the TSA will complete its SSI determination. As such, written discovery is underway but cannot yet be completed.

2. Depositions of the Plaintiffs are scheduled for and will occur on Wednesday, October 21, 2021.

3.     Plaintiffs, however, cannot complete the Fed. R. Civ. P. 30(b)(6) depositions of Defendants' designated witnesses until the TSA completes its SSI determination. (Plaintiffs have provided a list of topics to Defendants. The parties have disputes regarding the topics but are optimistic they will be able to work those issues out).

4.     As such, the parties hereby file this Joint Motion to Amend the Scheduling Order (ECF No. 25). They seek to extend the deadlines regarding expert disclosures, Rule 35 examinations, discovery cut-off, completing alternative dispute resolution and filing dispositive motions by approximately six (6) months each. Thus, the parties seek to extend these deadlines as follows:

a. Extend the deadline for Plaintiffs to disclose experts from Oct. 15, 2020 to **April 15, 2021**;

b. Extend the deadline for Defendants to depose Plaintiffs' experts from Nov. 16, 2020 to **May 17, 2021**;

c. Extend the deadline for Defendants to disclose experts from Dec. 16, 2020 to **June 17, 2021**;

d. Extend the deadline for Plaintiffs to depose Defendants' experts from Jan. 29, 2021 to **July 19, 2021**;

e. Extend the deadline for the parties to request physical or mental examinations of parties pursuant to Fed. R. Civ. P. 35 from Oct. 30, 2020 to **April 30, 2021**;

f. Extend the deadline for the parties to complete all discovery from March 16, 2021 to **Sept. 20, 2021**;

g. Extend the deadline for completion of alternative dispute resolution from Oct. 30, 2020 to **April 30, 2021**;

h. Extend the deadline for motions for summary judgment, motions for judgment on the pleadings, and motions under *Daubert* from April 16, 2021 to **Oct. 20, 2021**; and

i. Extend the jury trial date from Sept. 13, 2021 to the trial block starting **March 21, 2022**, or later.

5.	The parties have agreed to mediate this case with the Hon. Mark D. Seigel. The parties initially scheduled the mediation for October 21, 2020. However, due to issues with the availability of the parties on October 21, 2020, the parties are in the process of rescheduling the mediation for December 2020 or January 2021.  The parties believe that mediation is far more likely to be productive after the depositions of the parties.

6.	Finally, this Court recently granted Plaintiffs' Motion for Extension of Time to file the Neutral/ADR conference report to October 19, 2020 (ECF No. 37).

7.	As stated above, the primary reason for this motion is that despite the best efforts of counsel, circumstances beyond their control have adversely affected their ability to conduct discovery that is needed to meet the current deadlines set forth in this Court's July 21, 2020 Order (ECF No. 25). Specifically, it is not known when the TSA will complete its review of the documents marked as SSI. The additional time sought by this motion may allow the parties to complete the above-discussed tasks.

8.	The parties and their counsel are working expeditiously and cooperatively to conduct discovery.

WHEREFORE, the parties pray that this Honorable Court grant their Joint Consent Motion to Amend the Case Management Order and relief from the Order to file the Neutral/ADR conference report.

Respectfully Submitted,

Attorneys for Plaintiff

  /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com

Fax:     314-721-1698
Voice: 314-726-2322

   /s/ Thatcher A. Stone   .
*pro hac vice*
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
thatcher@stoneandwoodrowlaw.com
Fax:     646 873-7529
Voice: 855-275-7378

   /s/ William T. Woodrow   .
*pro hac vice*
Stone & Woodrow LLP
250 West Main St. Suite 201
Charlottesville, VA 22902
will@stoneandwoodrowlaw.com
Fax:     646 873-7529
Voice: 855-275-7378

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 19, 2020 he served this document on:
All counsel of record
The service method was:  electronic filing on David Berwin and Michael Reda, and e-mail on all counsel including *pro hac vice* counsel:

| | |
|---|---|
| David Berwin | dberwin@evans-dixon.com |
| Michael Reda | mreda@heplerbroom.com |
| Tara Shelke | tshelke@AMM-LAW.com |
| Brian T. Maye | bmaye@amm-law.com |

   /s/ W. Bevis Schock   .