## CONFIDENTIAL FULL RELEASE AND SETTLEMENT AGREEMENT

FOR AND IN CONSIDERATION OF the payments and mutual covenants set forth herein, ASHFAQ HUSSAIN SYED, individually, and as the father, guardian and next of friend of A.M.S, a minor, and N.G.S., a minor, and SHELLY R. BRANCH, individually, and for their next of kin, heirs, successors, agents, representatives and assigns thereof ("Releasors"), to the fullest extent allowed by law, expressly intend to release, and by execution of this Confidential Full Release and Settlement Agreement, do hereby release and forever discharge FRONTIER AIRLINES, INC., INDIGO PARTNERS LLC, FRONTIER GROUP HOLDINGS, INC., FRONTIER AIRLINES HOLDINGS, INC., and any firm or corporation, affiliated to, subsidiary to, associated with or under the same management as any corporation herein named as now existing or shall hereafter be created, and ALLIANZ GLOBAL CORPORATE AND SPECIALTY, ALLIANZ GLOBAL RISKS US INSURANCE COMPANY and ALLIANZ AVIATION MANAGERS, LLC, and any and all following insurance carriers and insurance markets as well as their officers, principals, directors, employees, former employees, agents, insurers, attorneys, predecessors, successors and assigns ("Released Parties"), from any and all rights, claims, demands and damages of any kind and nature both in law and in equity, known or unknown, existing or arising in the future, resulting from, arising out of, or in any way related to alleged injuries and/or damages claimed by Plaintiffs in relation to Frontier Airlines Flight 87 from St. Louis Lambert International Airport to Las Vegas, Nevada on July 15, 2018, which is the subject of the lawsuit titled *Ashfaq Hussain Syed, et al. v. Frontier Airlines, Inc., et al.*, case number 4:20-cv-00407-MTS, pending in the U.S. District Court for the Eastern District of Missouri (the "Incident" or "the Litigation").

FOR AND IN CONSIDERATION OF the compromise and full settlement of these various claims, contentions and disputes between and among the parties herein, related directly or indirectly to the Incident, and the full release of all said claims by the Releasors, the Released Parties agree to pay FIVE THOUSAND DOLLARS AND ZERO CENTS ($5,000.00) ("Settlement Funds") each, for a total of TEN THOUSAND DOLLARS AND ZERO CENTES ($10,000.00) in the form of a check or checks payable to "Ashfaq Hussain Syed and Shelly R. Branch, and their attorney, W. Bevis Schock", after receipt of a fully executed and notarized copy of this Confidential Full Release and Settlement Agreement.

IN FURTHER CONSIDERATION OF the payments and mutual covenants set forth in this Confidential Full Release and Settlement Agreement, the parties agree as follows:

A. The parties acknowledge that this settlement has been agreed to solely for the purpose of compromising disputed claims, and any payments made pursuant to this settlement are not to be construed as an admission of liability. The parties desire to settle and resolve all claims in the Incident, including all factually related but unmade claims, known or unknown, and all parties to this Agreement believe that such resolution pursuant to the terms of this Agreement is in the best interests of all parties hereto.

B. Releasors understand and agree that the payments specifically identified and set forth herein are the entire and only consideration for this Confidential Full Release and Settlement Agreement, and it is intended by Releasors and the Released Parties, and each

EXHIBIT 1

of them, that this release shall be complete and shall not be subject to any claim of mistake of fact or law by the Releasors, and that it expresses a full and complete settlement of liability claimed and denied, and that this release is intended to be full, final and complete.

C. As part of the consideration for the payments to Releasors of the amounts hereinabove mentioned, Releasors are releasing all claims, individually, and on behalf of their minor children, including all those for known or unknown, and anticipated or unanticipated, injuries and damages. Releasors recognize and acknowledge that there is a risk that subsequent to the execution of this Confidential Full Release and Settlement Agreement, Releasors and/or their minor children will claim or suffer monetary or other loss, damage, injury or any of these, which are in some way caused by or related to the Incident, but which are unknown and unanticipated at the time this Confidential Full Release and Settlement Agreement is signed, and further, that there is a risk that the damages presently known may be or may become more extensive than Releasors now expect or anticipate. Releasors accept the above-mentioned risk, and this Confidential Full Release and Settlement Agreement shall apply to all unknown and unanticipated results of the Incident as well as those known and anticipated.

D. Releasors further understand and agree that they shall be responsible for the payment of any attorneys' fees and legal expenses (if any), as well as all past, present or future medical, dental, hospital, health care, Medicare, Medicaid, insurance carrier, medical service organization, mental health care, and any other fees and expenses arising from and in connection with any matters related to the Incident, regardless of whether any of said fees and expenses were submitted to the Released Parties for payment. Releasors agree to indemnify and hold the Released Parties harmless from all claims, liens or actions, which arise out of or are in any way related to any damages the Releasors may have sustained in, or as a result of, the Incident, which may be brought against any of the Released Parties, including, but not limited to, claims, liens or actions for payment or reimbursement for attorneys' fees and expenses, hospital or medical expenses, or workmen's compensation or other benefits. Releasors agree that all liens have been or will be satisfied from the proceeds of this settlement.

E. Releasors further agree to defend, indemnify, and hold harmless the Released Parties (including payment of all attorneys' fees, costs, and expenses incurred through counsel of the Released Parties' choice) from all claims, liens or actions, which arise out of or are in any way related to any damages the Releasors and/or their minor children may have sustained in, or as a result of, the Incident, which may be brought against any of the Released Parties, including, but not limited to, claims, liens or actions for payment or reimbursement for attorneys' fees and expenses, hospital, medical and dental expenses, or workers' compensation or other benefits (and including claims based on or involving the Released Parties' own negligence, strict liability, fault or other tort). Releasors agree that all liens have been or will be satisfied from the proceeds of this settlement.

F. ASHFAQ HUSSAIN SYED represents and warrants that he is the legal guardian or other representatives of A.M.S. and N.G.S., and that he is their Next Friend int his litigation,

and that Releasors have provided proof to the Released Parties that they are authorized to execute this Release on behalf of A.M.S and N.G.S. Releasors further acknowledge and understand that they are required to hold, manage or otherwise handle the settlement amount to A.M.S and N.G.S. in accordance with applicable law. Releasors agree to defend, indemnify, and hold harmless the Released Parties, including payment of all attorneys' fees, costs, and expenses incurred through counsel of the Released Parties' choice, against any claim which arises out of or is in any way related to any damages A.M.S and N.G.S. may have sustained as a result of the Incident which may be brought against the Released Parties now or after A.M.S and N.G.S. reach the age of majority or become competent (and including claims for the Released Parties' own negligence, strict liability, fault or other tort).

G.     MEDICARE COMPLIANCE. ASHFAQ HUSSAIN SYED and SHELLY R. BRANCH hereby attest that neither they nor their minor children are currently, and have not been in the past, Medicare-eligible and that no medical expenses arising out of the Incident were submitted to, or paid by or on behalf of Medicare. Releasors acknowledge that if this representation is incorrect, Releasors may be Medicare-eligible beneficiaries and that CMS is or may be entitled to seek and receive recovery for any "conditional" or other payments that have or may have been made for Medicare-eligible claims prior to this settlement, or for any ongoing or future medical or other Medicare-eligible payments subsequent to the settlement. Accordingly, Releasors understand and agree that Medicare will be reimbursed out of these settlement proceeds for any and all payments made in the past or that may be made in the future related to the Incident.

H.     CONFIDENTIALITY. The parties acknowledge and agree that there is a mutual benefit in keeping the terms of this agreement CONFIDENTIAL and that the terms shall not be disclosed by the parties to any person or entity, except as may be expressly required by law and as set forth herein. Releasors hereby agree that the terms and conditions of this Confidential Full Release and Settlement Agreement, including the amount of the settlement, shall not be divulged by Releasors, or by their attorneys, to any person, corporation, firm, partnership, association or entity of any other type, except for: (1) disclosures to her tax and/or financial advisors, provided each of them agree to abide by the confidentiality provisions of this agreement; (2) disclosure as required by any valid legal process, provided Releasors immediately notifies the Released Parties and the Released Parties' counsel of such legal duty or obligation and advise such court of the terms of the confidentiality agreement and the interest of the Released Parties in such agreement; (3) use of this agreement as evidence in a subsequent proceeding in which any of the parties allege a breach of this agreement or as a complete defense to any lawsuit brought by Releasors; and/or (4) to resolve and/or adjudicate liens. The only consideration for the confidentiality of this Confidential Full Release and Settlement Agreement is the mutuality of the promise. The confidentiality of this Confidential Full Release and Settlement Agreement is a material term.

I.      Releasors further agree not to, directly or indirectly, in any capacity or manner, make, express, transmit, speak, write, verbalize or otherwise communicate in any way any remark, comment, message, information, declaration, communication and/or other

statement of any kind, whether verbal, in writing, electronically transferred or otherwise, relating to the Incident that might reasonably be construed to be derogatory, disparaging, critical of, or negative toward any of the Released Parties. Releasors understand and agree that this paragraph is a material provision of this Confidential Full Release and Settlement Agreement and that any breach of this paragraph shall be a material breach of this Confidential Full Release and Settlement Agreement, and that the Released Parties would be irreparably harmed by any violation of this provision. Any breach of this provision by the Releasors will result in the Released Parties pursuing an action for damages sustained as a result of that breach.

J.  Releasors acknowledge that they are executing this Confidential Full Release and Settlement Agreement solely in reliance upon their knowledge, belief and judgment, and not upon any representations made by any party released or others on their behalf.

K.  Releasors represent and warrant that they have not transferred or assigned any of their rights of recovery against the Released Parties and have not reached, prior to the execution of this Confidential Full Release and Settlement Agreement, any separate agreements, pertaining to settlement or otherwise, with any of the Released Parties relating to the Incident.

L.  Releasors acknowledge that they had the opportunity to consult with their own legal counsel with regard to the matters arising out of the Incident and this Confidential Full Release and Settlement Agreement. Releasors attest that they have read and understand the content and legal effect of this Confidential Full Release and Settlement Agreement and have freely and voluntarily executed it.

M.  This Confidential Full Release and Settlement Agreement contains the sole and entire agreement between the parties and supersedes any prior agreement, understanding, or representation, whether written or oral. Any representation, promise, or condition not contained herein, or any modification or amendment hereto, shall not be binding on either party unless set forth in a subsequent written agreement signed by both parties.

N.  All parts of this Confidential Full Release and Settlement Agreement are separate and severable from each other. Should any part of this Confidential Full Release and Settlement Agreement be deemed or declared to be invalid or illegal, Releasors and the Released Parties agree that the validity of other parts or the remainder of this Confidential Full Release and Settlement Agreement shall not be affected thereby.

**The undersigned acknowledge that they have read and understand this Confidential Full Release and Settlement Agreement and that they have freely executed it by signing below.**

Dated this _____ day of _____, 2021.


_____
ASHFAQ HUSSAIN SYED,
as the father, guardian and next friend of

_____

A.M.S, a minor

_____

ASHFAQ HUSSAIN SYED, as the
father, guardian and next of friend of N.G.S.,
a minor

_____

ASHFAQ HUSSAIN SYED, individually

_____

SHELLY R. BRANCH, individually

STATE OF MISSOURI      )
                               ) SS
COUNTY OF _____

     I, _____, a Notary Public in and for said County in the State aforesaid, do hereby certify that ASHFAQ HUSSAIN SYED, and SHELLY R. BRANCH who are personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that they signed, sealed and delivered the said instrument as free and voluntary acts, for the uses and purposes therein set forth.

My seal:                                                          _____